**SEWARD & KISSEL LLP**

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

RITA M. GLAVIN
PARTNER
(212) 574-1309
glavin@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

August 16, 2019

**VIA ECF**

Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

      Re:     <u>United States v. Steven Donziger</u>, No. 19-cr-561 (LAP) [11-cv-691]

Dear Judge Preska:

    I write as special prosecutor in the above-referenced criminal matter to inform the Court that the security that defendant Steven Donziger and his wife provided to secure the $800,000 personal recognizance bond is subject to restraining notices issued pursuant to N.Y. CPLR § 5222, and therefore does not secure the bond.  Absent modification, the restraining notices enjoin transfer of the proposed security, i.e., shares associated with the Donzigers' cooperative apartment, until the $813,602.71 judgment in civil action 11 Civ. 691 against the defendant and others is satisfied.

    I therefore respectfully request that the Court direct that the bond be secured by unrestrained cash or property no later than Friday, August 23, 2019.[1]

    **A. The Bond and Proposed Security**

    On August 6, 2019, the Court set the conditions of the defendant's release, including the condition that the defendant execute an $800,000 personal recognizance bond (the "Bond") co-signed by two (2) financially responsible persons and secured by $800,000 cash or property.  The security condition for the Bond was to be fulfilled by August 13, 2019.

    On August 12, 2019, as security for the Bond, the defendant and his wife filed Affidavits of Confession of Judgment pledging shares in the 245 West 104th Street Housing Corporation where the Defendant and his wife have a cooperative apartment that is subject to a mortgage with Wells Fargo Home Mortgage, Inc.  Their purported interest in the apartment is approximately $800,000, which is the amount of the Bond.

---

[1] I have discussed this issue with defense counsel, who has informed me that the defense will respond and seek an order modifying the restraining notices for the purpose of securing the bond in this criminal matter.

Hon. Loretta A. Preska
August 16, 2019
Page 2

### B. The Restraining Notices on the Property to Secure the Bond

Upon subsequent review of documents filed in the pending civil action against the defendant, 11 Civ. 691, I have learned that: (1) the defendant himself was served with a CPLR § 5222 restraining notice by judgment creditor Chevron Corporation ("Chevron") on or about April 16, 2018 (attached as Exhibit A); and (2) Chevron served CPLR § 5222 restraining notices on or about December 17, 2018 to third parties 245 West 104th Street Housing Corporation and Wells Fargo Home Mortgage, Inc. (attached as Exhibits B and C, respectively).

CPLR § 5222 states in relevant part that "a judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except. . .upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated." See CPLR § 5222(b) and Ex. A; see also Dkt. #2209 in No. 11-cv-691 (May 23, 2019 Memorandum Opinion) at 58-61 (finding defendant in civil contempt for transfers of property made in violation of the April 16, 2018 restraining notice); see also United States v. Ceparano, 2009 U.S. Dist. LEXIS 131257, at *6-8 (discussing the use of restraining notices under CPLR § 5222 to secure property in aid of the enforcement of federal judgments).[2]  Section 5222 restraining notices properly served on third parties who have possession or custody of a judgment debtor's property, such as Wells Fargo Home Mortgage and the 245 West 104th Street Housing Corporation, are similarly "forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property. . . ." CPLR § 5222(b).  Thus, were the defendant to flee in violation of the conditions of his release, the restraining notices prohibit transfer of the pledged shares associated with the Donzigers' apartment.

Accordingly, the Bond security condition has not been satisfied by the confessions of judgment because they purport to pledge property that cannot be transferred absent a court order modifying or limiting the effect of the restraining notices.[3]  I therefore respectfully request that the Court direct that the Bond be secured by unrestrained assets no later than August 23, 2019.

Respectfully submitted,

 s/ Rita M. Glavin           
Rita M. Glavin

Attachments

---

[2] Federal Rule of Civil Procedure 69(a) incorporates state law judgment enforcement procedures, including the use of restraining notices under CPLR § 5222.  Under CPLR § 5222, "the restraining notice serves as an injunction prohibiting the transfer of the judgment debtor's property."  See Matter of Kurland v Agresti, No. 152744/2019, 2019 N.Y. Misc. LEXIS 2294, at *4 (Sup. Ct., N.Y. Cty. May 3, 2019); (quoting Distressed Holdings, LLC v. Ehrler, 113 A.D.3d 111, 116 (2d Dep't 2013)).

[3] Under CPLR § 5240, the defendant may seek a court order "limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure" concerning money judgments.  Thus, the defendant can move the Court to modify the restraining notices, and defense counsel has indicated the defendant will do so.