# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
CHEVRON CORPORATION,

    Plaintiff,

v.                 11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

    Defendants.
------------------------------------- x

## CHEVRON CORPORATION'S RESTRAINING NOTICE TO WELLS FARGO HOME MORTGAGE, INC.

**TO:** Wells Fargo Home Mortgage, Inc.
A Division of Wells Fargo Bank, N.A.
463 Broadway
New York, NY 10013

In the above entitled action in the United States District Court for the Southern District of New York,[1] a supplemental judgment was entered on February 28, 2018 in favor of Chevron Corporation against Steven Donziger, The Law Offices of Steven R. Donziger, Donziger &

---

[1] The parties to this action are Chevron Corporation (Plaintiff) and Defendants Steven Donziger, The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Stratus Consulting, Inc. Douglas Beltman, Anne Maest, Pablo Fajardo Mendoza, Luis Yanza, Frente de Defensa de la Amazonia A/K/A Amazon Defense Front, Selva Viva Selviva Cia, Ltda, Maria Aguinda Salazar, Carlos Grefa Huatatoca, Catalina Antonia Aguinda Salazar, Lidia Alexandra Aguinda Aguinda, Patricio Alberto Chimbo Yumbo, Clide Ramiro Aguinda Aguinda, Luis Armando Chimbo Yumbo, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Patricio Wilson Aguinda Aguinda, Celia Irene Viveros Cusangua, Francisco Matias Alvarado Yumbo, Francisco Alvarado Yumbo, Olga Gloria Grefa Cerda, Lorenzo Jose Alvarado Yumbo, Narcisa Aida Tanguila Narvaez, Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Francisco Victor Tanguilla Grefa, Rosa Teresa Chimbo Tanguila, Jose Gabriel Revelo Liore, Maria Clelia Reascos Revelo, Maria Magdalena Rodriguez Barcenes, Jose Miguel Ipiales Chicaiza, Heleodoro Pataron Guaraca, Luisa Delia Tanguila Narvaez, Lourdes Beatriz Chimbo Tanguila, Maria Hortencia Viveros Cusangua, Segundo Angel Amanta Milan, Octavio Ismael Cordova Huanca, Elias Roberto Piyahuaje Payahuaje, Daniel Carlos Lusitande Yaiguaje, Benancio Fredy Chimbo Grefa, Guillermo Vicente Payaguaje Lusitante, Delfin Leonidas Payaguaje Payaguaje, Alfredo Donaldo Payaguaje Payaguaje, Teodoro Gonzalo Piaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Fermin Piaguaje Payaguaje, Reinaldo Lusitande Yaiguaje, Luis Agustin Payaguaje Piaguaje, Emilio Martin Lusitande Yaiguaje, Simon Lusitande Yaiguaje, Armando Wilfrido Piaguaje Payaguaje, and Angel Justino Piaguage Lucitante.

1

Associates, PLLC, Hugo Gerardo Camacho Naranjo, and Javier Piaguaje Payaguaje, jointly and severally, for the sum of $813,602.71, which remains due and unpaid.

Independent of the $813,602.71 supplemental judgment noted above and for purposes of completeness, in the above entitled action a judgment was entered on March 4, 2014 in favor of Chevron Corporation against Steven Donziger, The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, and Javier Piaguaje Payaguaje that established, *inter alia*, a constructive trust for the benefit of Chevron on all property, whether personal or real, tangible or intangible, vested or contingent, that Steven Donziger, Hugo Gerardo Camacho Naranjo, or Javier Piaguaje Payaguaje have received, or hereafter may receive, directly or indirectly, or to which Steven Donziger, Hugo Gerardo Camacho Naranjo, or Javier Piaguaje Payaguaje, now have, or hereafter obtain, any right, title or interest, directly or indirectly, that is traceable to the Ecuadorian Judgment at issue in the action or the enforcement of that Judgment anywhere in the world. Chevron has requested that the Court order Donziger to transfer an additional $1,525,940 to Chevron pursuant to the constructive trust. The Court has not yet ruled on Chevron's request under the constructive trust.

Under Rule 69 of the Federal Rules of Civil Procedure and CPLR Section 5222, **YOU ARE HEREBY RESTRAINED**, as detailed below.

### RESTRAINING NOTICE

**TAKE NOTICE** that, pursuant to CPLR 5222(b), which is set forth in full herein, you are hereby **FORBIDDEN** to make or suffer any sale, assignment, transfer or interference with any property in which the judgment debtors have an interest, including, but not limited to, shares in 245 West 104th Street Housing Corporation or the proprietary lease associated with 245 West

104th Street, #7D, New York, NY 10011, or pay over or otherwise dispose of any debt owed to the judgment debtors, except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice includes all property in which the judgment debtors have an interest hereafter coming into your possession or custody and all debts of any other person hereafter coming due to the judgment debtors.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

## CIVIL LAW AND PRACTICE RULES

5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or

obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

Dated: December 17, 2018

_____ /JRE
Joel M. Silverstein

The name, address, email address, and telephone number of the attorney representing plaintiff Chevron Corporation, who issues or requests this restraining notice, are:

Joel M. Silverstein
Stern Kilcullen & Rufolo LLC
325 Columbia Turnpike
Florham Park, NJ 07932
(973) 535-2608
jsilverstein@sgklaw.com

4

# EXEMPTION NOTICE

## as required by New York Law

### YOUR BANK ACCOUNT IS RESTRAINED OR "FROZEN"

The attached Restraining Notice or notice of Levy by Execution has been issued against your bank account. You are receiving this notice because a creditor has obtained a money judgment against you, and one or more of your bank accounts has been restrained to pay the judgment. A money judgment is a court's decision that you owe money to a creditor. You should be aware that FUTURE DEPOSITS into your account(s) might also be restrained if you do not respond to this notice.

