**SEWARD & KISSEL LLP**

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

RITA M. GLAVIN
Partner
212-574-1309
glavin@sewkis.com

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

November 13, 2019

**VIA ECF**
Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

Re:     *United States v. Steven Donziger,* No. 19-cr-561 (LAP) [11-cv-691]

Dear Judge Preska:

We write in opposition to defendant Donziger's November 4, 2019 request to modify the conditions of his pretrial release seeking to eliminate home detention and electronic monitoring.

The defense submission includes nothing that warrants altering the release conditions imposed by this Court some three months ago on August 6, 2019, after extensive argument.  The same concerns that the Court cited on August 6 remain: (1) the fact that Donziger is now facing criminal charges with exposure to incarceration; (2) the evidence against Donziger is "very strong;" (3) his past refusal to comply with orders of the court; and (4) Mr. Donziger's ties and extensive travel to Ecuador, which "has less than a reliable system for extradition."  *See* Aug. 6, 2019 Tr. at 27.

The fact that Mr. Donziger has now recruited additional people to serve as potential co-signors to his secured bond does not ameliorate the concerns cited by the Court.  None of the additional potential co-signors can reasonably assure he will appear as required given the unique facts of this case.  Mr. Donziger has always enjoyed support from others, even as he has refused to comply with court orders and engaged in fraud and corruption to obtain a court judgment.[1]

---

[1] Mr. Donziger's fraudulent and corrupt acts to obtain a multi-billion dollar Ecuadorian judgment were extensively documented following a lengthy trial in Judge Lewis A. Kaplan's March 4, 2014 opinion in the civil case 11 Civ. 691.  *Chevron Corp. v. Donziger,* 974 F. Supp. 2d 362 (S.D.N.Y. 2014), *aff'd*, 833 F.3d 74 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2268 (2017).  Those actions included: bribery of the judge; use of a secret bank account to make covert payments to a purportedly independent expert appointed by the court in order to influence that expert's work; witness tampering and obstruction of justice; and making and causing to be made numerous false and misleading representations to various persons and entities.  *See* 974 F. Supp. 2d at 575-600.  Donziger did not challenge any of those factual findings on appeal.  *See* 833 F.3d at 81.  Moreover, in 2018, an international tribunal administered by the Permanent Court of Arbitration in The Hague issued a 521-page decision consistent with Judge Kaplan's findings regarding the fraud and corruption used to obtain the Ecuadorian judgment.  *Matter of Chevron Corp. v. Republic of Ecuador*, PCA Case No. 2009-23, Second Partial Award on Track II (Aug. 30, 2018), Dkt. No. 2082-1, 11 Civ. 691 (LAK).

Hon. Loretta A. Preska
November 13, 2019
Page 2

In addition, Mr. Donziger still willfully refuses to comply with the portion of Judge Lewis A. Kaplan's March 5, 2019 order that forms the basis for Count Two in this criminal case. Specifically, Donziger has not complied with Paragraph 5 of the March 5, 2019 order directing him to turn over his electronic devices to a court-appointed Neutral Forensic Expert so that they can be imaged.  See Dkt. No. 2172 at ¶ 5, 11 Civ. 691.  Paragraph 5 of the March 5, 2019 order has not been stayed or modified, as Mr. Donziger is well aware.[2]  Notably, one of his release conditions is that "[t]he defendant must not violate federal, state, or local law while on release," Dkt. No. 4 at 3, 19 Cr. 561, and the willful violation of a federal court order is a crime.  18 U.S.C. § 401.

Defense counsel's November 4 representation about the devices—i.e., "at my direction, and in an abundance of caution to protect interests in the civil case, images of the devices referred to in Count II of the pending criminal complaint have been made and are secure"—raises even more questions about Donziger's continuing willful contemptuous conduct.[3] Donziger's defiance demonstrates his belief that he is above the law and that only he decides if and how he will abide by court orders.

Mr. Donziger is the same flight risk he presented on August 6, 2019, and there is no basis to disturb this Court's very recent determination that the release conditions of home detention and electronic monitoring will reasonably assure his appearance as required in this case.  To the extent that the Court is inclined to modify the release conditions based upon the defense characterization of the Pretrial Services Officer's position, we request the opportunity to explore the Officer's current position at a hearing.

                      Respectfully submitted,

                        s/ Rita M. Glavin
                      Rita M. Glavin
                      Brian P. Maloney
                      Sareen K. Armani

cc:  Andrew J. Frisch

---

[2] On July 2, 2019, in an order granting in part (and denying in all other respects) Donziger's emergency motion for a stay of fines and sanctions pending appeal, Judge Kaplan specifically stated that Donziger "remains fully obligated to comply" with Paragraph 5 of the March 5, 2019 order directing him to surrender his devices to the Neutral Forensic Expert so that they can be imaged.  Dkt. No. 2254 at 4, 11 Civ. 691.  Yet, Donziger has continued to defy that portion of the order and made no application to the Second Circuit for a stay.  See United States v. United Mine Workers, 330 U.S. 258, 293 (1947) (stating "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings"); United States v. Crawford, 329 F.3d 131, 139 (2d Cir. 2003) ("a party may not challenge a district court's order by violating it") (internal citation omitted).

[3] For example:  Where are the devices subject to Paragraph 5 of the March 5, 2019 order? Why have those devices not been turned over to the Neutral Forensic Expert as directed given that there is no stay or modification of the order? When were the images described by defense counsel made? Who made those images and how? What specific devices were included in this imaging?