## SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

RITA M. GLAVIN
PARTNER
(212) 574-1309
glavin@sewkis.com

901 K STREET, N.W.
WASHINGTON, DC 20005
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

January 3, 2020

**VIA ECF**

Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Steven Donziger*, No. 19-cr-561 (LAP) [11-cv-691]

Dear Judge Preska:

      I write on behalf of the United States in response to the defense's December 31, 2019 letter to the Court.

      With respect to the defense's unsourced claim that a Seward & Kissel LLP ("Seward") law partner "was a member of Chevron's Board of Directors as recently as 2018," that is simply false. Chevron, a publicly-traded company, publishes the members of its Board of Directors in annual reports publicly available on its website and in SEC filings. Attached as Exhibit A are excerpts from Chevron's annual reports for the last 5 years, which contain the names, photos and occupations of the Board members. No Seward law partner's name appears because no Seward partner is or was on the Board, a fact that the defense could easily have verified from public filings.

      With respect to the defense's claim that (a) two Seward clients receive funding from an entity whose Vice Chairman happens to be on the Chevron Board, and (b) a Seward client receives income from Chevron, even if true this creates no conflict or conflicting loyalty for the prosecution team in this criminal case. In that regard, prior to taking on this representation, Seward performed appropriate conflict checks (as it does before taking on any representation). The prosecution team does not have "conflicting loyalties" that "call[] into question the objectivity of those charged with bringing a defendant to judgment." *Young v. United States ex rel. Vuitton Et Fils S.A.*, 481 U.S. 787, 809-10, 813-14 (1987) (holding it was reversible error for a court to appoint counsel for an interested party—i.e., private counsel for the beneficiary of a court order in the underlying civil action—as the criminal contempt prosecutor charging a violation of that court order).

Hon. Loretta A. Preska
January 3, 2020
Page 2

       With respect to the defense's question regarding "the extent to which Judge Kaplan has played or is playing a continuing role in this prosecution," the answer is the same as it was when defense counsel posed that question to the prosecution in a meeting on September 19, 2019: the prosecution does not work for Judge Kaplan and makes its own decisions in this case.

                          Respectfully submitted,

                          *s/Rita M. Glavin*
                          Rita M. Glavin
                          Special Prosecutor

cc: Andrew J. Frisch