```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

       -against-

                                  19 Cr. 561 (LAP)

STEVEN DONZIGER,                 11 Civ. 691 (LAK)

       Defendant.

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Defendant Steven Donziger's request for blanket permission to depart his residence, despite being on home confinement, every day to roam his neighborhood for several hours for any of a number of activities. The request, initially made at the May 18 conference, was discussed in the parties' letters to the Court. (See dkt. nos. 77, 79, 85.) For the reasons set out below, the request is denied.

    As set out in the Prosecutors' letter dated May 26 (dkt. no. 79), they consulted with a Pretrial Services location monitoring specialist (not a "tactician," as Mr. Frisch states)[1] to discuss Mr. Donziger's request. The specialist indicated that "allowing a defendant on home detention with

---

[1] Terming a Pretrial Services location monitoring specialist a "tactician" was the least of the ad hominem insinuations in Mr. Frisch's letter, most of which were directed at opposing counsel. The Court has already heard Mr. Donziger's motion to disqualify the special prosecutor and denied that motion as meritless. Mr. Frisch's impugning the candor and professionalism of the lead prosecutor is not an appropriate or useful manner in which to proceed.

1

electronic monitoring to be outside each day for two hours -- even within a certain radius -- would be unusual absent a specific reason." (Dkt. no. 79 at 1.) The specialist also indicated that for such defendants, "requests to be outside are addressed with their [Pretrial Services] officer on a case-by-case basis." (Id.) That is exactly the terms of Mr. Donziger's home confinement. Mr. Donziger proffered no specific reason for his request, other than the desire to be outside shared by every other defendant who is on home confinement, and, indeed, by the many people in New York City who have sheltered in place over the last several months. There is no reason why Mr. Donziger should be treated any differently from any other pretrial defendant.

Even if the Court's consideration were directed only to Mr. Donziger without consideration of how every other defendant is treated, his request would still be denied. As the Prosecutors point out in their letter, Mr. Donziger has not been fully compliant with the conditions of his release. "Specifically, in March 2020, [Pretrial Services] approved Mr. Donziger's attendance at a specific event at Madison Square Garden with his son. Without informing [Pretrial Services], Mr. Donziger did not go to the event and went someplace in Brooklyn instead." (Id. at 1-2.) This was hardly an unauthorized stop for ice cream on the way home but was a material breach of the

2

terms and conditions of home confinement.  Combined with the Court's multiple previous findings that Mr. Donziger constitutes a flight risk, this incident justifies the Court's concern expressed at the May 18 conference that freedom to roam for several hours a day would create an opportunity to get to an airport and depart the country.  Accordingly, the Court finds that Mr. Donziger has not proffered any specific reason that he should be treated differently from any other pretrial defendant, and, even if he had, his prior material breach of the terms and conditions of his home confinement counsel against making the exception requested.

For the reasons set out above, Mr. Donziger's request to leave his apartment daily without advance permission (dkt. no. 77) is denied.

SO ORDERED.

Dated: June 3, 2020
       New York, New York


_____
LORETTA A. PRESKA, U.S.D.J.