UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -versus-

STEVEN DONZIGER,

        Defendant.

19 Cr. 561 (LAP)

ORDER

---

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Mr. Donziger's letter requesting "copies of any and all invoices submitted by Seward & Kissel" -- the law firm with which the special prosecutors are affiliated -- "to the Southern District of New York for compensation for work performed and expenses incurred th[is] case." (Dkt. no. 93, Ex. A.) After receiving a copy of Mr. Donziger's letter, the Court directed the parties to give their views on the propriety of the invoice request. (Dkt. nos. 93, 96.) In his submission, Mr. Donziger contends, among other things, that disclosure is justified by the presumption of public access to criminal proceedings and the principles outlined in United States v. Suarez, 880 F.2d 626 (2d Cir. 1989). (Dkt. no. 102.) In response, the special prosecutors agreed to disclose the total amount and hourly rates paid to their firm but object to disclosing the invoices on grounds that disclosure "would reveal ongoing work of the prosecutors." (Dkt. no. 95, 106.)

1

The Court agrees that Suarez is on point.  In Suarez, a newspaper company intervened in a criminal case to obtain copies of Criminal Justice Act ("CJA") forms approving government payments for court-appointed counsel and other services for the defendants.  The district court ordered that the forms be disclosed, and the Court of Appeals affirmed, explaining that "a presumption of public access" applies to "documents filed in connection with criminal proceedings" and that "the public has a qualified First Amendment right of access to the CJA forms after payment has been approved."  Suarez, 880 F.2d at 630-31.  In so holding, the Court of Appeals emphasized that the public right of access to criminal proceedings "is not absolute" and must be weighed against the risk of prejudice to the litigants, including, among other things, the risk of improperly disclosing trial strategy or violating work-product protection.  Id.  Those risks were minimal in Suarez, however, given the "narrow" scope of the requested information, which covered only "barebones data" addressing "who was paid, how much and for what services," but not granular descriptions of legal work that is often included in attorney billing time sheets.  See id.[1]

---

[1]   The Court notes that Suarez, unlike this case, involved the disclosure of billing forms used for a CJA appointment rather than a Fed. R. Crim. P. 42(a)(2) appointment.  For present purposes, that is a distinction without a difference.  That the billing documents at issue here are slightly different from those involved in Suarez does not mean they fall outside the

*Continued on following page . . .*

Having reviewed samples of Seward & Kissel's prior invoices for the special prosecutors' work on this case, the Court concludes that disclosure in line with what the Court of Appeals approved in Suarez is appropriate.  For each paid invoice, the special prosecutors shall disclose (i) the invoice cover sheet showing the billing totals; (ii) the page of the billing statement showing "Total Hours," "Total Services," "Total Disbursements," and "Total Amount Due," and redacting any other information from that page, including any itemized time entries or narrative descriptions, as that information risks improperly revealing the prosecution's strategy before trial and thus falls outside the public right of access; and (iii) the final page of the invoice showing the hours, rates, and amount attributable to each individual lawyer.  To the extent the special prosecutors have concerns that producing the invoices in the fashion outlined above would threaten disclosure of trial strategy or

---

*. . . Continued from previous page.*

reach of the presumption of public access.  See, e.g., N.Y. Civil Liberties Union v. N.Y.C. Transit Auth., 684 F.3d 286, 297 (2d Cir. 2012) (noting that the presumption applies to aspects of criminal cases "including judicial records such as videotapes of defendants; pretrial suppression hearings; plea agreements and plea hearings; information on the payment of court-appointed counsel; bail hearings; live voir dire proceedings; and sentencing hearings" (internal citations omitted)).

would otherwise result in prejudice, they may apply to the Court for appropriate relief.

**SO ORDERED.**

Dated:   July 22, 2020          _____
         New York, New York      LORETTA A. PRESKA, U.S.D.J.