

**RICHARD H. FRIEDMAN**
*Attorney at Law... Admitted in AK, CA, KY, NV & WA*
1126 HIGHLAND AVENUE  |  BREMERTON, WASHINGTON 98337  |  P: 360.782.4300  |  F: 360.782.4358  |  WWW.FRIEDMANRUBIN.COM
EMAIL: *rfriedman@friedmanrubin.com*

BREMERTON OFFICE

July 29, 2020

**VIA ECF**
Honorable Loretta A. Preska
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *United States v. Steven Donziger*, No. 19-CR-561 (LAP); 11-CIV-691 (LAK)

Dear Judge Preska:

Please accept this letter in lieu of a more formal motion to continue the trial date, currently scheduled for September 9, 2020, until such time as it may be conducted safely and fairly, and after other highly relevant proceedings have been concluded. There have been several discussions with the prosecution regarding the issues in this letter; to date, the prosecution has taken no position.

Steven Donziger has been under house arrest for almost a year, with no end in sight, in a case where the maximum sentence is six months. He has no incentive to delay these proceedings. Nevertheless, he moves the Court for a continuance of his trial date until he can have a safe and fair trial.

As this Court well knows, the Governor has imposed 14-day quarantine restrictions upon travelers coming from the majority of states.  The criteria for being designated are a seven-day rolling average of positive test cases greater than ten percent, or ten cases or more per hundred thousand people.  Thus, the states placed on the list or removed from it changes daily.  Most relevant to this motion, lead counsel for the defendant, Richard Friedman, lives in Washington State, which was placed on the quarantine list on July 21, 2020, and remains on the list as of this writing.
HTTPS://WWW.GOVERNOR.NY.GOV/NEWS/GOVERNOR-CUOMO-ANNOUNCES-INDIVIDUALS-TRAVELING-NEW-YORK-THREE-ADDITIONAL-STATES-PUERTO-RICO-AND



Hon. Loretta A. Preska
July 29, 2020
Page 2

Mr. Friedman is working pro bono, and with a few minor exceptions, is paying all of the costs and expenses associated with his work on the case.[1] In particular, he will be paying all of his own travel, lodging and eating expenses.

As a result of Executive Order #205, all of the lawyers for Mr. Donziger (with the possible exception of Mr. Garbus) would be required to quarantine in a hotel for 14 days before it would be legal for them to move about in New York. Similarly, many of the witnesses Mr. Donziger would call in his defense would come from outside New York and be required to quarantine for 14 days. This would result in an extraordinary waste of time and money. In fact, this would be so burdensome as to effectively deprive Mr. Donziger of a fair trial.

In addition to problems with counsel, the defense intends to have at least one witness travel from Ecuador for the trial. At present, it appears there are no flights available flying between Ecuador and the United States, and no clear direction from the federal government as to when such flights might resume. Although arrangements cannot be firmed up at this time, it is also the intention of the defense to call several other witnesses from outside the United States—witnesses who would likely also have to be quarantined due to Executive Order #205 or, depending upon the vagaries of the current administration, may not be able to come to the United States at all.

The prosecution will speak for itself on this matter, but we understand they have a material witness, believed to be in his early 70s, who currently resides in Texas. As the Court undoubtedly knows, Texas has seen a dramatic surge in COVID-19 cases, compelling the Governor to reverse earlier opening requirements. The witness is extremely reluctant to fly to New York, and he too would have to quarantine.

Many of the lawyers and witnesses are among those most vulnerable to the COVID-19 virus. There is the very real possibility that one of them traveling from another part of the country or world will contract COVID-19 either while traveling to New York, or while

---

[1] The other members of the defense team are also working for free and with a few minor exceptions, paying all of their own costs and expenses. They are:

Marty Garbus is senior advisor to the defense team. He is 86 years old and has numerous health problems. He presently resides in Massachusetts, although he also has a home in New York City.

Zoe Littlepage is a civil lawyer with no criminal law experience. She resides in Houston, Texas. Ms. Littlepage's mother lives in Barbados. She is seriously ill, and Ms. Littlepage had to charter a private plane to get to her. It is unclear if Ms. Littlepage will be able to leave Barbados anytime within the next few months.

Lauren Regan, a criminal trial lawyer, lives in Eugene, Oregon.



Hon. Loretta A. Preska
July 29, 2020
Page 3

in New York. At that point, the unfortunate lawyer or witness could be stranded, far from home, family and their health care providers.

Mr. Donziger has the right to a public trial. Many in the public who wish to attend will be unable to, either because of the Executive Order or because of the constraints imposed by the Court System in response to the pandemic.

This is a misdemeanor case, where the "crime" alleged is violating civil discovery orders. The 58 year-old defendant has a spotless criminal record, but has had prior lung problems.[2] This is a case that the U.S. Attorney thought was not worthy of his department's resources. It is certainly not worth risking the health or safety of anyone involved.

There are two other procedural matters pending before the Second Circuit that suggest a continuance would be in the interests of justice. First, we have filed a petition for writ of mandamus challenging the appointment of a private prosecutor with strong ties to Chevron and the oil industry. While the outcome of that petition cannot be known at this time, should Mr. Donziger prevail, any guilty verdict would be negated.

Second, as discussed more fully in Mr. Donziger's opposition to the prosecution's motion *in limine,* Dkt. #110, the courts "have consistently held that the necessity for expedition in the administration of the criminal law justifies putting one who seeks to resist the production of desired information to a choice between compliance with a trial court's order to produce prior to any review of that order and resistance to that order, with the concomitant possibility of an adjudication of contempt ***if his claims are rejected on appeal.***" (emphasis added). *United States v. Ryan*, 402 U.S. 530, 402 (1971). While *Ryan* involved a person failing to comply with a court order in a criminal case, the Second Circuit has reached a similar result in civil cases. It has repeatedly held that a party subject to a discovery order may go into contempt and then appeal to challenge that order. *See* cases cited at Dkt. #110, pp. 13-14. None of these cases suggest that a party following this route has engaged in criminal contempt. The relevance of this for the present motion is that there is a pending civil appeal on the civil orders that underly Counts I, II and III. *Chevron Corp. v. Donziger*, Nos. 19-1584 (L), 18-2191, 18-885 (CON) (2d Cir.). The outcome of that appeal may exonerate Mr. Donziger and cause any effort to convict him on these counts to have been wasted. At a minimum, the outcome of that appeal may well suggest to the prosecution that it should not go forward on those counts.

Again, Mr. Donziger and his defense counsel have no incentive or desire to delay these proceedings. Our request is made reluctantly, and consistent with all relevant health advisories.

---

[2] In 2017 Mr. Donziger contracted pneumonia and was bed-ridden for approximately 2 months.



Hon. Loretta A. Preska
July 29, 2020
Page 4

Sincerely,

FRIEDMAN | RUBIN

Richard H. Friedman