## SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK  10004

TELEPHONE:  (212) 574-1200
FACSIMILE:  (212) 480-8421
WWW.SEWKIS.COM

RITA GLAVIN
PARTNER
(212) 574-1309
glavin@sewkis.com

901 K STREET, N.W.
WASHINGTON, DC  20005
TELEPHONE:  (202) 737-8833
FACSIMILE:  (202) 737-5184

August 14, 2020

**VIA ECF**
Honorable Loretta A. Preska
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Donziger*, 19 Cr. 561 (LAP); [11 Civ. 691 (LAK)]

Dear Judge Preska:

We write to respectfully request that the Court schedule a conference to: (1) address the attorney and witness availability issues raised by the defense in their August 12, 2020 reply letter in further support of their application for an indefinite continuance of the trial; and (2) explore the option of conducting an in-person bench trial with a simultaneous live video feed using a software platform such that certain defense attorneys who do not attend in-person may still effectively participate in the trial along with the defense lawyers in the courtroom.  We have discussed this option with two vendors who indicated they have the capabilities to support this kind of proceeding, and they can be available at the Court's convenience to answer questions as well as perform a demonstration for the Court and the defense.  We believe that this type of proceeding, with appropriate procedures in place, could comport with the Constitution and the law.

The defense's August 12, 2020 letter provides some additional information relating to the availability of defense attorneys and defense witnesses.[1]  With respect to Mr. Friedman, who resides in the state of Washington, the concerns he expresses about the September 9 trial date imposed by the 14-day quarantine under Executive Order No. 205 are not currently an issue for him.  On August 11, 2020, the state of Washington was removed from the quarantine list.  Assuming Mr. Friedman's trial assistant also resides in Washington, he need not quarantine either.  With respect to Ms. Regan, whose motion to appear in this case *pro hac vice* was granted on May 28 after the September 9 trial date was set, the 14-day quarantine still does not apply to her.  As for Ms. Littlepage, given the situation with her mother and her stay in Barbados,

---

[1] To the extent this letter does not address other arguments that the defense makes in its August 12 letter, our silence on those arguments does not indicate agreement or a lack of dispute.  Our letter is aimed at addressing the counsel and witness availability issues for the September 9 trial, and the option of a remote trial with procedures that can comport with the Constitution and the law.

allowing her to participate in the trial via videoconference could ensure the defendant has the benefit of her assistance even if she is not physically present in the courtroom.

On the issue of witness availability, the defense cites to unnamed witnesses they plan to call from Iowa, Ecuador, Spain, Texas, California and Canada but offers no insight into each witness, including the nature of their expected testimony, its admissibility or materiality, or whether these are fact or character witnesses.  Remote testimony by defense witnesses can be an option in this bench trial, and inquiry by the Court would be appropriate concerning each of these defense witnesses and the nature of their testimony.  As set forth in our August 5 letter (Dkt. 116), we respectfully request that the Court address witness issues on a case-by-case basis.  There is one subpoenaed prosecution witness who resides in Texas for whom we may make application to allow remote testimony, considering the defense's current position that they object to allowing him to testify remotely.[2]

Given the defense claims about the difficulties for all four out-of-state attorneys of record to attend the September 9 bench trial in person,[3] and claims about some unnamed defense witnesses, we do not believe that a virtual bench trial necessarily runs afoul of the Constitution if appropriate judicial findings are made and procedures can be established consistent with the protection of the defendant's constitutional rights and the law.  At a minimum, Ms. Regan and likely Mr. Friedman could attend the trial in-person, with any other defense lawyers participating remotely.  Our understanding is a vendor can provide hosting services to accommodate in-court and remote participants to ensure their participation in a bench trial.[4]  Accordingly, to the extent that a lawyer chooses not to attend in-person, a system could be set up such that the lawyer would be able to view the proceedings, participate remotely and consult with Mr. Donziger throughout the trial.

Respectfully submitted,

 s/Rita M. Glavin
Rita M. Glavin
Brian P. Maloney
Sareen K. Armani
*Special Prosecutors on behalf
of the United States*

---

[2] This prosecution witness already gave sworn testimony at a February 2019 deposition on the same topics about which he would testify at trial.  Donziger participated in that deposition by telephone.

[3] Understanding that all four out-of-state attorneys of record are working *pro bono* ostensibly because Mr. Donziger cannot afford counsel, we note that Mr. Donziger can always seek able court-appointed CJA counsel if he makes the showing that he lacks adequate resources to pay counsel.  On August 6, 2019, at his initial appearance, Mr. Donziger declined to fill out a financial affidavit relating to appointment of CJA counsel.  *See* Dkt. 18 at 4-5.  The CJA panel attorneys are based in the New York area.

[4] One of the two vendors we consulted with recently hosted a remote bench trial in the District before Chief Judge Colleen McMahon, where the attorneys participated remotely while Judge McMahon was in the courtroom.