# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK  10004

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

RITA GLAVIN
PARTNER
(212) 574-1309
glavin@sewkis.com

901 K STREET, N.W.
WASHINGTON, DC  20005
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

August 24, 2020

**VIA ECF**
Honorable Loretta A. Preska
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *United States v. Donziger*, 19 Cr. 561 (LAP); [11 Civ. 691 (LAK)]

Dear Judge Preska:

We write in response to the Court's August 17, 2020 Order denying the defense request for an indefinite trial continuance and directing counsel to confer "regarding any witness whose testimony they propose to introduce via video and inform the Court by letter no later than August 24 as to how they propose to proceed." Dkt. 124. The prosecution has moved to permit the testimony, via two-way live video, of David Zelman and made a proposal as to how that would proceed. Dkt. 134.

As for the defense, they have not informed the prosecution or the Court of any specific witness whose testimony they propose to introduce via video despite our inquiry to them yesterday. In a letter filed today, the defense stated that it was "somewhat difficult to decide who we need to call" because: (1) the defense is still trying to figure out what videoconference provider will be employed and what is feasible in terms of using that provider to connect with defense witnesses; and (2) "we have not yet received the prosecution's exhibit or witness list." Dkt. 136.

With respect to the defense point regarding needing the prosecution's exhibit and witness list before deciding who they might call, we find this somewhat surprising given the defense's representations in their July 29 and August 12 letters seeking a continuance of the trial date. *See* Dkt. 111 ("many of the witnesses Mr. Donziger would call in his defense would come from outside New York"), Dkt. 119 (*"While not an exhaustive list, I can represent that the defense intends to call as witnesses, two people from Ecuador, one residing in Spain, two from Canada, one from Texas, one from Iowa, and one from California."* (emphasis added)). The defense stated they have specific witnesses they intend to call who resided in certain locations outside of New York state. Before today, the defense did not indicate they needed the prosecution's exhibit

Hon. Loretta A. Preska
August 24, 2020
Page 2

and witness list to make decisions on the witnesses they would propose testify via video.[1]  We understand that the defense witness list could change based on the prosecution's exhibit and witness lists, but the defense knows of some witnesses that they plan to call as of this moment because they already made that representation to the Court.

While we will provide an exhibit list, witness list and 18 U.S.C. § 3500 material to the defense this week, the primary exhibits that the prosecution intends to introduce at trial—*i.e.*, docket entries from 11 Civ. 691 ("Civil Case")—have been described in detail in several prosecution filings, which also describe how those docket entries relate to each of the six charged counts.  *See* Dkt. 40 (Dec. 10, 2019 letter opposing modification of bail conditions), Dkt. 62 (Mar. 24, 2020 opposition to defense pretrial motions), Dkt. 105 (July 15, 2020 motion in limine), Dkt. 134 (Aug. 22, 2020 motion to permit live two-way video witness testimony).  The defense has been on notice for some time about documents the prosecution plans to use to prove its case and what the prosecution theory of the case is.  Because of Mr. Donziger's role in the post-judgment proceedings in the Civil Case, and his decision to repeatedly defy court orders during those proceedings, he is uniquely suited to understand the relevant documents and issues.

The Court made clear in its August 17 order denying a continuance that for those defense witnesses "who are unable to attend trial in-person or whose attendance would be unduly burdensome for COVID-19 related reasons, Mr. Donziger may move to admit his or her testimony via live video, and the Court will consider those applications on a case-by-case basis." Dkt. 124 at 6.  Given the September 9 trial date, the defense should move expeditiously if they seek to admit any witness testimony via video.

Respectfully submitted,

  *s/Rita M. Glavin*
Rita M. Glavin
Brian P. Maloney
Sareen K. Armani
*Special Prosecutors on behalf
of the United States*

---

[1] When we asked the defense yesterday about whether they proposed to introduce any witness testimony via video and the details of that testimony, the defense responded that they needed a "great deal of additional information" before they might propose how to proceed, including seeing how the videoconference demonstration went in the courtroom and whether the technology can work for their witnesses.  No mention was made of needing the prosecution's exhibit and witness lists.