# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK  10004

TELEPHONE:  (212) 574-1200
FACSIMILE:  (212) 480-8421
WWW.SEWKIS.COM

RITA GLAVIN
PARTNER
(212) 574-1309
glavin@sewkis.com

901 K STREET, N.W.
WASHINGTON, DC  20005
TELEPHONE:  (202) 737-8833
FACSIMILE:  (202) 737-5184

August 25, 2020

**VIA ECF**
Honorable Loretta A. Preska
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

  Re: *United States v. Donziger*, 19 Cr. 561 (LAP); [11 Civ. 691 (LAK)]

Dear Judge Preska:

  We write in response to the defendant's August 21, 2020 letter, requesting that the Court: issue an order: (1) requiring the special prosecutors "to disclose any and all direct and indirect communications between [Seward & Kissel LLP] and Judge [Lewis A.] Kaplan or his chambers relating or referring to Mr. Donziger or his cases in the Southern District"; (2) requiring the special prosecutors "to produce all documents of any type, which reflect or refer to any communications, direct or indirect, between [Seward & Kissel LLP] and Judge Kaplan or his chambers"; and (3) requiring this Court to disclose whether any of the special prosecutors' "invoices and related documents…indicate communications between [Seward & Kissel LLP] and Judge Kaplan or his chambers."  Dkt. 131.  These requests should be denied in all respects.

  As a preliminary matter, the defendant cites to no authority in support of this application for disclosure of information from the prosecution or the Court in this criminal contempt case. Discovery in a criminal case is governed by Fed. R. Crim. P. 16, 18 U.S.C. § 3500, and *Brady/Giglio*.  The material sought by the defense falls into none of those categories.  As this Court previously observed in denying the defendant's motion for disclosure of the prosecution's communications with Chevron's attorneys: "Mr. Donziger's speculation that the universe is conspiring against him is not a basis for compelling disclosure."  Dkt. 68 at 24.

  Moreover, at a January 6, 2020 hearing, this Court previously denied a similar defense request for disclosure of information regarding the prosecution's contacts with Judge Kaplan.[1]

---

[1] Contrary to repeated misstatements by the defense—*see e.g.*, 2d Cir. No. 20-464, Dkt. 6-1 at 4 ("Judge Kaplan is making rulings in Mr. Donziger's criminal case"); Dkt. 65 at 13 ("[Judge Kaplan] attempted to create the appearance of recusal, while retaining the right to arrange for his successor and . . . the power to rule in the case as he might choose."); Dkt. 126 ("Judge Kaplan took the position he has not recused himself from any aspect of the contempt

Hon. Loretta A. Preska
August 25, 2020
Page 2

Dkt. 52 (Jan. 6, 2020 Hearing Transcript) at 18.  Defense counsel Andrew Frisch asked for inquiry by the Court to "clarify whether and the extent to which Judge Kaplan has played or is playing a continuing role in this prosecution" (Dkt. 49 at 2) because of a defense concern that the "substance of the prosecutors' contacts with Judge Kaplan. . . may constitute an end-run around settled law that prevented his Honor from himself prosecuting Mr. Donziger."  Dkt. 51 at 4.  We made clear to Mr. Frisch that, while Judge Kaplan appointed our prosecution team and filed the criminal charges in this case pursuant to Fed. R. Crim. P. 42, Judge Kaplan is not prosecuting this case.  Dkts. 50, 52 at 4, 16-17.  We stated at the January 6, 2020 hearing: "the prosecution does not seek Judge Kaplan's input with respect to our prosecution decisions or our strategy, and Judge Kaplan does not weigh in on our prosecution decisions or strategy."  Dkt. 52 at 16-17.  That remains true now.

Finally, with respect to the invoices and the request for discovery from the Court, we note the Court has now ruled twice on defense applications for disclosure of information in the special prosecutors' invoices.  As for what is essentially a request for judicial discovery, the Court has previously stated that to the Court's knowledge "there is no rule of law that entitles a defendant to serve discovery demands on the presiding judge."  Dkt. 68 at 12 n.3.

Accordingly, the defense's application should be denied.

Respectfully submitted,


 s/Rita M. Glavin
Rita M. Glavin
Brian P. Maloney
Sareen K. Armani
*Special Prosecutors on behalf
of the United States*

---

litigation")—Judge Kaplan is not presiding over this criminal case.  As Judge Kaplan explained, after initiating this criminal contempt proceeding pursuant to Fed. R. Crim. P. 42, he *transferred* this case from his docket to this Court pursuant to Rule 14 of the Southern District Rules for the Division of Business Among District Judges ("RDB").  *See* 2d Cir. No. 20-464, Dkt. 28 at 45-47.  The only judge presiding over this case is this Court.