# Seward & Kissel LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

RITA M. GLAVIN
(212) 574-1309
glavin@sewkis.com

901 K STREET, N.W.
WASHINGTON, DC 20005
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

August 25, 2020

**VIA ECF**
Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Steven Donziger*, No. 19-cr-561 (LAP) [11-cv-691 (LAK)]

Dear Judge Preska:

We respectfully submit this letter on behalf of the United States in opposition to the defense applications for reconsideration (Dkts. 130, 132) of this Court's August 17, 2020 denial of their application for an indefinite continuance of the September 9, 2020 trial date (Dkt. 124). The defense reconsideration applications make substantially the same arguments as in their previously denied submissions. *See* Dkts. 111, 119, 120, 122.

The prosecution opposes a continuance of the trial date for the reasons previously set forth in our August 5 and 14 letters (Dkts. 116, 123), as well as for the reasons set forth in this Court's August 17, 2020 decision (Dkt. 124). Particularly pertinent are the Court's findings that the Southern District of New York, which is in Phase II of its COVID-19 Re-Entry Plan, "can now safely accommodate trials open to the public," and that granting the defense request for a continuance presents the real risk that the improvements in health and safety conditions seen in the New York City area could regress "two months or six months or twelve months down the line." *Id.* at 11-12.

The defense's assertion that criminal trials are not being conducted "really anywhere in the country" because of the pandemic (Dkt. 132) is wrong. Notably, on September 14, 2020, we understand that the District Court in the Northern District of Illinois will commence a criminal jury trial with defense attorneys flying to Chicago from New York and London, and defendants flying to Chicago from abroad. *See United States v. Vorley et al.*, 18 Cr. 35 (N.D. Ill.). Indeed, earlier this month that district held a criminal jury trial. *See* Jon Seidel, *'Radically Different' Service for Federal Jurors as Chicago Courthouse Resumes Jury Trials*, Chicago Sun Times (Aug. 4, 2020), https://chicago.suntimes.com/crime/2020/8/4/21354757/radically-different-service-federal-jurors-chicago-courthouse-resumes-jury-trials. With respect to New York state, a criminal bench trial took place in Brooklyn on July 29, 2020, and jury trials are set to resume

upstate.  *See* Anna Choi & Noah Goldberg, *First Brooklyn Trial Since COVID-19 Pandemic Starts Without Jury, Delayed So Defendant Could Get a Mask*, N.Y. Daily News (July 29, 2020), www.nydailynews.com/coronavirus/ny-coronavirus-first-brooklyn-trial-pandemic-bench-trial-no-jury-20200729-fm4b63lyufekddlva2qsy4xbaq-story.html ("Jury trials have also resumed upstate, and a number of bench trials have taken place upstate and in the city."); *see also* Frank G. Runyeon, *NYC's 1st Pandemic Jury Trial: Masks, Murmurs, Wary Jurors*, Law360 (July 28, 2020), www.law360.com/articles/1296334/nyc-s-1st-pandemic-jury-trial-masks-murmurs-wary-jurors (describing the July 28, 2020 resumption of a Bronx jury trial that began on March 4 but was suspended due to the pandemic).  Our understanding is that the Southern District of New York is planning to resume jury trials in October.

While we are not unsympathetic to defense counsel's stated concern about travel, as previously stated in our August 5, 2020 letter, all four out-of-state defense attorneys appeared in this case during the pandemic several months ago knowing full well that they would have to travel to New York for the already scheduled September 9 trial.  *See* Dkt. 116 at 2.  Mr. Friedman and Ms. Regan are able to travel to New York, but do not want to because of "the serious and potentially life-threatening health issues involved in summoning defense counsel." Dkt. 130 at 1.  Other than raising general COVID-19 concerns, defense counsel do not cite to any specific conditions that place them at greater risk if exposed to COVID-19.  Notably, Mr. Friedman—who resides in Washington state and raises concerns about "requiring the defense team to travel across a country reeling from a dangerous pandemic"—has himself travelled internationally during the pandemic.  He communicated to us that he was in Mexico in late May, and once again in July.  While travelling adds risk, particularly for those who are "at-risk" individuals, hundreds of thousands of people are safely flying through U.S. airports every day during this pandemic without being infected by COVID-19.[1]  One of the prosecution witnesses who resides in California has already flown into New York City, arriving last night, and is now in quarantine.

The fact remains that this trial date has been set for some time and each of the four out-of-state defense attorneys entered this case while: (1) COVID-19 was in full swing with no end in sight; (2) the trial date was set for September 9;[2] and (3) travel restrictions were being put into effect around the United States.  Given the conditions in New York now, and the uncertainty going forward, the prosecution requests that the trial date remain September 9.

---

[1] The Transportation Safety Administration reports that on August 20, 2020, there were 772,380 security screenings at U.S. Airports.  *See TSA Checkpoint Travel Numbers for 2020 and 2019*, Transportation Security Administration (last updated Aug. 24, 2020), https://www.tsa.gov/coronavirus/passenger-throughput.

[2] Mr. Friedman attended the May 18, 2020 conference in which this Court adjourned the trial date from June 15, 2020 to September 9, 2020, and made no objection to the September 9 date.

Respectfully submitted,

_____/s/_____

Rita M. Glavin
Brian P. Maloney
Sareen K. Armani
*Special Prosecutors on behalf
of the United States*