

**RICHARD H. FRIEDMAN**
*Attorney at Law... Admitted in AK, CA, KY, NV & WA*
1126 HIGHLAND AVENUE | BREMERTON, WASHINGTON 98337 | P: 360.782.4300 | F: 360.782.4358 | WWW.FRIEDMANRUBIN.COM
EMAIL: *rfriedman@friedmanrubin.com*

BREMERTON OFFICE

August 27, 2020

**VIA ECF**
Honorable Loretta A. Preska
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *United States v. Steven Donziger*, No. 19-CR-561 (LAP); 11-CIV-691 (LAK)

Dear Judge Preska:

    I write in response to Ms. Glavin's August 25, 2020 letter (Dkt. 141) in order to urge you to grant the relief we requested in my August 21 letter (Dkt. No. 131). Ms. Gavin's letter confirms the need for an order which will establish, one way or the other, whether there have been *ex parte* communications between Judge Kaplan and the prosecutors and the content of any such communication.

    Initially, I agree that we have raised this issue several times, in our attempt to receive a definitive answer regarding whether such communications have occurred. The prosecutors have never denied that such contacts have occurred. Instead, Ms. Glavin repeats a carefully worded statement denying only specific types of communications.[1] Regardless of what the prosecution may believe about the propriety of such communications, if they had not occurred and were not occurring, it would have been easy enough to assure Mr. Donzinger of that fact, without qualification. It is fair to assume that those assurances have not been provided because they cannot be provided.

    Judge Kaplan has not recused himself from this case and is still overseeing the civil case against Mr. Donzinger. Pursuant to your previous order, everything filed in this case must also be filed in the civil case. See Dkt. No. 2. As a result, everything in this case is effectively before Judge Kaplan as well. Because the cases are closely related, they can be seen as one inter-related matter, with two judges and three parties. Even if Judge Kaplan recused himself from this criminal case, any communications with any of the parties should be subject to the same standards.

---

[1] Mr. Donzinger is understandably leery of the prosecution's representation because it is carefully limited, relies on subjective assessment of intent, and follows her firm's previous concealment of its relationship with Chevron.



If Judge Kaplan is communicating with the prosecution, this would be an improper *ex parte* communication. *See* Canon 3(A)(4) of the Code of Conduct for United States Judges ("Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers."). Canon 3(A)(4) also requires that the judge notify the parties of the subject matter of any unauthorized *ex parte* communication and allow them an opportunity to respond. *Id.* In addition, the prosecutors have their own ethical obligation to avoid improper *ex parte* conduct. Standard 3-3.3 of the ABA's Criminal Justice Standards for the Prosecution Function provides, "A prosecutor should not engage in unauthorized *ex parte* discussions with, or submission of material to, a judge relating to a particular matter which is, or is likely to be, before the judge." This is not limited to the matter in which the prosecutor is appearing.

Finally, even if Judge Kaplan is not considered a judge in this case, he should not be communicating with or advising the prosecutors of a litigant who is before him in other litigation, as Mr. Donzinger is. The black letter of Canon 1 of the Code of Conduct for United States Judges states, "A Judge should uphold the integrity and independence of the judiciary." The Canon further provides, "A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved." Volunteering as a prosecution advisor even in an unrelated case, even if that case were before an entirely different court, is inconsistent with this fundamental rule. Doing the same in a case that the Judge initiated and has never recused himself from, that seeks criminal penalties against a litigant who is before the Judge on a different matter, clearly conflicts with this principle.

If there have been no communications between Judge Kaplan and the prosecution, this Court has the power to put this matter to rest by granting our request. If there have been such communications, Mr. Donzinger cannot properly litigate issues regarding his due process rights in both this case and the civil case without proper disclosure. The prosecution has identified no substantive reasons that such an order should not be issued.

Thank you for your attention to this matter.

Sincerely,

FRIEDMAN | RUBIN

Richard H. Friedman