UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

STEVEN DONZIGER,

             Defendant.

19-CR-561 (LAP)
11-CV-691 (LAK)

LORETTA A. PRESKA, Senior United States District Judge:

    The Court issues this order to reiterate its findings at the Curcio hearing held on August 24 and 27, 2020, at which the Court disqualified two attorneys on Mr. Donziger's defense team -- Richard Friedman and Zoe Littlepage -- and again ordered that if Mr. Donziger's other counsel -- Martin Garbus and Lauren Regan -- decline to appear in a manner acceptable to him or are unable to act as lead counsel, his former lead attorney, Andrew Frisch, will represent Mr. Donziger at trial beginning on September 9.

**I.  Request for a Curcio Hearing**

    On August 11, 2020, the Government filed a motion asking the Court to hold a hearing consistent with the principles set forth in United States v. Curcio, 680 F.2d 881 (2d Cir. 1982) to examine potential conflicts of interest with respect to Mr. Friedman and Ms. Littlepage.  (Dkt. no. 118.)  Curcio hearings are an outshoot of the Sixth Amendment's guarantee that criminal defendants receive effective assistance of counsel, which

1

includes "the right to representation by conflict-free counsel." United States v. Schwarz, 283 F.3d 76, 90 (2d Cir. 2002) (quoting United States v. Blau, 159 F.3d 68, 74 (2d Cir. 1998)). "Where an attorney suffers from a waivable actual or potential conflict, the district court must conduct a Curcio hearing to determine whether the defendant will knowingly and intelligently waive his right to conflict-free representation." United States v. Arrington, 941 F.3d 24, 40 (2d Cir. 2019).

In its motion, the Government informed that Mr. Friedman and Ms. Littlepage might be conflicted because they represented Mr. Donziger in the civil RICO case underlying this contempt proceeding and that at the upcoming criminal trial, the Government plans to introduce into evidence correspondence from 2014 between Chevron's counsel, Mr. Friedman, Ms. Littlepage, and Mr. Donziger related to Mr. Donziger's alleged noncompliance with the RICO judgment, which forms the basis of two of the contempt charges against Mr. Donziger.  (Dkt. no. 118 at 1, 2-4.)  The Government noted that although it did not plan to call Mr. Friedman or Ms. Littlepage as witnesses at trial, their appearance on the 2014 correspondence might make them unsworn witnesses or impact a defense theory of the case.  (Id. at 2-4.) Accordingly, the Government asked the Court to conduct an inquiry into whether Mr. Friedman and Ms. Littlepage had any conflict based on their involvement in the 2014 correspondence

2

and in the post-judgment proceedings in the civil RICO case and to assess whether their involvement might impact Mr. Donziger's defense at trial.  (Id. at 8.)

On August 17, 2020, Mr. Donziger's attorneys filed a two-sentence response to the Government's request for a Curcio hearing, stating that "[w]hile we do not believe the prosecution has shown a need for such a hearing, we have no objection if the Court wishes to hold one."  (Dkt. no. 125.)

That same day, the Court entered an order directing the parties to appear for a Curcio hearing and, consistent with the practice in this Court, invited the Government to propose questions for the Court to pose to Mr. Donziger as part of the inquiry.  (Dkt. no. 127.)  On August 21, 2020, the Government filed a letter with its proposed Curcio questions.

## II.  Curcio Hearing

The Court held the Curcio hearing on August 24 and 27, 2020.  On the first day of the hearing, the Court asked Mr. Friedman and Ms. Littlepage about the 2014 correspondence and their roles, if any, in the post-judgment civil proceedings underlying Mr. Donziger's contempt charges.  Mr. Friedman and Ms. Littlepage declined to answer those questions on the basis of attorney-client privilege.  The Court concluded, however, that to the extent Mr. Friedman and Ms. Littlepage had any conflict of interest, it was at most a "potential conflict" that

Mr. Donziger could waive if he so chose.  See United States v. Stein, 410 F. Supp. 2d 316, 24 (S.D.N.Y. 2006) (noting that if the court finds that the lawyer only has "a potential conflict, then it may accept a defendant's knowing and intelligent waiver of his right to conflict-free counsel" (quoting United States v. Perez, 325 F.3d 115, 125 (2d Cir. 2003)).  The hearing then adjourned so that Mr. Donziger could consult with independent counsel regarding the waiver question.  When the hearing reconvened on August 27, Mr. Donziger, having consulted with several independent lawyers, stated that "at this time" he could not waive any potential conflicts as to Mr. Friedman and Ms. Littlepage.  Accordingly, the Court disqualified Mr. Friedman and Ms. Littlepage as Mr. Donziger's counsel.

As the Court noted at the August 27 hearing, it harbors serious doubts that Mr. Donziger's decision declining to waive the potential conflict arises from a good faith concern about prejudice to his defense rather than a desire to delay the trial date.  The facts that precipitated the Curcio hearing were not news to Mr. Donziger.  He was there in 2014 when Mr. Friedman and Ms. Littlepage were copied on correspondence in the civil RICO case, and he knows the extent of their involvement, if any, in that proceeding.  As a lawyer, he should have understood what a conflict of interest is and how it might affect his case when

he retained Mr. Friedman and Ms. Littlepage as his criminal defense attorneys.

