# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK  10004

TELEPHONE:  (212) 574-1200
FACSIMILE:  (212) 480-8421
WWW.SEWKIS.COM

RITA GLAVIN
PARTNER
(212) 574-1309
glavin@sewkis.com

901 K STREET, N.W.
WASHINGTON, DC  20005
TELEPHONE:  (202) 737-8833
FACSIMILE:  (202) 737-5184

September 1, 2020

**VIA ECF**
Honorable Loretta A. Preska
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *United States v. Donziger*, 19 Cr. 561 (LAP); 11 Civ. 691 (LAK)

Dear Judge Preska:

  We write on behalf of the United States in response to defendant Steven Donziger's August 31, 2020 letter requesting that the defendant be allowed to call thirty-three witnesses[1] "via online videoconferencing." Dkt. 153 at 1.  Because the defense offers no explanation as to why these witnesses should be allowed to testify remotely, or a proposed procedure for such testimony to ensure the sanctity of the criminal proceedings, the defense request should be denied without prejudice to renewal upon providing more information to the Court.

  On August 17, 2020, this Court addressed the issue of defense witnesses testifying via live video and directed:

> For any defense witness who is unable to attend trial in-person or whose attendance would be unduly burdensome for COVID-19 related reasons, Mr. Donziger may move to admit his or her testimony via live video, and the Court will consider those applications on a case-by-case basis.

Dkt. 124 at 6.  The defendant has not followed the Court's direction.  Because "[t]here is a strong preference for live testimony," *United States v. Int'l Bus. Machs. Corp.*, 90 F.R.D. 377, 381 (S.D.N.Y. 1981), and the defendant has the tool of compulsory process under Fed. R. Crim. P. 17 to secure live witness testimony at trial, if the defense wants to present witness testimony remotely, the defense must explain why the circumstances of the witness should override the strong preference for live testimony.  *Cf. United States v. Buck*, 271 F. Supp. 3d 619, 623-24 (S.D.N.Y. 2017) (denying defense application to present trial testimony from witnesses in

---

[1] Nine of the thirty-three witnesses reside in a foreign country.  Nine reside in New York, NY.

Hon. Loretta A. Preska
September 1, 2020
Page 2

Switzerland via videoconference where the defense did not show that the witnesses were "unavailable" and their testimony was material, and due to lack of extradition the witnesses' testimony "may essentially be free of any penalty of perjury, calling into doubt the reliability of any of the potential testimony"); *United States v. Banki*, No. 10-cr-08, 2010 U.S. Dist. LEXIS 27116, *7-8 (S.D.N.Y. Mar. 23, 2010) (denying defense application to present trial testimony via video from witnesses in Iran, given that the United States has "no diplomatic relations with Iran and no means to extradite even U.S. citizens residing within its borders" and the "oath becomes nothing more than an empty recital"); *United States v. Smith*, No. 09-cr-100, 2010 U.S. Dist. LEXIS 138131, at *5 (W.D.N.C. Dec. 16, 2010) (permitting out-of-state defense witness to testify via videoconference, where the remote testimony would be provided at a federal courthouse in the state where the witness resided, a court employee would swear in the witness and remain in the room with the witness during their testimony, and the defense was "to make all necessary arrangements for such videoconferencing" and "any difficulties experienced in the technology at either location are borne at their own risk"); *United States v. Guild*, No. 07-cr-404, 2008 U.S. Dist. LEXIS 3605, at *7 (E.D. Va. Jan. 17, 2008) ("Defendant must demonstrate that this is a situation of compelling circumstances where there is good cause for the Court to allow videoconferencing and that there are measures in place to safeguard the important interests at stake in criminal proceedings.").[2]  Thus, absent more information about each witness, the defense application should be denied.

Finally, the defense "proposes that Trial Graphix, one of the vendors who provided demonstrations to the Court and the parties on August 24, 2020 would be suitable" for calling each of the thirty-three defense witnesses identified at this time for online videoconferencing.[3] Dkt. 153 at 3.  Should the Court permit the defense to present witness testimony via videoconference, and the defense wishes to use an outside vendor for the videoconferencing, the defense should be responsible for retaining that outside vendor.  We informed the defense last week that, after seeing demonstrations of the S.D.N.Y. in-house videoconferencing system and the systems offered by two outside vendors, the prosecution believes that the S.D.N.Y. in-house system is appropriate to use for this trial.  While we have no objection to the videoconference systems offered by either of the outside vendors as an alternative to the in-house system available in the S.D.N.Y., the defense should be responsible for making any arrangements with an outside vendor in light of our view that the S.D.N.Y. in-house system is suitable for trial.  We informed the defense of our position last week and provided the contact information for those two vendors should the defense wish to use an alternative videoconferencing system.

---

[2] In *Guild*: "United States Consular Officers will be available in the remote locations where the witnesses are being videotaped.  These persons will be available to swear the witnesses and provide an assurance that the proceedings maintain the appropriate level of formality and accuracy." *Id.* at *9.  Further, "Defendant has agreed to assume the cost and responsibility for procuring and implementing the videoconferencing technology and for ensuring that appropriate safeguards are in place to protect the sanctity of the criminal proceedings."  *Id.* at *10.

[3] The defense did not confirm that their list "contains all the names" of witnesses that the defense proposes to call for remote testimony.  Dkt. 153 at 1.

Hon. Loretta A. Preska
September 1, 2020
Page 3

                                    Respectfully submitted,

                                    _____/s/_____
                                    Rita M. Glavin
                                    Brian P. Maloney
                                    Sareen K. Armani
                                    *Special Prosecutor on behalf*
                                    *of the United States*