UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

United States of America,

       - against -                                       19-CR-561 (LAP)
                                                      11-CV-691 (LAK)

Steven Donziger,

                          Defendant.

------------------------------------------------------------------ x

                  <u>REDACTED DECLARATION OF ATTORNEY ANDREW J. FRISCH</u>

        Andrew J. Frisch declares pursuant to 28 U.S.C. § 1746 as follows:

                                        <u>Introduction</u>

        1.        I am an attorney duly admitted to practice and in good standing before the courts of the States of New York (1985) and California (1993), the Supreme Court of the United States, the United States Courts of Appeal for the Second and Tenth Circuits, and the United States District Courts for the Southern and Eastern Districts of New York and the District of Connecticut.  I served as an Assistant United States Attorney for the Eastern District of New York from 1995 to 2006.  I have never been the subject of any disciplinary proceeding or professional complaint.

        2.        I have received notice of the Court's *sua sponte* reinstatement of me as counsel to Steven Donziger, as well as the Court's order of August 28, 2020 (Docket No. 149, the "Order"), directing me to represent Mr. Donziger at his trial scheduled to begin on September 9, 2020.  The Order followed a notice to me, issued on August 24, 2020, advising me that the Court might require me to re-appear in this case and represent Mr. Donziger at trial (Docket No. 138, the "Notice").

3. I respect the Court's interest in moving Mr. Donziger's case to trial as scheduled, and I am also mindful of my professional and ethical obligations. Upon receiving the Notice, I began consulting several professional colleagues at great length. These consultations continued after I received the Order and the Court's reinstatement of me as counsel to Mr. Donziger. I have asked a colleague, Harlan Protass, to represent me in responding to the Order because of the difficult position in which I find myself.

4. As I explain in greater detail below, I respectfully advise the Court unequivocally that it is untenable for me to represent Mr. Donziger at trial. My relationship with Mr. Donziger and our ability to communicate constructively are beyond repair. Fundamental disagreements would render my representation of him at trial unreasonably difficult. I also believe that my representation of Mr. Donziger at trial might violate his Sixth Amendment right to effective assistance of counsel.[1]

5. I fully recognize the importance of this issue to the Court and Mr. Donziger. I reach the foregoing conclusions only after very lengthy consultations with many experienced colleagues and my own substantial reflection and deliberation.

6. My understanding is that courts and ethics committees have concluded that, when an attorney seeks to withdraw from representing a client, and information supportive of such a motion might prejudice the client, the attorney should move to withdraw without specifically stating the grounds for withdrawal. *See, e.g.*, N.Y. State Bar Assn Committee of Professional Ethics Opinion 645 at 4 n.4 (1993).

---

[1] For a variety of reasons, I could not practically represent Mr. Donziger at a trial beginning on September 9, 2020, but I am not seeking an adjournment because I do not believe I can effectively represent him no matter the date.

7.      I am concerned with disclosing the specifics of the breakdown of my relationship with Mr. Donziger, even *ex parte* and under seal, because he is awaiting a trial before this Court in which your Honor will be the finder of fact and law.  I respectfully submit that, in such a context, the disclosure of any of my privileged communications with Mr. Donziger would risk significant impairment of his defense and might even impact your Honor's ability to preside as finder of fact and law.  I have briefed Mr. Protass on the details of the breakdown of my relationship and my fundamental disagreements with Mr. Donziger.  Mr. Protass has advised me that he agrees that I cannot responsibly or ethically represent Mr. Donziger in any capacity and certainly not at a trial.

Applicable Legal Standards

8.      Rule 1.16 of the New York Rules of Professional Conduct provides for permissive withdrawal when representation of a client has become unreasonably difficult for an attorney to discharge his duty effectively.  The existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing a client.  *Kariman v. Time Equities, Inc.*, No. 10 Civ. 3773 (AFH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (noting an attorney-client relationship "that is beyond repair") (internal quotation marks omitted); *United States v. Lawrence Aviation Indus.*, No. 06-CV-4818 (JFB) (ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) ("It is well settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry our [such] employment effectively") (internal quotation marks omitted); *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) (a "breach in trust or challenged loyalty may also provide a reason to withdraw").

