UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>STEVEN DONZIGER,<br><br>Defendant. | 19-CR-0561 (LAP)<br>[11-civ-0691 (LAK)] |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR A JURY TRIAL**

## TABLE OF AUTHORITIES

### CASES

*Baldwin v. New York*, 399 U.S. 66 (1970)---------------------------------------- 13, 16
*Blanton v. City of N. Las Vegas, Nev.*, 489 U.S. 538 (1989)-------------------- 13, 14
*Bloom v. Illinois*, 391 U.S. 194 (1968)----------------------------------------------12
*Callan v. Wilson*, 127 U.S. 540 (1888) ---------------------------------------------16
*Cheff v. Schnackenberg*, 384 U.S. 373 (1966) ----------------------------------- 12, 13
*Clark v. Boynton*, 362 F.2d 992 (5th Cir. 1966) --------------------------------- 5, 6, 7
*Codispoti v. Pennsylvania*, 418 U.S. 507 (1974) ----------------------------------13
*Frank v. United States*, 395 U.S. 147 (1969)------------------------------------------13
*Int'l Union v. Bagwell*, 512 U.S. 821 (1994)------------------------------------------13
*Michaelson v. United States,* 266 U.S. 42 (1924)--------------------------------------8
*Taylor v. Hayes*, 418 U.S. 488 (1974) ---------------------------------------------14
*United States v. Agajanian*, 852 F. 2d 56 (2d Cir. 1988) ----------------------------14
*United States v. Aguilar*, 515 U.S. 593 (1995)---------------------------------------- 9
*United States v. Battle*, 2017 WL 2983891 (W.D. Pa. July 12, 2017)--------------- 6
*United States v. Cohn*, 452 F.2d 881 (2d Cir. 1971)-----------------------------------11
*United States v. Pyle*, 518 F. Supp. 146 (E.D. Pa. 1981) ----------------------- *passim*
*United States v. Rosner*, 352 F. Supp. 915 (S.D.N.Y.) 1972)------------------------10
*United States v. Quattrone*, 441 F.3d 153 (2006)----------------------------------------8
*United States v. Solow*, 138 F. Supp. 812 (S.D.N.Y.) 1956)------------------------11
*United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656 (2d Cir. 1989) 13
*United States v. Wright*, 516 F. Supp. 1113 (E.D. Pa. 1981) ------------------------- 5

### STATUTES

18 U.S.C. § 1503--------------------------------------------------------------3, 9, 11
18 U.S.C. § 3691----------------------------------------------------------------- *passim*
18 U.S.C. § 401 ----------------------------------------------------------------- *passim*
18 U.S.C. § 402 ----------------------------------------------------------------- *passim*

## INTRODUCTION

Mr. Donziger is entitled to a jury trial under 18 U.S.C. §§ 402 and 3691 and under the Sixth Amendment to the United States Constitution.

Sections 402 and 3691 provide entitlement to a jury trial where the "conduct constituting the [criminal] contempt charged also happens to constitute a federal or state criminal offense." *United States v. Pyle*, 518 F. Supp. 139, 146 (E.D. Pa. 1981), *aff'd*, 722 F.2d 736 (3d Cir. 1983). There is little question that Mr. Donziger's alleged conduct, "if proven, would constitute" an obstruction of justice under 18 U.S.C. § 1503. *Id*. at 147. Mr. Donziger is also entitled to a jury trial under the Constitution. A potential sentence of more than six months' imprisonment is a sufficient, but not *necessary*, characteristic of a "serious" criminal contempt charge entitling a defendant to a jury trial under the Sixth Amendment. Mr. Donziger's Sixth Amendment entitlement to be tried by a jury of his peers in this case turns on an examination of all relevant indicia of seriousness. In sum, when a criminal contempt defendant's alleged actions also constitute a criminal offense or when the contempt charges are serious under the Sixth Amendment, findings of fact must be made by a jury. Therefore, Mr. Donziger respectfully demands the Court grant him a trial by jury on statutory and constitutional grounds.

