# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK  10004

TELEPHONE:  (212) 574-1200
FACSIMILE:  (212) 480-8421
WWW.SEWKIS.COM

RITA GLAVIN
PARTNER
(212) 574-1309
glavin@sewkis.com

901 K STREET, N.W.
WASHINGTON, DC  20005
TELEPHONE:  (202) 737-8833
FACSIMILE:  (202) 737-5184

September 4, 2020

**VIA ECF**
Honorable Loretta A. Preska
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *United States v. Steven Donziger*, 19 Cr. 561 (LAP); 11 Civ. 691 (LAK)

Dear Judge Preska:

  We write on behalf of the United States in response to Mr. Frisch's September 2, 2020 motion to vacate the portion of the Court's August 28, 2020 order directing that: "if Mr. Donziger's other counsel—Martin Garbus and Lauren Regan—decline to appear in a manner acceptable to him or are unable to act as lead counsel, his former lead attorney, Andrew Frisch, will represent Mr. Donziger at trial beginning on September 9." Dkt. 149.  Given that Mr. Frisch redacted a portion of his September 2 declaration and submitted the unredacted version *ex parte* and under seal, and the Court inquired *ex parte* of Mr. Donziger about his relationship with Mr. Frisch on August 27, we defer to the Court on this issue.  That said, we make several observations.

  First, Mr. Frisch does not claim in his declaration that his continued representation of Mr. Donziger would cause him to violate the Rules of Professional Conduct or expose him to the possibility of sanctions.  *See United States v. O'Connor*, 650 F.3d 839, 851 (2d Cir. 2011) (affirming denial of motion to withdraw where counsel raising ethical concerns "did not argue . . . that there was any Disciplinary Rule that would be violated if he continued to represent [the defendant] or that his continued representation of [the defendant] might possibly expose him to sanctions."); *United States v. Ashburn*, No, 11-cr-303, 2015 U.S. Dist. LEXIS 61012, *38 (E.D.N.Y. May 8, 2015) (refusing to grant defense counsel's motion to withdraw based on ethical concerns, finding that "continuing to represent [the defendant] will not cause his attorneys to violate the Rules of Professional Conduct, nor will it expose them to the possibility of sanctions.").  Instead, Mr. Frisch cites to unspecified "fundamental disagreements" that would render representation of Mr. Donziger "unreasonably difficult" and asserts that "our ability to communicate constructively are beyond repair," without specifying facts as why he believes he cannot "ethically or responsibly participate in Mr. Donziger's defense." Dkt. 157-2 ¶¶ 4, 17.  To the extent he raises a fee dispute, "[n]on-payment of legal fees, without more, is not usually a

Hon. Loretta A. Preska
September 4, 2020
Page 2

sufficient basis to permit an attorney to withdraw from representation." *United States v. Vilar*, 731 F.3d 255, 257 (2d Cir. 2013) (*quoting United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006).

Second, while Mr. Frisch refrains from *ex parte* and under seal disclosure to the Court of details[1] regarding the breakdown of his relationship with Mr. Donziger because of a concern it would risk significant impairment of his defense and "might impact your Honor's ability to preside as finder of fact and law," it is well-established that judges presiding over bench trials are presumed to disregard extrajudicial statements regarding the defendant. *See Williams v. Illinois*, 567 U.S. 50, 69-70 (2012) ("[I]n bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions…there is a well-established presumption that the judge has adhered to basic rules of procedure when the judge is acting as a factfinder.") (quotations and citations omitted); *United States v. Zuber*, 118 F.3d 101, 104 (2d Cir. 1997) ("We traditionally assume that judges, unlike juries, are not prejudiced by impermissible factors."). Given the unspecified nature of the issues, further inquiry of any purported "irreconcilable conflict" (Dkt. 157-2 ¶ 8) may be appropriate. *See, e.g.*, *United States v. Doe #1*, 272 F.3d 116, 122-23. (2d Cir. 2001). We note that motions to withdraw have been referred to magistrate judges for adjudication in the past. *See, e.g.*, *United States v. Lynch*, 726 F.3d 346, 350 (2d Cir. 2013).

Third, although the Court directed Mr. Frisch on August 24 to be prepared to try this case, Mr. Frisch did not inform the Court until August 31 of his belief that he cannot represent Mr. Donziger at trial – after the prosecution had produced an exhibit list and 3500 material, and after one of its witnesses had arrived in New York from California and had begun to self-quarantine in advance of the long-scheduled trial date.

Fourth, Mr. Donziger has counsel of record available. Specifically, Lauren Regan—a "criminal trial lawyer" (Dkt. 111 at 2 n.1) based in Oregon who "joined Steven Donziger's legal team as a lead trial attorney" (Ex. A)—moved to appear *pro hac vice* on May 15, 2020 while the pandemic was in full-swing and did not object to the Court setting the trial for September 9. While she does not want to travel to New York at this time,[2] she raised no issue about having to come to New York for trial until July 29, twenty-three days after this Court granted Mr. Frisch's conditional withdrawal. At a minimum, Ms. Regan can assist during trial remotely. Such

---

[1] Mr. Donziger, Mr. Friedman, and Mr. Frisch each offered explanations for the breakdown in the Donziger-Frisch relationship. *See* Aug. 27, 2020 Tr. at 12 (Mr. Donziger: "our relationship has completely broken down"); Dkt. 119 at 2 (Aug. 12, 2020 Letter) (Mr. Friedman: "It was the inability to get the additional funds to Mr. Frisch that caused him to withdraw from the case."); Dkt. 157-2 ¶ 12 (Mr. Frisch: "our relationship became untenable for reasons independent of the fee dispute."). After the Court inquired of Mr. Donziger on August 27, *ex parte*, about his relationship with Mr. Frisch following the claim the relationship "has completely broken down," the Court informed all the parties that the issues had to do with a "fee dispute" that had "gotten personal" and Mr. Frisch's concern about another case pending before this Court. Aug. 27, 2020 Tr. at 26.

[2] Yesterday, September 3, Ms. Regan informed the special prosecutors via email: "For all the reasons I have previously put on the record, I will not be traveling to New York in September." The state of Oregon is not under a New York State quarantine restriction.

Hon. Loretta A. Preska
September 4, 2020
Page 3

support can be bolstered, if necessary, with the appointment of stand-by counsel. *See United States v. Scopo*, 861 F.2d 339, 344 (2d Cir. 1988) (appointing stand-by counsel on April 22 for May 4 trial, over defendant's objections, where retained counsel was unavailable and court had repeatedly made it clear that the trial date was firm).

Finally, the circumstances in which Mr. Donziger now finds himself are entirely of his own making. Despite having known of the potential conflict issue with Richard Friedman and Zoe Littlepage since at least May 2020, and the defense telling the Court on August 17, 2020 that they did not see a need for a *Curcio* hearing, Mr. Donziger ultimately chose not to waive the potential conflict "at this time" *only after his two requests for continuances of the trial date were denied*. As the Court found, "concluding that his waiver decision was based on anything other than delay tactics would strain credulity." Dkt. 149; *see United States v. Paone*, 782 F.2d 386, 392 (2d Cir. 1986) (a defendant's right to counsel of his choice "is not an absolute right.") (citations omitted); *United States v. Bentvena*, 319 F.2d 916, 936 (2d Cir. 1963) (an "accused's right to select his own counsel…cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.").

We will be ready for trial on September 9, 2020.

Respectfully submitted,

_____/s/_____
Rita M. Glavin
Brian P. Maloney
Sareen K. Armani
*Special Prosecutors on behalf
of the United States*