

**CLDC**
1430 Willamette St. #359
Eugene, OR 97401
Phone: 541-687-9180  Fax: 541.804.7391
E-Mail: lregan@cldc.org  Web: www.cldc.org

September 4, 2020
**VIA ECF**
Honorable Loretta A. Preska
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    RE:    *United States v. Steven Donziger*, No. 19-CR-561 (LAP); 11-CIV-691 (LAK)

Dear Judge Preska:

On 5/28/20 I entered an appearance on this case and agreed to a discrete aspect of the defense. I did not in any way agree or prepare to be the lead attorney on this case, nor try the case alone. On Aug. 28, your honor removed lead attorney Richard Friedman and Zoe Littlepage— the two lawyers who had worked with Mr. Donziger for several years on this extremely complex matter after Ms. Glavin demanded a Curcio hearing 2 weeks before trial. Since that time, I have attempted to reach out to Mr. Frisch without success, and given the circumstances, I have done my best to attempt to preserve Mr. Donziger's rights as this matter is absurdly forced to trial amid a global pandemic, and multiple integral attorneys on the defense team leaving the trial team.  being forced off the case.

Also, on Aug. 28 you ordered:  Presumably by yesterday the several consummate professionals involved in this matter had already prepared a list due to be submitted today. While taking Ms. Regan's point that it may now be Mr. Frisch who will submit this list, he may have until Monday, August 31, to do so.

I have attempted to contact Mr. Frisch, but due to the matter filed by Mr. Protass and pending before the court, Mr. Frisch does not appear to be not in a position to be providing any representation to Mr. Donziger at this time.

My efforts over the last 48 hours in attempting to comply with the Court's order of 8/28 (Dkt 151) has been focused on preserving Mr. Donziger's rights in the face of potential severe forfeiture, not preparing to try a complex case with numerous fundamental constitutional issues and other unresolved motions, despite the fact that I was not responsible for those facets of the case. I have also been working on the reply brief on the request for a jury trial, as well as trying to review a factual record including 200,000 pages of complex financial documents, deposition transcripts and over 160 videos, while also trying to do the work of 4 lawyers on short notice.

1

To be clear, there is no way that I can adequately represent Mr. Donziger by myself at this time, and absolutely cannot and will not adequately try this case on September 9th—and if forced to do so, would be participating in a clear violation of Mr. Donziger's rights and an absolute travesty of justice such that it would likely violate my ethical responsibilities to my profession and to my client.  Additionally, as previously filed, my doctor has advised that the only reason I should fly to NYC right now is if my life depended on it.  I do not think this misdemeanor bench trial falls within that category, and thus I respectfully decline to appear in person on September 9th.

I have managed to contact the witnesses listed below, and hereby indicate why they are unable to travel to New York at this time. I want to emphasize again that this is not a part of the case I was ever involved in, and until yesterday, had never spoken to any of these witnesses.  Mr. Friedman and Ms. Littlepage have been helping me to the extent they can, but they have not recently been in touch with these witnesses to obtain the information you require.

Here is the list of witnesses I have been able to contact thus far, and their reasons for being unable to travel to New York:

Simon Taylor—Barcelona, Spain
Mr. Taylor currently resides outside of Barcelona, Spain in an area that is currently under a second pandemic which is in another lockdown as a result of an influx of tourists recently.  While Mr. Taylor, as part of his work for Global Witness, usually travels extensively.  However, neither he nor anyone from the organization, Mr. Taylor has traveled internationally since early March, 2020.  Mr. Taylor indicates there're virtually no flights out of Spain and if he was to come to New York, he would be required to perform a 14-day quarantine on either end of the trip. Further Mr. Taylor has severe asthma which makes him vulnerable to COVID-19 and the serious health risks and/or death that coronavirus can bring.

Page, Aaron—IOWA CITY, IOWA
Mr. Page lives in Iowa City, Iowa currently with the second highest COVID spread rate in the world.  Ames, IA is *the* highest number of cases per capita and highest spread rate in the world.  As a result, Mr. Page and his family are strictly quarantined at this time.  Mr. Page has two young children that he has joint custody parenting obligations, and elderly parents (grandparents) who are at extremely high risk of COVID due to health vulnerabilities.  As a result, Mr. Page is unable to fly to New York City at this time and must appear via videoconference.

Paz y Mino, Paul – OAKLAND, CA
Mr. Paz y Mino had emergency surgery to remove his gallbladder last week and is currently recovering in strict quarantine at home due to his limited immune system, and is under the continued care of his medical doctors due to the surgery and has been ordered to not travel, fly, or engage in other risky activities at this time.  In addition, Mr. Paz y Mino's nonprofit organizational employer, Amazon Watch, has enacted a strict no-fly policy during the global pandemic in order to reduce the risk of spread and to be socially responsible during the uncontrolled COVID-19 situation in the U.S.

Phillips, John – TORONTO, CANADA
Due to the untenable risk of COVID in the U.S., Canadians, including Mr. Phillips will not travel to the U.S. until a vaccine is available.  Mr. Phillips has co-morbidities that prevent

him from flying at this time per his doctor's orders. Additionally, if Mr. Phillips were to travel to the U.S., he would be required to quarantine for 14 days upon his return to Toronto which is an extreme hardship to his work and family responsibilities.

Chavez, Ermil - ECUADOR
Peas, Domingo – ECUADOR
Saenz, Juan Pablo – ECUADOR
Salazar-Cordova, Patricio - ECUADOR
Yanza, Luis - ECUADOR

At this time, I have made initial contact with a representative of the indigenous Ecuadorians, which is complicated by the fact that I do not speak Spanish and require the assistance of interpreters. People from Ecuador are unable to fly to the U.S. because not only are there extremely limited flights to the U.S., and would require a dangerous and lengthy flight, but indigenous people are also at a higher risk of sickness and death from COVID-19, a risk that is not worthwhile in order to testify in person at a misdemeanor bench trial. They would also need to quarantine upon arrival in the U.S and upon return to Ecuador—which is an extreme hardship for lower income indigenous people, as well as for Ecuadorian witnesses that need to earn a living.

Therefore, it is our request that all witnesses currently outside the U.S. should be allowed to testify remotely due to the dangers and complicating factors of global travel during a global deadly pandemic—especially given the inability for the U.S. to control the spread of the virus, and the fact that we are the country with the highest rate of COVID-19 cases at this time—no one in their right mind would want to travel from another country to the U.S. to testify at a misdemeanor bench trial that should not be happening at all.

On a related matter, I wish to point out that as far as I know, Mr. Frisch has not contacted any of these witnesses. He is not returning my calls or emails.

Sincerely,

*/s/ **Lauren C. Regan*** *(electronic signature)*
Lauren C. Regan, OSB#970878
Attorney at Law
Civil Liberties Defense Center
1430 Willamette St. #359
Eugene, OR 97401
lregan@cldc.org