Protass Law PLLC

260 Madison Avenue
22nd Floor
New York, NY 10016

T: 212-455-0335
F: 646-607-0760
hprotass@protasslaw.com

September 4, 2020

<u>VIA ECF</u>

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>United States v. Steven Donziger, Case No. 19-CR-561 (LAP)</u>

Dear Judge Preska:

  As the Court knows, this firm represents Andrew J. Frisch, Esq. in connection with his September 2, 2020 motion (Docket No. 157) to vacate that portion of this Court's August 28, 2020 Order (Docket No. 149) directing him to appear as counsel for defendant Steven Donziger at trial beginning on September 9, 2020.  We write briefly in reply to the special prosecutor's submission earlier today (Docket No. 165) in response to Mr. Frisch's motion.

  <u>First</u>, the special prosecutor argues that this Court should deny Mr. Frisch's motion because he did not purportedly claim in his September 2, 2020 declaration that "his continued representation of Mr. Donziger would cause him to *violate* the Rules of Professional Conduct or expose him to the possibility of sanctions" (emphasis added).  The special prosecutor's argument misses the point.  In particular, Rules 1.16(c)(4) and 1.16(c)(7) of the N.Y. Rules of Professional Conduct specifically provide, respectively, for withdrawal when a client "insists upon taking action with which the lawyer has a fundamental disagreement" and when a client "fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."  The particulars concerning both such grounds for withdrawal are set forth in Mr. Frisch's September 2, 2010 declaration.

  <u>Second</u>, the special prosecutor argues that Mr. Frisch's fee dispute with Mr. Donziger is "not usually a sufficient basis to permit an attorney to withdraw from representation" (internal quotation marks and citations omitted).  Again, the special prosecutor is wrong.  In particular, Rule 1.16(c)(5) of the N.Y. Rules of Professional Conduct specifically provides for withdrawal when a client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."  The particular circumstances concerning that fee dispute are set forth in Mr. Frisch's September 2, 2020 declaration.

Third, the special prosecutor suggests that the fact that approximately one week passed between this Court's August 24, 2020 Order reinstating Mr. Frisch and Mr. Frisch's August 31, 2020 advising of this Court that that he cannot represent Mr. Donziger at trial somehow precludes Mr. Frisch from making the motion that he made or somehow precludes this Court from granting Mr. Frisch's motion.  As detailed in his declaration, Mr. Frisch takes his professional responsibilities to this Court (and to his clients) seriously and spent a considerable amount of time "consulting several professional colleagues at great length" concerning the issues presented in his motion as well as asking the undersigned to represent him (and bringing the undersigned up-to-speed concerning the issues presented herein and the instant matter more broadly).  In other words, we respectfully submit that Mr. Frisch acted responsibly with respect to the timing of his advisement of this Court concerning his inability to represent Mr. Donziger at trial.  In any event, the special prosecutor's argument wrongly suggests that the timing of Mr. Frisch's motion is more important than the substance of that motion.

Finally, the special prosecutor suggests that Mr. Frisch's motion should be referred to a magistrate judge for adjudication because of the concerns he raised in his September 2, 2020 declaration concerning disclosure of more detailed information to this Court about his conflicts with Mr. Donziger and his inability to represent Mr. Donziger at trial.  If the Court wishes to receive such additional detail from Mr. Frisch (as the special prosecutor suggests it should be willing to receive in arguing that courts holding bench trials routinely "disregard extrajudicial statements regarding the defendant" and "routinely hear inadmissible evidence") (internal citations and quotation marks omitted), Mr. Frisch will submit a supplemental declaration (*ex parte* and under seal) detailing the breakdown of his attorney-client relationship with Mr. Donziger.  Such a supplemental declaration would, however, necessarily contain detail concerning Mr. Donziger's defenses and his relationship with this Court.  Alternatively (and as the special prosecutor suggested), Mr. Frisch could submit such a supplemental declaration to a magistrate judge (again, *ex parte* and under seal).

Regardless, if this Court believes that it does not have sufficient information concerning the breakdown of Mr. Frisch's attorney-client relationship with Mr. Donziger *to grant* Mr. Frisch's motion, we respectfully submit that either this Court or a magistrate judge should receive and consider a supplemental declaration from Mr. Frisch *before* adjudicating his motion.  By contrast, if this Court determines that it has sufficient information to adjudicate Mr. Frisch's motion without his supplemental declaration, we nevertheless respectfully request leave from the Court to file Mr. Frisch's supplemental declaration (*ex parte* and under seal) as a court exhibit for purposes of completing the record herein.  Finally, Mr. Frisch is prepared to submit his supplemental declaration in short order if this Court determines to receive such a supplemental declaration from him or determines to direct his motion to a magistrate judge.[1]

---

[1] Footnote 1 of the special prosecutor's submission earlier today notes what it portrays as different explanations for the breakdown of Mr. Frisch's attorney-client relationship with Mr. Donziger.  The special prosecutor quotes Richard Friedman as saying that that relationship broke down because of "the inability to get the additional funds to Mr. Frisch that caused him to withdraw from the case."  Mr. Friedman, though, was not privy to all of Mr. Frisch's communications with Mr. Donziger.  Additionally, Mr. Frisch has advised me that he had one brief telephone call with Mr. Friedman after August 24, 2020 in which Mr. Friedman stated that he realized that Mr. Frisch's attorney-client relationship with Mr. Donziger had broken down.

Accordingly and for all of the foregoing reasons as well as all of those detailed in Mr. Frisch's September 2, 2020 declaration, we respectfully submit that this Court should enter an Order vacating that portion of its August 28, 2020 Order (Docket No. 149) directing Mr. Frisch to appear as counsel for defendant Steven Donziger at trial beginning on September 9, 2020.

        Respectfully submitted,

        /s/

        Harlan Protass

cc:   All counsel of record (via ECF)