**Offit | Kurman**
Attorneys At Law

Trust. Knowledge. Confidence.

**Martin Garbus, Esq.**
**Principal**

September 14, 2020

Judge Loretta A. Preska
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      *Re: Letter Motion to Recuse Judge Loretta Preska*

Dear Judge Preska,

I write to express my grave concern with your handling of *United States v. Donziger* and to respectfully request that you recuse yourself. At a minimum, the court must grant an evidentiary hearing before a neutral judge into the critical issues of bias, conflicts of interest, and *ex parte* communications raised in this letter that are at issue in a case where you are presiding and that also raise questions about your own role (and potential misconduct) in these same matters.

      *Flagrant Bias and Violations of Judicial Ethics*

I do not make this request lightly. In my 60 years practicing law and as a trusted officer of this Court, I have never witnessed the level of flagrant bias evident in the Court's mishandling of the contempt charges in this case — arguably made worse by the fact the "accused" is a respected human rights attorney and the only lifeline to 30,000 people in the Amazon of Ecuador whose lives are in danger because of pollution caused by Chevron as confirmed by multiple courts in Ecuador and Canada. Foundational judicial canons are at risk and cannot escape damage unless the matter is reassigned at random to another judge and a disinterested prosecutor. Canon 3(C)(1), establishing that "a judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned," requires you to recuse yourself.

Each stage of this criminal matter has seen, frankly, obvious expressions of bias that should lead any fair-minded judge to recuse herself. Since you seem to give little weight to how the requirements of the Canons might apply to your own actions in this case, I feel compelled to highlight some of my concerns. Each of the following circumstances violate the spirit of the Judicial Conference's Canons of Judicial Conduct and Article Two of the Rules for Judicial-Conduct and Judicial-Disability Proceedings. Any of these instances alone would warrant a judge's recusal— taken together, they require it.

      *Judge Kaplan's Secretive Role*

First, as I understand them, the circumstances surrounding your acceptance of this case from Judge Lewis Kaplan, and the secretive role he continues to play in it, have cast a shadow of illegitimacy

Offit | Kurman
Attorneys At Law

Trust. Knowledge. Confidence.

Judge Loretta A. Preska
September 11, 2020
Page 2 of 4

over the matter since its inception.[1] Several concrete avenues exist in the Court's standing rules for transferring cases, especially when one or more of the judges involved is a Senior Judge. However, you have declined to say how or why you came to sit on this case, even when asked in court. This, along with your refusal to explain what role Judge Kaplan continues to play and the nature and extent of your communications with him about this matter, creates, at the very least, an appearance of significant impropriety.

To make matters worse, the information that is publicly available about this arrangement flies in the face of judicial ethics standards. Judge Kaplan clearly has continued to communicate *ex parte* with his own court-appointed prosecution in the case before this Court—a textbook violation of the Rules for Judicial-Conduct and Judicial-Disability Proceedings' bar on "improper *ex parte* communications with parties or counsel for one side in a case." Art. II § 4(a)(1)(A). More alarming still, that prosecutor (Rita Glavin) works for a Chevron-linked law firm (Seward & Kissel) that in the name of the "United States government" is prosecuting and detaining Chevron's main critic and the attorney who won a large pollution judgment against the company. Given that you are communicating with Judge Kaplan about this case (and he has refused to recuse himself), there is the additional danger that you are in effect (via Judge Kaplan) communicating *ex parte* with Ms. Glavin behind Mr. Donziger's back. If this were not happening, you obviously would put it on the record and not try to block attempts by Mr. Donziger's counsel to seek a hearing about the conflicts and potential misconduct related to Ms. Glavin, her law firm, and Judge Kaplan.

Also deeply concerning is that this is a criminal contempt matter where Judge Kaplan plays multiple roles normally reserved for different branches of government. Judge Kaplan is the accuser (a role normally reserved for the federal prosecutor, who notably refused to prosecute the charges); the supposed victim; and also a presiding judge who tried initially tried to create the appearance of recusal from this matter. When later challenged by Mr. Frisch for making rulings in the civil case that clearly compromised Mr. Donziger's rights in the criminal contempt case, Judge Kaplan shifted course and said he did not actually recuse himself after all. Your continued and inexplicable refusal to order the private prosecutor to divulge the contents of her communications with Judge Kaplan seems to fit a pattern of helping Judge Kaplan and Ms. Glavin sweep these serious ethics violations under the rug to deprive Mr. Donziger of his full rights to challenge them and to keep them hidden from the public.

