

**CLDC**
1430 Willamette St. #359
Eugene, OR 97401
Phone: 541-687-9180  Fax: 541.804.7391
E-Mail: lregan@cldc.org  Web: www.cldc.org

October 18, 2020
**VIA ECF**
Honorable Loretta A. Preska
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  **RE:** *United States v. Steven Donziger*, No. 19-CR-561 (LAP); 11-CIV-691 (LAK)

Dear Judge Preska:

I write to provide a status update regarding the work that I have been undertaking as the current sole attorney of record working on this complex case.

To reiterate, Mr. Donziger is not consenting to a criminal trial by Zoom with either lawyers or witnesses appearing remotely. Such a trial would violate several of his Sixth Amendment and due process rights to the Constitution, would run afoul of the warning by Justice Scalia regarding virtual testimony, and is not even feasible from a practical perspective. In an attempt to demonstrate my good faith efforts in trying to comply with the Court's demand to do a trial on Nov. 4 without counsel for Mr. Donziger present, I have spent days trying to understand how witnesses might appear to offer testimony. In sum, I have made the following attempts:

(1)  Relevant witnesses from Ecuador:  Luis Yanza, Ermil Chavez, Patricio Salazar, Juan Pablo Saenz, Domingo Peas.
  These defense witnesses are voluntary witnesses willing to appear in the SDNY for trial on or about November 6-11, 2020.
  However, due to the global COVID-19 pandemic, travel to the U.S is prohibited for health reasons.  Ecuador is currently at level 3 out of 4 on the COVID risk scale (avoid non-essential travel).  Health concerns are exacerbated for indigenous peoples and rural inhabitants who live traditionally in the provinces of Sucumbios and Orellana in the Amazon, due to immunity issues and lack of access to healthcare.
  Further, my office has attempted to contact the U.S. embassy in Ecuador's capital of Quito.  The offices of the U.S. embassy in Quito are closed except for U.S. citizen emergencies or deaths.  See below.  In the event we need to utilize a compulsory process to compel the appearance of witnesses to testify, requests for service are made under the Inter-American Convention on Letters Rogatory and Additional Protocol which must be sent to the U.S. Department of Justice's contractor, Process Forwarding International (PFI), for transmission to the Ecuadorian Central Authority.  No timeframe was able to be provided regarding the length of

1

time that would take to accomplish but given that the witnesses are willing to appear voluntary that process does not appear necessary.

(2) Relevant witnesses from Spain:  Simon Taylor (rural area outside of Barcelona), John Campbell (Madrid).

Mr. Taylor is a voluntary witness willing to appear in the SDNY for trial on or about November 6-11, 2020.  I have not been able to secure communication with Mr. Campbell at this time but continue efforts daily.

Mr. Taylor has indicated he will file objections to his appearance on Nov. 4 due to the global COVID-19 pandemic and the spiking number of cases in Spain. Spain recently reinstated lockdowns and quarantines resulting in travel to the U.S being prohibited, as well as non-essential travel within Spain.  Spain is currently at level 3 out of 4 on the COVID risk scale. https://wwwnc.cdc.gov/travel/notices/warning/coronavirus-spain.  Mr. Taylor has been quarantined in rural Barcelona for health reasons (severe asthma) and cannot travel to Barcelona at this time even if such travel would be permitted by the government of Spain.  Without the pandemic, Mr. Taylor would travel to New York to attend the trial. He traveled here last year to testify on behalf of Mr. Donziger's bar hearing.

I continue to attempt communications with Mr. Campbell, which I understand is challenging because he is working and/or residing remotely to avoid health impacts from the global pandemic.

According to the U.S. Embassy in Spain, they are not permitting witness testimony from within the consulate offices due to the global COVID-19 pandemic. See Ex. A (embassy communications).

(3) Relevant witnesses from Canada:  John Phillips (Toronto), Rex Weyler (Cortes Island)

These defense witnesses are voluntary witnesses willing to appear in the SDNY for trial.

However, due to the global COVID-19 pandemic, travel to the U.S is prohibited for non-essential reasons and requires a two-week quarantine upon return to the Canada.  I expect Mr. Phillips and Mr. Weyler to file objections based upon the travel restrictions and the hardships of a two-week quarantine upon return to Canada.  In addition, Mr. Phillips has co-morbidities that prevent him from flying at this time per his doctor's orders.  Mr. Weyler is 73 years old and lives on a remote island and is part of a vulnerable population that is not advised to take health risks of exposure to COVID-19.

According to the U.S. Embassy offices in both Quebec and Vancouver, the offices are only open for emergency U.S. citizen purposes (such as deaths) are not permitting witness testimony from within the consulate offices due to the global COVID-19 pandemic. See Ex. A (embassy communications).  If compulsory process were required, Spain is a party to the Hague Service Convention.  Since Mr. Taylor is a British citizen, it is unclear whether this process would apply to him, nor is the timeframe to accomplish compulsory service known at this time.

(4) Relevant witnesses from within the United States:

The following witnesses have been, or in the process of receiving subpoenas to appear in Court on or about November 6-11, 2020.

Kevin Koenig**,** Oakland, CA, Jennifer Wynn, New York, New York, Jim Tyrell, New Jersey.  I do not know whether these witnesses will file objections or motions regarding their global pandemic health or travel risks and restrictions.

