UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------

UNITED STATES OF AMERICA

    -against-

STEVEN DONZIGER,

        Defendant.

19-CR-561 (LAP)
11-CV-691 (LAK)

ORDER

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

    Two months ago, the Court entered an order addressing the possibility of allowing certain witnesses to testify remotely by video at Mr. Donziger's upcoming trial. (Dkt. no. 124.) That order stated that for any defense witness who cannot attend trial in person given the COVID-19 pandemic, "Mr. Donziger may move to admit [the witness's] testimony via live video, and the Court will consider those applications on a case-by-case basis." (Dkt. no. 124 at 6.) Mr. Donziger has indicated that he would like to have at least nine witnesses testify by video (see dkt. nos. 153, 166, 180, 182), but, at this point, he has not supplied enough information for the Court to determine whether video testimony is warranted for any of his proposed witnesses.

    To allow the Court to make that determination, Mr. Donziger shall submit a letter by no later than October 26 providing additional details on (i) the subject matter of each proposed video witness's testimony and (ii) proposed procedures for

ensuring that the testimony is reliable.  With respect to subject matter, Mr. Donziger must supply enough detail for the Court to determine whether each witness's testimony will be "material" -- i.e., that it will be "highly relevant to a central issue in the case" or "challenge central aspects of the government's allegations."  United States v. Buck, 271 F. Supp. 3d 619, 622-23 (S.D.N.Y. 2017) (denying motion to introduce testimony by video when defendant failed to show that the testimony would be material); United States v. Mostafa, 14 F. Supp. 3d 515, 521 (S.D.N.Y. 2014) (noting that courts only permit video testimony at trial when, among other conditions, "the witness's testimony is material").  To avoid revealing his defense strategy to the prosecution before trial, Mr. Donziger may make these materiality proffers ex parte and in camera.

In addition, for each remote witness, Mr. Donziger shall describe procedures that can be implemented to ensure that the video testimony has adequate "indicia of reliability."  See United States v. Banki, No. 10 Cr. 08 (JFK), 2010 WL 1063453, at *2 (S.D.N.Y. Mar. 23, 2010).  The Court notes that nine of Mr. Donziger's proposed remote witnesses reside outside the United States and that, ordinarily, the preferred procedure is to have foreign witnesses give video testimony from inside a U.S. consulate or embassy.  See, e.g., United States v. Guild, No. 07 Cr. 404 (JCC), 2008 WL 191184, at *4 (S.D.N.Y. Jan. 17, 2008)

2

(testimony given before consular officials).  It appears, however, that this option is not available for Mr. Donziger's international witnesses, as the COVID-19 pandemic has disrupted the operations of the consulates and embassies in the countries where they live.  (See dkt. no. 180.)  Mr. Donziger shall nonetheless propose a set of procedures that can be followed for each witness to ensure that adequate "measures [are] in place to safeguard the important interests at stake in criminal proceedings."  See Guild, 2008 WL 191184, at *3.  While the Court will not prejudge Mr. Donziger's proposals, it notes that the case law reflects a deep skepticism about the reliability of remote testimony from witnesses who cannot be extradited to the United States in the event they commit perjury and that several of Mr. Donziger's proposed video witnesses live in Ecuador, which does not permit extradition.  See, e.g., Banki, 2010 WL 1063453, at *2-3 ("Without the teeth of the penalty of perjury, the oath becomes nothing more than an empty recital.").

    Mr. Donziger shall make the disclosures outlined above by no later than October 26 at 9:00 a.m.  He shall file his subject matter proffers ex parte and in camera and his proposed procedures for ensuring the reliability of the video testimony on the public docket.  The Government may respond to his

proposed procedures by October 27 at 5:00 p.m., and Mr. Donziger may reply by October 28 at 5:00 p.m.

SO ORDERED.

Dated:  October 22, 2020
        New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.