UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -against-

STEVEN DONZIGER,

        Defendant.

19-CR-561 (LAP)
11-CV-691 (LAK)

ORDER

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

    On October 22, 2020, Mr. Donziger moved to adjourn his November 4 trial date for reasons related to the COVID-19 pandemic.  (Dkt. no. 187.)  Mr. Donziger made a similar motion on July 29, when trial was scheduled to begin on September 9, and the Court denied that motion and Mr. Donziger's follow-on motion for reconsideration.  (Dkt. nos. 111, 124, 130, 132, 145.)[1]  Mr. Donziger's latest motion to adjourn raises three arguments: (1) COVID-19 will prevent defense witnesses from attending trial; (2) allowing one of the Government's witnesses, David Zelman, to testify via live video rather than in person will violate Mr. Donziger's rights under the Sixth Amendment's

---

[1] The Court ultimately adjourned the trial from September 9 to November 4 following the conclusion of a <u>Curcio</u> hearing.  (Dkt. nos. 168, 172.)

1

Confrontation Clause; and (3) COVID-19 safety measures may undermine Mr. Donziger's right to effective assistance of counsel. While the Court will await full briefing before ruling on the first and third issues, it has already rejected Mr. Donziger's argument about Mr. Zelman's video testimony, and Mr. Donziger has not established that reconsideration of that ruling is warranted. Accordingly, the motion to adjourn based on Mr. Zelman's video testimony and non-attendance at trial, which the Court treats as a motion for reconsideration, is DENIED.

"The standard for granting motions for reconsideration is strict, and a court may grant reconsideration only where the moving party demonstrates an 'intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Alvarez-Estevez, No. 13 Cr. 380 (JFK), 2014 WL 12681364, at *1 (S.D.N.Y. Nov. 6, 2014). Under Local Criminal Rule 49.1(d), the party seeking reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Crim. Rule 49.1(d). "Where a motion restates arguments already presented or attempts to advance new facts, however, 'the motion for reconsideration must be denied.'" Alvarez-Estevez, 2014 WL 12681364, at *1.

The Court has already rejected Mr. Donziger's arguments about Mr. Zelman's non-attendance at trial in several prior

2

orders.  First, on July 29, Mr. Donziger moved to adjourn his trial (then scheduled for September 9) on grounds that, among other things, a Government witness later identified as Mr. Zelman was unwilling to travel to New York because of COVID-19 and that permitting Mr. Zelman to testify at trial by video would violate Mr. Donziger's Sixth Amendment rights.  (See dkt. nos. 111, 119.)  The Court denied Mr. Donziger's motion, observing that, depending on Mr. Zelman's circumstances, the strictures of the Sixth Amendment might not preclude him from testifying via video.  (See dkt. no. 124.)  In the wake of that order, the Government submitted a motion outlining the medical reasons and legal basis for Mr. Zelman to testify by video, and the Court granted that motion over Mr. Donziger's opposition in an order dated August 31.  (Dkt. nos. 134, 140, 152.)  In that order, the Court concluded that Mr. Zelman was at heightened risk of serious health complications if he were to contract COVID-19, that the Government had proposed adequate procedures to ensure the reliability of his testimony by video, and that the video testimony would comport with the requirements of the Sixth Amendment as construed in Maryland v. Craig, 497 U.S. 836 (1990), United States v. Gigante, 166 F.3d 75 (2d Cir. 1999), and related decisions.  (Dkt. no. 152.)

Mr. Donziger's instant motion is premised on the exact same argument the Court previously rejected -- i.e., that Mr. Zelman's

inability to attend trial requires an adjournment (see dkt. no. 187 at 12-13)--but he does not establish that reconsideration of the Court's prior ruling is warranted.  First, although Mr. Donziger claims that the Court must "update[]" its decisions regarding Mr. Zelman because they were issued when trial was set for September 9 rather than November 4, as is now the case, he does not explain how the later trial date makes any difference in the legal analysis, and the Court finds that it does not.  Nor has Mr. Donziger identified any intervening change in controlling law.  Indeed, the only new case he cites is from a Kansas district court, United States v. Pangelinan, No. 19 Cr. 10077 (JWB), 2020 WL 5118550 (D. Kan. Aug. 31, 2020), which, of course, is not binding authority for this Court.  In substance, Mr. Donziger's renewed argument shows nothing more than his dissatisfaction with the Court's finding that Mr. Zelman's remote testimony would comport with the framework from Gigante and other cases.  It is axiomatic, however, that a one party's "disagreement with a court's legal analysis and conclusions as to a matter fully considered does not serve as sufficient ground to warrant reconsideration." R.F.M.A.S., Inc. v. MIMI So, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009).

    For the foregoing reasons, Mr. Donziger's motion to adjourn the trial so that Mr. Zelman can testify in person is DENIED.

The Court reserves decision on the remaining issues raised in Mr. Donziger's motion pending the close of briefing.

SO ORDERED.

Dated: October 23, 2020
       New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.