

**CLDC**
1430 Willamette St. #359
Eugene, OR 97401
Phone: 541-687-9180  Fax: 541.804.7391
E-Mail: lregan@cldc.org  Web: www.cldc.org

October 24, 2020
**VIA ECF**
Honorable Loretta A. Preska
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:    *United States v. Steven Donziger*, No. 19-CR-561 (LAP)

Dear Judge Preska:

      This letter is in response to this Court's Order of October 22, 2020, giving the defense one full business day to provide details on "(i) the subject matter of each proposed video witness's testimony and (ii) proposed procedures for ensuring that the testimony is reliable."  Dkt. 186, at 1-2.

      The defense objects to being forced to provide this information, and notes that a showing of the latter is, (as all parties and this Court recognize), functionally impossible during the current global pandemic.

      In a normal course *criminal* trial, the defense has an absolute right under the Sixth Amendment to sit mute, and make the prosecution prove each and every element of the offense beyond a reasonable doubt.  E.g., In re Winship, 397 U.S. 358 (1970).  As part of that right, the defendant need not disclose its witnesses, their prior statements, or the subject matter of their testimony until such time as the prosecution rests its case.  The idea that a defendant must "pre-clear" their witnesses with the Court and/or the prosecution, showing not just relevance but Rule 15 materiality, as well as "reliability" is anathema to the Sixth Amendment and the Federal Rule of Criminal Procedure.  Yet the Court (at the prosecution's urging) is imposing such procedures upon the defense--presumably upon pains of preclusion.  Mr. Donziger respectfully refuses to be bullied into relinquishing either his rights or his witnesses.

Sincerely,

**/s/ Lauren C. Regan** *(electronic signature)*
Lauren C. Regan, OSB#970878
Attorney at Law
Civil Liberties Defense Center
1430 Willamette St. #359
Eugene, OR 97401
lregan@cldc.org

1