**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES,<br><br>                Plaintiff,<br><br>   v.<br><br>STEVEN DONZIGER,<br><br>               Defendant. | Case No. 11-CR-0561 (LAP) |

**MOTION TO RECONSIDER AJDOURNMENT OF TRIAL OR IN THE ALTERNATIVE, TO ALLOW WITHDRAWAL OF COUNSEL**

**CIVIL LIBERTIES DEFENSE CENTER**
**Lauren Regan, Attorney at Law**
**On Behalf of Mr. Donziger**

For the reasons set forth in detail in the attached Declaration of Counsel, Mr. Donziger hereby moves for reconsideration of his Motion to Adjourn the trial date currently scheduled for November 4, 2020.  Counsel for Mr. Donziger resides in Oregon and is unable to safely travel to New York due to the COVID-19 pandemic; trying the case in person in the federal courtroom assigned puts Mr. Donziger and his attorney at undue health risk and does not permit for the effective assistance of counsel and attorney-client communications due to social distancing protocols; Mr. Donziger's necessary witnesses also cannot appear in the NY courtroom to testify due to COVID-19 health risks and travel restrictions which also renders his defense ineffective. Mr. Donziger does not consent to a tele-trial of the criminal charges pending, which carry a federal prison sentence, and thus Mr. Donziger's remaining counsel of record does not believe effective assistance can be provided if she is forced to appear in Oregon via Jabber to conduct this criminal trial.  See Ex. A, American Bar Association Resolution.  For all of these reasons, the trial must be adjourned until COVID rates are at safe levels for travel, which also protects the health of vulnerable people compelled to remain in enclosed space courtrooms for extended periods of time.  See also, Ex. B "Report of Monitors."

In the alternative, if an adjournment is not allowed, Counsel for Mr. Donziger believes she has a good faith duty to withdraw as his trial counsel.

NY Ethics Rule 1.16(b)(2) states that a lawyer shall withdraw if the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; and Rule 1.16(c)(9) states that a lawyer may withdraw if the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively; and (10) the client knowingly and freely assents to termination of the employment.

The COVID-19 global pandemic has interrupted and interfered with life as we know it.  As of today's date, a record number of COVID cases are surging around the country and many hospitals have run out of beds for the sick.  The CDC advises that all non-essential travel should be limited, and Counsel's own doctor advised the Court that she should not fly to New York "unless her life depended on it."  Dkt 119.   The inability of defendant's only remaining counsel of record to travel to New York for health reasons due to COVID materially impairs Counsel's ability to represent her client and/or renders it difficult for Counsel to carry out the representation effectively.  Due to the grave health concerns of cross-country travel to New York, the days or weeks required in a courtroom in close proximity to other people, and all of the additional reasons set forth in the attached Declaration, Mr. Donziger reluctantly assents to the termination of his remaining attorney because he does not want to force her to have to choose between her health and adequate representation in person at trial.

3

For all of these reasons, we respectfully ask the Court to reconsider an adjournment of this petty offense trial until a safe trial can be held. In the alternative, Counsel for Mr. Donziger reluctantly requests to withdraw as attorney of record.

Dated October 27, 2020.

Respectfully submitted,

*/s/ Lauren C. Regan*
Lauren C. Regan, *Pro Hac Vice*
Civil Liberties Defense Center
1430 Willamette St. #359
Eugene, Oregon 97401
541.687.9180 phone
Email: lregan@cldc.org
*Counsel for Steven Donziger*