You may be able to "vacate" (remove) the judgment. If the judgment is vacated, your bank account will be released. Consult an attorney (including free legal services) or visit the court clerk for more information about how to do this.

Under state and federal law, certain types of funds cannot be taken from your bank account to pay a judgment. Such money is said to be "exempt."

DOES YOUR BANK ACCOUNT CONTAIN ANY OF THE FOLLOWING TYPES OF FUNDS?

1. Social security;

2. Social security disability (SSD);

3. Supplemental security income (SSI);

4. Public assistance (welfare);

5. Income earned while receiving SSI or public assistance;

6. Veterans benefits;

7. Unemployment insurance;

8. Payments from pensions and retirement accounts;

9. Disability benefits;

10. Income earned in the last 60 days (90% of which is exempt);

11. Workers' compensation benefits;

12. Child support;

13. Spousal support or maintenance (alimony);

1

14. Railroad retirement; and/or

15. Black lung benefits.

If YES, you can claim that your money is exempt and cannot be taken. To make the claim, you must

      (a) complete the EXEMPTION CLAIM FORM attached;

      (b) deliver or mail the form to the bank with the restrained or "frozen" account; and

      (c) deliver or mail the form to the creditor or its attorney at the address listed on the form.

You must send the forms within 20 DAYS of the postmarked date on the envelope holding this notice. You may be able to get your account released faster if you send to the creditor or its attorney written proof that your money is exempt. Proof can include an award letter from the government, an annual statement from your pension, pay stubs, copies of checks, bank records showing the last two months of account activity, or other papers showing that the money in your bank account is exempt. If you send the creditor's attorney proof that the money in your account is exempt, the attorney must release that money within seven days. You do not need an attorney to make an exemption claim using the form.

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
CHEVRON CORPORATION,                  :
                                      :
          Plaintiff,                  :
                                      :   11 Civ. 0691 (LAK)
     v.                               :
                                      :   **EXEMPTION CLAIM FORM**
STEVEN DONZIGER, et al.,              :
                                      :
                                      :
          Defendants.                 :
------------------------------------- X

NAME AND ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY

ADDRESS A:

Joel M. Silverstein
Stern Kilcullen & Rufolo LLC
325 Columbia Turnpike
Florham Park, NJ 07932


NAME AND ADDRESS OF FINANCIAL INSTITUTION

ADDRESS B:

Wells Fargo Home Mortgage, Inc.
A Division of Wells Fargo Bank, N.A.
463 Broadway
New York, NY 10013


Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. **If you have any documents, such as an award letter, an annual statement from your pension, paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

.................................................................................................................

I state that my account contains the following type(s) of funds (check all that apply):

| | |
|---|---|
| .... | Social security |
| .... | Social security disability (SSD) |
| .... | Supplemental security income (SSI) |
| .... | Public assistance |
| .... | Wages while receiving SSI or public assistance |
| .... | Veterans benefits |
| .... | Unemployment insurance |
| .... | Payments from pensions and retirement accounts |
| .... | Income earned in the last 60 days (90% of which is exempt) |
| .... | Child support |
| .... | Spousal support or maintenance (alimony) |
| .... | Workers' compensation |
| .... | Railroad retirement or black lung benefits |
| .... | Other (describe exemption):_____ |

I request that any correspondence to me regarding my claim be sent to the following address:

..................................................................................................................................

(FILL IN YOUR COMPLETE ADDRESS)

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

..................................................................................................................................

DATE                                                    SIGNATURE OF JUDGMENT DEBTOR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
CHEVRON CORPORATION,

        Plaintiff,

  v.                             11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,       **EXEMPTION CLAIM FORM**

        Defendants.
------------------------------------X

NAME AND ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY

ADDRESS A:

Joel M. Silverstein
Stern Kilcullen & Rufolo LLC
325 Columbia Turnpike
Florham Park, NJ 07932


NAME AND ADDRESS OF FINANCIAL INSTITUTION

ADDRESS B:

Wells Fargo Home Mortgage, Inc.
A Division of Wells Fargo Bank, N.A.
463 Broadway
New York, NY 10013


Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. **If you have any documents, such as an award letter, an annual statement from your pension, paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

..................................................................................................................................

I state that my account contains the following type(s) of funds (check all that apply):

| | |
|---|---|
| .... | Social security |
| .... | Social security disability (SSD) |
| .... | Supplemental security income (SSI) |
| .... | Public assistance |
| .... | Wages while receiving SSI or public assistance |
| .... | Veterans benefits |
| .... | Unemployment insurance |
| .... | Payments from pensions and retirement accounts |
| .... | Income earned in the last 60 days (90% of which is exempt) |
| .... | Child support |
| .... | Spousal support or maintenance (alimony) |
| .... | Workers' compensation |
| .... | Railroad retirement or black lung benefits |
| .... | Other (describe exemption):_____ |

I request that any correspondence to me regarding my claim be sent to the following address:

..............................................................................................................................

(FILL IN YOUR COMPLETE ADDRESS)

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

..............................................................................................................................

DATE                                                        SIGNATURE OF JUDGMENT DEBTOR