If Mr. Donziger did not realize the impact of a conflict when he retained Mr. Friedman and Ms. Littlepage, he surely should have realized it last May, when, as Mr. Donziger and his counsel have acknowledged, the Government first mentioned the possible need for a Curcio inquiry to the defense.  Mr. Donziger proceeded with Mr. Friedman and Ms. Littlepage as his counsel nonetheless.  Later on, in July, he voiced no concerns when his then-lead attorney, Andrew Frisch, moved to withdraw and stated that Mr. Friedman would "assume the role as Mr. Donziger's lead counsel" or when the Court granted Mr. Frisch's withdrawal motion on the express condition that it would "not affect the trial date."  (Dkt. no. 99.)  Nor did Mr. Donziger raise concerns when the Government formally requested a Curcio hearing on August 11; much the contrary, his lawyers responded that the Government "has [not] shown a need for such a hearing."  (Dkt. no. 125.)  But now, with trial two weeks away, and in the wake of multiple failed motions from his lawyers to delay trial, Mr. Donziger finally objects to proceeding with Mr. Friedman and Ms. Littlepage as his attorneys.  Given that context, concluding that his waiver decision was based on anything other than delay tactics would strain credulity.

After disqualifying Mr. Friedman and Ms. Littlepage and being told that Mr. Garbus would not attend in person and was purportedly unable to participate by video and that Ms. Regan could not act as lead counsel, the Court directed that if Mr. Donziger's other attorneys did not appear to represent him at trial in a manner acceptable to him, Mr. Frisch would be his trial counsel.  This also does not come as news to Mr. Donziger.  In an order issued on August 24 -- the first day of the Curcio hearing -- the Court stated that "[i]f Mr. Donziger's current counsel decline to attend the long-scheduled trial in person and Mr. Donziger finds that unacceptable, or if Mr. Donziger declines to waive any potential conflict with respect to Mr. Friedman and Ms. Littlepage that the Court might find to exist, the condition on which the Court permitted Mr. Frisch to withdraw as Mr. Donziger's counsel -- i.e., that his withdrawal 'not affect the trial date' -- would not be satisfied, and the Court's order conditionally allowing his withdrawal would be null and void."  (Dkt. no. 138 at 3.)  That potentiality has now come to pass, thereby voiding Mr. Frisch's conditional withdrawal and requiring his appearance as Mr. Donziger's attorney at trial.

At the close of the Curcio hearing, Mr. Donziger argued that Mr. Frisch has two conflicts of interest that barred him from now serving as defense counsel.  First, Mr. Donziger stated

that he and Mr. Frisch have an unresolved dispute about unpaid legal fees that has led to a "lack of trust" between them. Second, Mr. Frisch is counsel of record in an unrelated civil forfeiture case pending before the Court, and Mr. Donziger asserted that Mr. Frisch has concerns about whether his vigorous advocacy on behalf of Mr. Donziger might affect the Court's view of Mr. Frisch or his client in that unrelated civil case.

Treating Mr. Donziger's arguments as a motion to disqualify Mr. Frisch, that motion is denied.  Neither of the issues flagged by Mr. Donziger creates a conflict that would preclude Mr. Frisch from serving as trial counsel.  "There is an actual, relevant conflict of interests if, during the course of the representation, the defendants' interests do diverge with respect to a material factual or legal issue or to a course of action."  United States v. O'Neil, 118 F.3d 65, 71 (2d Cir. 1997) (quoting Cuyler v. Sullivan, 446 U.S. 335, 356 n.3 (1980)).  That is not the case here.  As to the fee dispute, the Court of Appeals has observed that "[t]here is little question that a defendant's failure to pay fees may cause some divisiveness between attorney and client, but we presume that counsel will continue to execute his professional and ethical duty to zealously represent his client, notwithstanding the fee dispute."  Id. at 71 (holding that a fee dispute resulting in a civil collection action against the defendant did not create a

7

conflict). The same holds true with respect to Mr. Frisch's representation of Mr. Donziger. As for Mr. Frisch's other case before the Court, both he and Mr. Donziger should rest assured that the undersigned fully appreciates that attorneys must act as zealous advocates for their clients' positions in all cases and that Mr. Frisch's representation of Mr. Donziger at trial will not in any way color the Court's view in other proceedings.[1] Thus, the Court is satisfied that Mr. Frisch's other case does not create any conflict of interest that would affect Mr. Donziger's trial defense.

### III. Conclusion

For the foregoing reasons and as explained at the Curcio hearing, Mr. Friedman and Ms. Littlepage are disqualified, and if Mr. Garbus and Ms. Regan decline to appear at trial or the circumstances of their appearance are unacceptable to Mr. Donziger or they are not in a position to act as lead counsel, Mr. Frisch will represent Mr. Donziger at trial commencing on September 9.

**SO ORDERED.**

Dated:  August 28, 2020                    _____
        New York, New York                 LORETTA A. PRSEKA, U.S.D.J.

---

[1] In any event, if Mr. Donziger's argument were extended to its logical conclusion, each lawyer or law firm would be limited to a single case at a time before any given judge in the district. That cannot be the law.