<u>My Representation of Mr. Donziger Going Forward is Untenable</u>

9. My attorney-client relationship with Mr. Donziger was in jeopardy long before July 4, 2020, when I moved for withdrawal, and for reasons having nothing to do with my fees; our disagreements were longstanding. On at least three specific occasions between February and early June 2020, I expected my attorney-client relationship with Mr. Donziger to end for reasons having nothing to do with fees. There are reasons why I specifically recall these three occasions: (a) there are relevant emails; and (b) I specifically remember a call I made to Mr. Donziger from Europe in early February 2020. There were other occasions when I believed that my attorney-client relationship with Mr. Donziger would end or was in jeopardy for reasons independent of a fee dispute, but the emails and the locale of the call in February allow me to recall these three occasions with some specificity.

10. On two of these three occasions, one in May 2020 and one in early June 2020, I notified Mr. Donziger of my intention to withdraw because of fundamental disagreements about his representation. When I called Mr. Donziger from Europe in early February 2020, I fully expected our attorney-client relationship to end. The underlying issues were never resolved and, in fact, became increasingly and significantly more difficult to navigate. I do not believe that I can ethically say more about the differences between Mr. Donziger and me without disclosing privileged communications and impairing his defense.

11. As my attorney-client relationship with Mr. Donziger was becoming untenable, I did everything possible to work through our issues. I took great care to protect Mr. Donziger, for example: (a) by fostering the relationship as diligently as possible; (b) by seeking my withdrawal from the case without proffering an explanation; and (c) by even entertaining the

possibility just after my withdrawal that I might be able to salvage our relationship and represent him in some capacity going forward.  For better or worse, however, some relationships end.  For purposes of attorney-client relationships and the Sixth Amendment, it doesn't necessarily matter who was at fault, or whether one party or the other has or had an obligation to find a way to make it work.

12.     Mr. Donziger and I had and continue to have a fee dispute which contributed to the breakdown of our attorney-client relationship, but our relationship became untenable for reasons independent of the fee dispute.  I nonetheless believe that the particular circumstances of our fee dispute are atypical and are themselves a sufficient basis for my withdrawal.  *See* N.Y. Rules of Professional Responsibility 1.16(c)(5) ("a lawyer may withdraw from representing a client when . . . the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees").  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉[2]

13.     I do not currently have an attorney-client relationship (or any other relationship) with Mr. Donziger.  I have not worked on Mr. Donziger's case since July 4, 2020, when I moved to withdraw.  My only communications with Mr. Donziger since July 4, 2020, as best as I can

---

[2] I respectfully request that this redacted portion of this Declaration be accepted and maintained *ex parte* and under seal.

recall, consist of one telephone call and a few emails in early or mid July 2020, none of which related to the preparation of his defense herein.

14. I did not read the Court's order of July 6, 2020, as requiring me to continue working on Mr. Donziger's case. Likewise, I did not read the Court's order as requiring that I object to its language in anticipation of a future order from the Court requiring my re-appearance on behalf of Mr. Donziger without knowing what circumstances might precipitate such an order. It is difficult for me even to hypothesize how I could have objected to the Court's order of July 6, 2020, or could have done so without precipitously and unnecessarily prejudicing Mr. Donziger's interests without airing the then-existing status of our relationship, all while an experienced lawyer (Richard Friedman) professed to be ready, willing, and able to represent him.

15. But even if that order required that I take some action based on the facts as they then existed, the facts thereafter changed. Even after I withdrew, I entertained the possibility that my relationship with Mr. Donziger could continue in some form. This hypothesizing ended, however, and not just because of a fee dispute. There came a point when constructive communications between Mr. Donziger and me ended.

16. In determining that Mr. Donziger declined to waive Mr. Friedman's potential conflict apparently as a tactic to cause delay (Docket No. 149 at 5), the Court was aware, as was I before my withdrawal, that Mr. Donziger's acumen as a lawyer equipped him to recognize the potential for conflict when: (a) he requested that Mr. Friedman appear herein *pro hac vice* on his behalf; (b) Mr. Friedman's potential conflict was called to Mr. Donziger's attention in May 2020 (before I moved to withdraw); and (c) Mr. Friedman assumed the role of lead counsel upon my withdrawal. I had no reason to believe that Mr. Donziger would elect not to waive Mr.

Friedman's potential conflict. Likewise, I had no basis to anticipate that Mr. Friedman would decline to travel cross-country for Mr. Donziger's trial based on concerns about pandemic-related developments. *See* Docket Nos. 111, 119.

17. Most respectfully, I have no choice but to advise the Court that I do not believe that I can ethically or responsibly participate in Mr. Donziger's defense. It is untenable for me to represent Mr. Donziger.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: September 2, 2020

/s/ Andrew J. Frisch
Andrew J. Frisch