## ARGUMENT

### I. Mr. Donziger has a Statutory Right to a Jury Trial

The prosecution asserts incorrectly that Mr. Donziger lacks either a statutory or a constitutional right to a jury trial. In so doing, they avoid the established judicial interpretation of 18 U.S.C. § 402 ("Contempts constituting crimes") without providing a coherent alternative.

### a. The Prosecution Misstates the Standard for "Constitutes" Under §§ 402 and 3691

> The statutes at issue [18 U.S.C. §§ 402 and 3691] derive from § 21 of the Clayton Act. *See* Revisor's Note to [§] 3691. The creation of the statutory right to a jury trial in criminal contempt cases was a response to Congress' belief in the second decade of this century that district judges were, at the behest of powerful private litigants, wielding the formidable federal judicial contempt power as an instrument of private law enforcement to the detriment of weaker parties, especially labor unions. Congress concluded that a jury would act as a buffer between a weaker defendant facing contempt charges and, "say, a corporation, rich and powerful, (which moves to obtain) a blanket injunction at midnight, broad as the canopy of heaven in its terms, and then oppressing the poor, humble laborer."

*United States v. Wright*, 516 F. Supp. 1113, 1116 (E.D. Pa. 1981) (parentheses in original, quotation marks added) (quoting 48 Cong. Rec. 8779 (1912)).

The aim of 18 U.S.C § 402 "is to grant a jury trial for criminal contempt in non-government actions where the actions alleged to have transgressed [a court] order constitute a violation of Federal or State law." *Clark v. Boynton*, 362 F.2d 992, 997 (5th Cir. 1966). A defendant need not be charged under § 402 to be entitled to a jury trial under the statute. Rather, "[r]ead together, §§ 402 and 3691 modify § 401 by creating a right to a jury trial in favor of a person charged with criminal contempt

of a court order, where the conduct constituting the contempt charged also happens to constitute a federal or state criminal offense." *Pyle*, 518 F. Supp. at 146 ("even though the defendants were charged with criminal contempt under § 401 alone, the provisions of §§ 402 and 3691 nevertheless apply simply because the alleged conduct constituting the contempt would also constitute the criminal offense of disorderly conduct under Pennsylvania law."); *see also United States v. Battle*, No. CR 17-67 (RBW), 2017 WL 2983891, at *4 (W.D. Pa. July 12, 2017) ("where the person is charged with criminal contempt only under § 401, but in fact the contempt charged consists of conduct which also violates state or federal criminal law, the provisions of §§ 402 and 3691 automatically come into play.").

Here, the prosecution disregards all existing judicial interpretations of when a contempt charge "constitutes" another crime and guarantees a jury trial under §§ 402 and 3691. Tellingly, they do not propose an alternative definition of "constitute." This is because the alleged conduct underlying Counts I and II of Mr. Donziger's contempt charges "constitute" criminal obstruction of justice under any plausible understanding of the term read in the context of §§ 402 and 3691. Indeed, courts have interpreted the phrase "the act or thing done or omitted also constitutes a criminal offense" in § 3691 to require only that the conduct alleged meets the *prima facie* elements of another criminal offense. *See Pyle*, 518 F. Supp. at 147; *Clark*, 362 F.2d at 997. Put simply, when the conduct underlying a contempt charge, "if proven,

would constitute” a separate criminal violation, § 3691 guarantees the defendant a jury trial. *Id.* (emphasis added). Further, the prosecution mischaracterizes *Clark*. In *Clark* the conduct asserted to be contemptuous was, at least “arguably,” a “violation” of a separate criminal statute, and therefore §§ “402 and 3691 assured a jury trial.” *Clark*, 362 F.2d at 997. As described above, the application of §§ 402 and 3691 to contempt charges making out a prima facie case for a separate criminal charge matches the standard applied by courts for decades. *See id.*; *Pyle*, 518 F. Supp. at 147.