---

[1] It bears noting that 37 legal organizations recently filed an extensive ethics complaint against Judge Kaplan documenting his years-long animus toward Steven Donziger. https://iadllaw.org/2020/09/more-than-200-lawyers-file-judicial-complaint-against-judge-lewis-a-kaplan-over-abusive-targeting-of-human-rights-advocate-steven-donziger/

Judge Loretta A. Preska
September 11, 2020
Page 3 of 4

### *Mistreatment of Mr. Donziger and Favoritism Toward "Prosecutor"*

Your partiality is also apparent from your treatment of Mr. Donziger during hearings. Your recent characterization of Mr. Donziger's legal filings as mere "machinations" is just one example of a pattern of your casting his legitimate work to defend himself as deceitful, in the manner of an antagonistic litigant. Order at 3, Dkt. 168, Sept. 4, 2020. This is even more egregious given that you are the sole trier of fact in this case. Continuing to set such a tone in favor of the prosecution would be a shocking abdication of impartiality in any case, but the problem is especially acute here given the nature of the litigants and the contempt context where the Supreme Court has instructed trial courts to take particular care to avoid bias and to preserve the integrity of the judiciary. After the U.S. Attorney's office refused the charges against Mr. Donziger, Judge Kaplan assigned the case to a private law firm with extensive financial ties to the oil and gas industry that for months failed to disclose its ties to its client Chevron while it pushed for Mr. Donziger's pre-trial detention on a misdemeanor — a detention that serves no legitimate public purpose, but provides to Chevron and Judge Kaplan the benefit of keeping Mr. Donziger locked up instead of working with a team of international lawyers to enforce the Ecuador judgment in other jurisdictions where Judge Kaplan's RICO findings (already rejected by four appellate courts in Ecuador) would be under scrutiny from a neutral court.

### *Scheduling Mr. Donziger's Trial on Election Day When Counsel Not Available*

Your recent decision to reschedule Mr. Donziger's bench trial on election day, of all days, is also concerning. It comes across as an attempt to diminish public scrutiny and media coverage of Mr. Donziger's bench trial. Worse, it will further ensure he does not get the representation to which he is entitled by the Constitution. Attorney Ron Kuby submitted an affidavit to the Court attesting to his availability to represent Mr. Donziger on December 7. Decl. at 2, Dkt. 148-1. The reasonable thing to do would be to reschedule the trial for a date where Mr. Donziger's counsel of choice can actually be available and have enough time to properly prepare, especially given that the prosecution has turned over 125,000 pages of documents and Mr. Donziger has numerous witnesses living in foreign jurisdictions. Setting the trial for Dec. 7 would let Mr. Donziger replace his two lead attorneys—Rick Friedman and Zoe Littlepage, recently disqualified in your Court due to circumstances initiated independent of Mr. Donziger—with Mr. Kuby. Instead, you chose a date where you knew Mr. Kuby would not be available and when every American (including Mr. Donziger and all counsel) has another important civic duty in a particularly important election.

Taken with the fact that Mr. Donziger is the first attorney ever to be held in custody by this Court pre-trial on a contempt charge for even one day —and in this case, he has been held for *13 months on a misdemeanor charge*—the court's displays of prejudice stain the entire proceeding with an

**Offit | Kurman**
Attorneys At Law

Trust. Knowledge. Confidence.

Judge Loretta A. Preska
September 11, 2020
Page 4 of 4

air of vindictiveness. In my opinion, each instance of bias described above far surpasses those found by the Second Circuit in *Floyd v. City of New York*, 959 F. Supp. 2d 540 (S.D.N.Y. 2013). In that case — unlike the court in this matter — Judge Scheindlin disclosed how she was assigned and she did not actively conceal the role of other judges in the litigation or their *ex parte* commu-nications with litigants. You have concealed each of these disturbing features of this litigation and actively blocked any inquiry into them.

In issuing a stay and reassigning the case to a different judge, the Second Circuit in *Floyd* noted that "the appearance of impartiality was compromised" by Judge Schiendlin and that Canons 2 and 3 had been violated by her questionable use of Local Rule 13(a) governing case assignment.[2] Afterward, you were quoted saying that subsequent changes to the standing rules governing case assignment and transfer were intended "to maximize the randomness of the assignment of cases" and to "increase transparency" because "randomness is so important . . . to try to avoid judge-shopping."[3] If only you had heeded your own advice here.

All of this amounts to a remarkable disregard for the fundamental requirement that judges avoid harboring prejudice against a defendant before a fair trial has adjudicated criminality. The fact these displays of prejudice (and this latter is not exhaustive on that issue) are happening in a case where you have denied Mr. Donziger a jury, have threatened him with prison before any trial where evidence can be presented, and are the sole finder of fact makes this all the more concerning. I have never seen a degree of bias like what I've seen from the Court in the matters related to Mr. Donziger. What we have here appears to be an instance of a judge acting as a partisan litigant on behalf of the prosecution in a case before her, rather than as a neutral finder of facts. I therefore urge you to recuse yourself from this case so that it may be adjudicated according to canonical requirements of impartiality and fairness.

/s/
Martin Garbus, Esq.
Principal
Offit Kurman, P.A.

---

[2] Order issuing stay at 2-3, *Ligon, v. City of New York*, *Floyd v. City of New York*, Nos. 13-3123, 13-3088 (2d Cir. 2013); Katherine A. Macfarlane, *The Danger of Nonrandom Case Assignment: How the Southern District of New York's "Related Cases" Rule Shaped Stop-and-Frisk Rulings*, 19 MICH. J. RACE & L. 199, 222-23 (2014).
[3] "Federal Court Alters Rules on Judge Assignments," NY TIMES, Dec. 24, 2013 at A19.