I am in the process of issuing subpoenas and making contact with the following anticipated witnesses: Ted Dunkelberger, Washington, DC, Anthony Abbiati, Julio Gomez, Ellen Yaroshefsky.

I am continuing to do my best to prepare for this trial date, but as the sole attorney of record working on the case, I continue to believe that I cannot render effective assistance of counsel within the time frame demanded by the Court. The prosecution (three private lawyers) has had since at least August 6, 2019, to prepare for this trial—15 months. I became an attorney of record on this case with three other lawyers on May 28, 2020, and was assigned a discrete part of the defense to work on and advance on behalf of the overall team; I was not the lead lawyer and never agreed to be the lead lawyer. On August 28, 2020, Judge Preska removed the remaining two attorneys, including lead attorney Richard Friedman, as a result of Seward & Kissel's last-minute *Curcio* motion that resulted in the elimination of Mr. Donziger's two longer-term counsel. Attorney Martin Garbus, who had to withdraw for health and ethical reasons on October 5, 2020, indicated for weeks he could not be in court due to the health risks posed by the pandemic, and as a result has now been forced to resign as an attorney of record because the Court is unwilling to schedule a trial when it is safe to do so, including for people over 70 years old who are at high risk. Thus, on or about August 28, 2020, I became the only attorney left working on this case.

The following week, on or about September 9, 2020, unprecedented wildfires swept the West Coast, including where I live. https://ktla.com/news/nationworld/unprecedented-wildfires-ravage-oregon-destroying-hundreds-of-homes/. My cabin was burned and destroyed, and my entire community was in various states of evacuation, homelessness, and devastation. See Ex. B, photo of ash pile that was my cabin. My primary residence and community was then subjected to two-weeks of unprecedented hazardous air quality. https://grist.org/climate/oregons-air-quality-is-so-far-beyond-hazardous-that-no-one-knows-what-it-means-for-health; https://www.opb.org/article/2020/09/15/oregons-air-is-so-hazardous-its-breaking-records. I had to evacuate my home and was unable to work for approximately two weeks.

That means that as of today's date, I have been assigned the lead counsel role and am solely defending this case for trial with only three weeks (Sept. 20—Oct. 16) to prepare. I am the executive director of a nonprofit civil rights organization, responsible for supervising several other lawyers and staff, and have over twenty other civil and criminal cases around the country that I am responsible for in the midst of a global pandemic. I simply cannot stop working on all my other cases to solely focus on this one case and even if could I could not offer effective assistance in the time allowed for the reasons stated herein. I agreed to assist Mr. Donziger pro bono on a limited basis due to my current caseload. If the trial date holds, I will be forced to fly across the country against the advice of my doctor, or commit unethical malpractice by succumbing to a virtual criminal trial without the consent or agreement of Mr. Donziger who has already faced numerous unconstitutional affronts during the pendency of this prosecution and should not be forced to waive any further constitutional rights while also facing the threat of federal imprisonment during a global pandemic. It is a dangerous precedent to erode the rights of a criminal defendant by forcing virtual criminal trials using old, out of date online platforms that were never meant to conduct trials. The American Bar Association and numerous courts around the country have all sounded the alarm of placing pragmatism before due process and cautioning against virtual criminal trials unless all parties consent. Mr. Donziger does not consent.

Further, I have never even met my client (Mr. Donziger) in person and cannot adequately prepare him to testify, as is his right, from across the country. Normally I would make several trips to NY in order to work with, and prepare the case with my client in person—and since he is on house arrest—that requires me to travel to his home. The pandemic has forestalled those plans and my doctor has advised against cross-country flights unless my life depends on it.

Meanwhile, I could have been joined by the in-person appearance of Ronald Kuby, an experienced New York-based criminal defense co-counsel who knows Mr. Donziger for many years and could help prepare and try the case, but for the Court's inexplicable refusal to reschedule this trial date to a date that was viable for Mr. Kuby. In over 23 years of trying federal and state criminal cases, I have never experienced such unwillingness to work with the attorneys to find a trial date that accommodates the lives of the attorneys as well as ensures the safety and due process of the court. Despite the fact that Mr. Donziger has been on home detention for over a year regarding these *petty charges*, he is not forcing a trial date during a global pandemic—he recognizes that it is unsafe and untenable to hold a fair trial under these unforeseen and uncontrollable circumstances, and he himself is concerned about being exposed to the pandemic given his age and recent bout with pneumonia. It just does not make any sense that the Court would prioritize this misdemeanor, nonviolent, out of custody, criminal contempt case against a lawyer, that was filed by Judge Kaplan just 14 months ago—at least 8 of those months during the global surge of COVID-19, and where the underlying civil contempt orders are currently on appeal to the 2nd Circuit and have not been ruled upon yet.

There are scientific measures that would permit the court and parties to ascertain when a safe trial could be conducted in person—this is not an "indefinite delay." The parties could engage in a status hearing every 6-8 weeks to determine whether infection rates are in a range that allows for international travel and a safe public trial. I again urge the court to do the reasonable thing and grant a continuance until such time that a safe trial can be held that also satisfies constitutional due process.

Sincerely,

*/s/ **Lauren C. Regan** (electronic signature)*
Lauren C. Regan, OSB#970878
Attorney at Law
Civil Liberties Defense Center
1430 Willamette St. #359
Eugene, OR 97401
lregan@cldc.org