The prosecution also inaccurately characterizes the conduct embraced by § 402 and for which defendants are owed a jury trial. They side-step various courts' interpretations of § 402 while failing to provide their own standard under which Mr. Donziger's alleged conduct falls short of criminal obstruction. In rejecting the “arguably” standard set forth in *Clark*, 362 F.2d at 997, they suggest that in order for conduct underlying a contempt charge to “constitute” a separate crime, a defendant must be all but convicted of or charged with the offense. Dkt. 154 at 6-7. This interpretation would defeat the purpose of §§ 402 and 3691, which were “intended to end an abuse of the contempt power in which, in some circumstances, persons were prosecuted for contempt of injunctions instead of for violations of criminal laws stemming from the same conduct and were thus deprived of their right to trial by jury”). *Pyle*, 518 F. Supp. at 146.

Finally, the prosecution cites but ignores the Supreme Court's directive that the conduct must only be "a crime *in the ordinary sense*" to qualify for a jury trial under §§ 402 and 3691. *Michaelson v. United States*, 266 U.S. 42, 66 (1924) (emphasis added). *Michaelson* endorses a standard that the prosecution rejects as insufficient, without proposing an alternative: comparing the alleged conduct underlying the contempt charge to the prima facie elements of a separate criminal offense. *See* Dkt. 154 at 5.

**b. Mr. Donziger's Conduct, as Alleged by Judge Kaplan, "Constitutes" Obstruction of Justice**

The Court's own description of Mr. Donziger's alleged conduct meets the intent element of obstruction of justice which requires only "an intent to influence judicial or grand jury proceedings." *United States v. Quattrone*, 441 F.3d 153, 170 (2006) (citing *United States v. Aguilar*, 515 U.S. 593, 599 (1995)). Judge Kaplan's own accusations demonstrate a firm belief that Mr. Donziger possessed purposeful and corrupt intent to interfere with the administration of his post-judgment proceedings, including acting to "prevent enforcement of the money judgment against him and to frustrate efforts to determine whether he is violating the injunction . . . ." Memorandum Endorsement at 3, *Chevron Corp.*, (No. 11-cv-691), Sept. 25, 2018.

> *Donziger has largely or entirely created what he now claims to view as a problem.* Had he complied fully and in good faith with the Court's

> orders to produce responsive documents and otherwise respond properly to discovery requests, it would have been unnecessary for the Court to require a forensic imaging of his devices and storage media and further procedures to identify responsive documents.

Memorandum Endorsement at 3, *Chevron Corp. v. Donziger*, (S.D.N.Y. 2014) (No. 11-cv-691), May 23, 2019 (emphasis added).

> Regarding Mr. Donziger's compliance with orders that would later give rise to his contempt charges, Judge Kaplan accused him of "obdurate refusal to comply with discovery obligations and court orders is . . . an effort "undertaken for tactical advantage" which amounted to "no good faith effort to comply with his obligations . . .

*Chevron Corp.*, 425 F. Supp. 3d at 305 n.40.

Nevertheless, the prosecution provides a conclusory assertion that the allegations against Mr. Donziger do not constitute obstruction of justice. They all but concede that his alleged conduct aligns with the elements of obstruction, and only attempt to discredit the established "constitute" standard while offering nothing in its place.

The prosecution's prolific citations to obstruction of justice cases finding "wrongful intent" only strengthen Mr. Donziger's argument for a jury trial. Dkt. 154 at 7. His conduct is alleged to have interfered with information gathering as a part of an ongoing investigation under a post-judgment order.[1] Counts I and II arose from

[1] There is no doubt that the post-judgment proceedings giving rise to Mr. Donziger's criminal contempt charges constitutes a "pending judicial proceeding" under Section 1503. Judge Kaplan continues to oversee compliance with the post-judgment orders. Further, it is no issue that Defendant's contempt charge arises from his alleged failure to comply with orders issued as a part of a judgment, since the statute is "not by its terms confined to situations in which

Mr. Donziger's alleged failure to comply with orders to turn over devices and information about devices containing communications as a part of an investigation to assess his compliance with post-judgment orders. *See* Order to Show Cause Dkt. 1; Civ. Dkt. No. 2276, July 30, 2019. This alleged obstruction of a judicial proceeding matches the corrupt intent assigned to the defendants in the prosecution's cited cases. *See United States v. Aguilar*, 515 U.S. 593; *Quattrone*, 441 F.3d 153; *United States v. Cohn*, 452 F.2d 881, 884 (2d Cir. 1971); *United States v. Rosner*, 352 F. Supp. 915, 917 (S.D.N.Y. 1972); *United States v. Solow*, 138 F. Supp. 812, 814 (S.D.N.Y. 1956).

Furthermore, the prosecution misunderstands the import of Mr. Donziger not having been formally charged with obstruction of justice. The explicit purpose of §§ 402 and 3691 is to provide the protection of a jury trial to criminal contempt defendants whose conduct *could have been charged* as a separate crime; if § 3691 required that a defendant had also been charged with another crime, it would serve no purpose. *See Pyle*, 518 F. Supp. at 146 (explaining §§ 402 and 3691 are "intended to end an abuse of the contempt power in which, in some circumstances, persons were prosecuted for contempt of injunctions instead of for violations of criminal

---

an action is pending." *United States v. Blohm*, 585 F. Supp. 1112, 1114 (S.D.N.Y. 1984). "Even if the section were so confined, the federal courts were in fact still vested with jurisdiction" over the civil suit, since an appeal of Defendant's post-judgment proceedings was pending at the time. *Id.*; *see* Brief for Defendant-Counter-Claimant-Appellant Pro Se, *Chevron Corp. v. Donziger*, (2d Cir. Mar. 29, 2018) (No. 18-0855), Dec. 10, 2018; Case Calendaring for Argument, *Chevron Corp.*, (2d Cir. Mar. 29, 2018) (No. 18-0855), Sept. 6, 2019.

laws stemming from the same conduct and were thus deprived of their right to trial by jury”).

### c. The Exceptions to § 3691’s Jury Trial Guarantee Do Not Apply to the Contempt Charges Against Mr. Donziger

The prosecution seems to suggest that the present contempt charges qualify for § 3691’s exception for contemptuous conduct “committed in the presence of the court ‘or so near thereto as to obstruct the administration of justice.’” Dkt. 154 at 5 n.2 (quoting 18 U.S.C. § 3691). There is no reason to believe Mr. Donziger’s alleged conduct was “committed in the presence of” or so near the court as to be ineligible under § 402. Mr. Donziger’s alleged contempts were charged under “18 U.S.C. § 401(3), ‘which authorizes district courts to punish acts involving “disobedience or resistance to [the court’s] lawful writ, process, order, rule, decree, or command.’” *United States v. Donziger*, No. 11 CIV. 691 (LAK), 2020 WL 2216556, at *1 (S.D.N.Y. May 7, 2020). The text of § 401(3) aligns squarely with the conduct expressly embraced by § 402: “Any person . . . willfully disobeying any lawful writ, process, order, rules, decree, or command of any district court . . .” 18 U.S.C. § 402. On the other hand, the “in the presence of” exception carved out of § 402 embraces contempts charged under § 401(1), which refers to “[m]isbehavior of any person in

its presence or so near thereto as to obstruct the administration of justice." 18 U.S.C. § 401(1).[2]

Beyond the text's unambiguous indication that § 402 embraces contempts charged under § 401(3) and exempts contempts charged under § 401(1), the historical preference for generously granting the right to a jury trial weighs in favor of a broad application of §§ 402 and 3691:

> In light of the historically strong interest in trial by jury in criminal cases, that right, once statutorily conferred, should not lightly be withdrawn by broad interpretations of statutory exceptions. Doubts raised by ambiguities in the legislative history should be resolved in favor of the construction conferring the right to a jury trial. In the present case, there is, at best, weak support in the legislative history for a broad construction of the exception to the right conferred by §§ 402 and 3691; therefore, the Court must conclude that the exception cannot be read to deprive the defendants here of the right to trial by jury.

*Pyle*, 518 F. Supp. at 147.

Because the conduct underlying Defendant's contempt charges, as alleged, plainly meets the elements of obstruction of justice under 18 U.S.C. § 1503, he is statutorily entitled to a jury trial upon a request to the Court. 18 U.S.C. §§ 402, 3691.

---

[2] The prosecution also seems to suggest that Section 3691's other stated carve out, which excludes charges originating in conduct in a case brought before the United States, applies here. Dkt. 154 at 5 n.2, 6. This is even more far-fetched; although Mr. Donziger's prosecution for the contempt is being carried out by a prosecutor appointed on behalf of the United States, the matter from which the contempt charges arose was clearly civil matter between two private entities. *Chevron Corp. v. Donziger*, 384 F. Supp. 3d at 488.

## II. Mr. Donziger Has a Constitutional Right to a Jury Trial

The prosecution's constitutional argument also fails to show Mr. Donziger is not entitled to have a jury determine his guilt in this case. They incorrectly characterize more than six-months of imprisonment as a necessary component of Sixth Amendment "seriousness," while the Supreme Court has directed that such a sentence is merely sufficient to establish seriousness, but not conclusive.

### a. More Than 6 Months of Jail Time is Sufficient, But Not Necessary, to Trigger the Jury Trial Right

In their reply brief, the prosecution cites a voluminous body of authority to establish propositions the defense has never disagreed with: penalties of more than six months of jail time, a $5,000 fine to a natural person, or a $100,000 fine to a corporate entity signify *sufficient* "seriousness" to trigger the jury trial right. *See, e.g.*, *Cheff v. Schnackenberg*, 384 U.S. 373, 380 (1966); *Bloom v. Illinois*, 391 U.S. 194, 198 (1968); *United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656, 662 (2d Cir. 1989). The imposition of such sentences is sufficient, but not necessary, to trigger a defendant's constitutional right to trial by jury. Indeed, the Supreme Court has never held that a jail sentence of six months is always necessary to trigger the jury trial right. *See Blanton v. City of N. Las Vegas, Nev.*, 489 U.S. 538 at 543 n.7 (1989) ("We held '*only* that a potential sentence in excess of six months' imprisonment is sufficiently severe by itself to take the offense out of the category of 'petty.'") (emphasis in original) (quoting *Baldwin v. New York*, 399 U.S. at 69 n.6

(1970) and citing *Codispoti v. Pennsylvania*, 418 U.S. 507 at 512 n.4 (1974)). The prosecution's quoted language from *Cheff v. Schnackenberg*, 384 U.S. 373, 379–80 (1966), that "'any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months' is a 'petty offense'" is not controlling. Dkt. 154 at 8. Beyond the fact that *Cheff's* statement about misdemeanors was subsequently contradicted by the Supreme Court in *Blanton*, supra, *Cheff's* quoted language about misdemeanors does not govern criminal contempt, an offense the Supreme Court subsequently recognized as *sui generis*— neither misdemeanor nor felony. *See Frank v. United States*, 395 U.S. 147, 152 n.5 (1969).

The prosecution cites *Int'l Union v. Bagwell*, 512 U.S. 821, 826-27 (1994) for the proposition "that right to a jury trial extends only to 'serious' criminal contempts involving imprisonment of more than six months." Dkt. 154 at 8. In *Bagwell,* the Supreme Court stated: "For 'serious' criminal contempts involving imprisonment of more than six months, these protections include the right to jury trial." 512 U.S. at 826–27. It is true that criminal contempts involving imprisonment of more than six months are necessarily serious and are therefore afforded the protection of jury trial. However, the Court's language does not support the inference that serious criminal contempts *necessarily* involve imprisonment of more than six months. *Bagwell* therefore does not undermine the Court's statement in *Blanton* that more than six months in jail is not a requisite for Sixth Amendment seriousness.

Thereafter, the prosecution quotes the Supreme Court as having stated: "our cases hold that petty contempt like other petty criminal offenses may be tried without a jury and that contempt of court is a petty offense when the penalty actually imposed does not exceed six months or a longer penalty has not been expressly authorized by statute." Dkt. 154 at 8 (quoting *Taylor v. Hayes*, 418 U.S. 488, 495 (1974)). However, this Court's repeated statements emphasizing a different jury trial trigger—a fine greater than $5,000—prove that the prosecution's chosen quote is an incomplete statement of the rule. *See United States v. Donziger*, No. 11 CIV. 691 (LAK), 2020 WL 2216556, at *4 (S.D.N.Y. May 7, 2020); Dkt. 87 at 4–5.

The prosecution's reliance on *United States v. Agajanian*, 852 F. 2d 56 (2d Cir. 1988) similarly reaches too far. In *Agajanian,* the Second Circuit had the benefit of post-sentencing hindsight in concluding that "[t]he actual penalty that was imposed (three months), coupled with the notice to Agajanian that the maximum penalty sought was six months, makes it clear that Agajanian was not entitled to a jury trial." 852 F.2d at 58 (internal citations omitted). In the absence of a post-hoc vantage point, as in the instant case, it is impossible to determine the actual penalty that will be imposed in the event of conviction. It may be half of the maximum sentence stated ex ante, as in *Agajanian,* or it may be the full six months. However, in this case, other indicia of seriousness, such as the unconstitutional home confinement to which Mr. Donziger has already been subjected for over a year, the

social opprobrium associated with the factual allegations against him, and the persistent possibility he will be sentenced to the full six months in jail are objective indications that sufficiently evince the seriousness of the charges against him.

Finally, the prosecution attempts to twist the defense team's own words into an admission that the charges are "petty." Beyond the fact that the defense team has no actual control over how the offense is formally classified, the prosecution conflates a charge's designation as a misdemeanor with its Sixth Amendment seriousness. *See* Dkt. 154 at 4 ("[T]he defense . . . characterized the charged criminal contempt as a 'petty' offense or 'misdemeanor.'"). Characterizing the charge as a "misdemeanor" is irrelevant to the instant question. "[T]he Sixth Amendment right to jury trial 'is not to be construed as relating only to felonies, or offences punishable by confinement in the penitentiary. It embraces as well some classes of misdemeanors, the punishment of which involves or may involve the deprivation of the liberty of the citizen.'" *Baldwin v. New York*, 399 U.S. 66, 70 (1970) (quoting *Callan v. Wilson*, 127 U.S. 540, 549 (1888)). In sum, despite the evident seriousness of the allegations made against him, neither Mr. Donziger nor his counsel wield the authority to control whether the charges in this case are formally considered petty––that power rests with the Court. In exercising that power, the Court ought to conclude that the charges Mr. Donziger faces have always been "serious" and therefore require trial by jury.

## CONCLUSION

The seriousness of the allegations against Mr. Donziger ensure that both the criminal contempt statutes and the Sixth Amendment guarantee him the right to a jury trial. Accordingly, Mr. Donziger respectfully demands that the Court grant him this foundational due process protection.

Respectfully submitted,

*/s/ Lauren C. Regan*
Lauren C. Regan, *Pro Hac Vice*
Civil Liberties Defense Center
1430 Willamette St. #359
Eugene, Oregon 97401
541.687.9180 phone
Email: lregan@cldc.org
*Counsel for Steven Donziger*