UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    -against-

STEVEN DONZIGER,

            Defendant.

19-CR-561 (LAP)
11-CV-691 (LAK)

ORDER

---

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

   Before the Court is Mr. Donziger's latest motion to adjourn his trial until after the COVID-19 pandemic ends.  (Dkt. no. 187.)  By way of background, trial in this case was originally set for June 15, but the Court adjourned it to September 9 following the onset of the pandemic.  (See dkt. no. 87 at 5:12-18.)  On July 29, with trial drawing near, Mr. Donziger filed an initial motion to adjourn his trial until COVID-19 abates.  (Dkt. no. 111.)  The Court denied that motion but eventually postponed trial to November 4 following the conclusion of a Curcio hearing.  (Dkt. nos. 168, 172.)

   On October 22, again with trial fast approaching, Mr. Donziger filed the instant motion again asking to delay his trial until COVID-19 dissipates.  This time, Mr. Donziger principally argues that an adjournment is needed because (i)

1

some defense witnesses cannot testify at trial in person and (ii) COVID-19 safety protocols might undermine Mr. Donziger's right to effective assistance of counsel.[1]  The Government has opposed Mr. Donziger's motion (dkt. no. 193), and the Court directed Mr. Donziger to submit his reply brief by October 28, a deadline that was later extended -- at Mr. Donziger's request -- to October 29.  In the meantime, on October 27, Mr. Donziger's counsel, Lauren Regan, filed a motion for "reconsideration" addressing the same topics raised in Mr. Donziger's opening brief.  (See dkt. nos. 194 at 2, 195.)  Ms. Regan's characterization of her memorandum as a request for "reconsideration" is somewhat puzzling given that the motion for a continuance was still sub judice, but the Court will treat it as Mr. Donziger's reply brief.  In that submission, Ms. Regan asks for permission to withdraw as Mr. Donziger's counsel in the event the Court does not postpone the trial.

For the reasons set forth below, Mr. Donziger's motion to adjourn the trial until after the COVID-19 pandemic abates and Ms. Regan's request to withdraw are both DENIED.  The Court will

---

[1]   Mr. Donziger also asked the Court to reexamine its decision allowing one Government witness, David Zelman, to testify by video rather than in person.  The Court denied that aspect of Mr. Donziger's motion on October 23, and, although Mr. Donziger has objected to the Court's ruling, the Court adheres to it. (See dkt. nos. 187, 188, 192.)

nonetheless adjourn the trial for five days to Monday, November 9, to give Mr. Donziger time to propose procedures governing his remote witnesses' video testimony.[2] Additionally, the Court vacates the portion of its October 22, 2020 order (dkt. no. 186) directing Mr. Donziger to disclose the subject matter of his video witnesses' expected testimony.

I. Defense Witness Testimony

As the first part of his motion, Mr. Donziger yet again asks to postpone his trial saying that many of his witnesses live outside the country and cannot attend trial in person due to COVID-19 related health risks and travel restrictions. (Dkt. no. 187 at 4-11.) The Court already addressed and rejected this argument in its order denying Mr. Donziger's first motion for a continuance. (Dkt. no. 124.) There, the Court explained that "criminal defendants 'ha[ve] no constitutional right to present evidence through live, in-person testimony only" and that live video provides an alternative means for Mr. Donziger's foreign witnesses to testify. (Id. at 5-6); see also United States v. Saipov, 412 F. Supp. 3d 295, 300 (S.D.N.Y. 2019) (rejecting argument that defendant was entitled to have certain witness

---

[2] The Court notes that November 11 is Veteran's Day, which is a federal holiday. Counsel shall confer and inform the Court by no later than November 2 whether they do or do not wish to hold trial proceedings on that date. The Court will make itself available as the parties wish.

testify in person and noting that two-way video is a "widely recognized and legally sanctioned alternative[] to live, in-person testimony"). The same analysis applies to the argument Mr. Donziger raises in his new motion, which is also rejected.

Mr. Donziger's next objection concerns the Court's October 22 order (dkt. no. 186) directing him to propose procedures for ensuring the reliability of his video witnesses' testimony. Mr. Donziger notes that some of his witnesses live in Ecuador, which does not permit extradition on perjury charges, and argues that, for that reason, video testimony by those witnesses would be "legally infeasible." (Dkt. no. 187 at 7.)³ In support of this point, he cites two cases in which courts precluded remote testimony -- requested by the defense -- from witnesses located in countries that did not allow extradition, reasoning that that, with no extradition, there was no way to enforce the witnesses' oath to testify truthfully. See United States v. Banki, No. 10 Cr. 08 (JFK), 2010 WL 1063453, at *2 (S.D.N.Y. Mar. 23, 2010) ("Without the teeth of the penalty of perjury, the oath becomes nothing more than an empty recital."); United States v. Buck, 271 F. Supp. 3d 619, 624 (S.D.N.Y. 2017) ("[T]hese [Swiss]

---

³   Mr. Donziger also notes that for his international witnesses, testifying from inside a U.S. consulate, which is the preferred procedure for giving video testimony from outside the United States, is not an option given COVID-19's disruptions to consular operations. (Dkt. no. 187 at 5-6.).

4

witnesses' testimony may essentially be free of any penalty of perjury, calling into doubt the reliability of any of the potential testimony.").

The critical difference between Mr. Donziger's case and the decisions he cites, however, is that the defendants in Banki and Buck received jury trials whereas Mr. Donziger will receive a bench trial.  When the Court is the trier of fact, concerns about permitting evidence of questionable reliability--which is what drove the outcomes in Banki and Buck--are far less pressing.  The case law perhaps reflects this principle most clearly in decisions regarding the use of potentially unreliable expert evidence in bench trials.  In that context, courts have concluded that the proper course is to err on the side of admitting the evidence, explaining that "without the risk of poisoning the jury with misleading expert testimony of limited probative value, the Court can take in the evidence freely and separate helpful conclusions from ones that are not grounded in reliable methodology."  Joseph S. v. Hogan, No. 06 Civ. 1042, 2011 WL 2848330, at *3 (E.D.N.Y. 2011) (citation omitted); see also Van Alen v. Dominick & Dominick, 560 F.2d 547, 552 (2d Cir. 1977) ("the more prudent course in a bench trial [is] to admit into evidence doubtfully admissible records, and testimony based on them").  The Court concludes that this is the right approach with respect to video testimony from Mr. Donziger's foreign

witnesses.  Accordingly, and out of an excess of caution, the Court will not preclude those witnesses from testifying by video simply because they cannot do so from a U.S. consulate or embassy or because they are located in Ecuador.

That is not to say, however, that the Court will allow witnesses to testify via video without having any protocols in place to promote reliability.  For example, having a witness testify in a public café or in the presence of people who might coach him through his testimony would clearly be unacceptable.  Mr. Donziger must therefore comply with Court's October 22 order (dkt. no. 186) directing him to propose procedures to ensure the reliability of testimony for his video witnesses and shall do so by no later than November 2.  To ensure that the Government has time to respond and the Court has time to consider the proposals, the start of trial will be adjourned by five days to November 9.  To the extent that the conditions under which Mr. Donziger's witnesses testify are or are not conducive to truth-telling, the Court may take that into account in assessing their testimony and credibility.

Mr. Donziger's last argument regarding defense witnesses concerns the Court's October 22 order directing him disclose, on an ex parte and in camera basis, the subject matter of his remote witnesses' expected testimony.  (See dkt. nos. 186 at 4, 187 at 8-11.)  The Court issued that directive in light of the

case law treating the requirements for Rule 15 depositions -- including the requirement that the testimony be "material" -- as preconditions for using video testimony at trial.  See Buck, 271 F. Supp. 3d. at 622-23.  Mr. Donziger objects to the Court's order on grounds that it improperly forces him to show that his witnesses' testimony is "material" rather than just "relevant" under Federal Rule of Evidence 401.  Compare id. at 623 ("Testimony is material if it is 'highly relevant to a central issue in the case.'"), with Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").  Mr. Donziger also argues that the cases applying Rule 15's requirements in the video testimony context involved situations where the defendant was the one who wanted to have witnesses testify by video, which Mr. Donziger submits is not the case here.  Rather than video testimony, he seeks an indefinite adjournment until COVID-19 abates so that his witnesses can testify in person.

     The Court recognizes that the authorities on using video testimony of defense witnesses at trial generally require a showing of "materiality," but it nevertheless concludes, out of an excess of caution, that it makes little sense to impose that requirement here, given that this is a bench trial.  As the Court noted with respect to the foreign witness issue, "doubts

at a bench trial should be resolved in favor of admissibility." Dreyful Ashby, Inc. v. S/S "Rouen", No. 88 Civ. 2890, 1989 WL 151685, at *2 (S.D.N.Y. 1989); see also Bic Corp. v. Far Eastern Source Corp., 23 Fed. Appx. 36, 39 (2d Cir. 2001) ("[T]he admission of evidence in a bench trial is rarely ground for reversal, for the trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis."). Accordingly, the Court vacates the portion of its October 22, 2020 order (dkt. no. 186) directing Mr. Donziger to disclose the subject matter of his video witnesses' expected testimony.  Of course, to be admissible, the witnesses' testimony must satisfy the "relevance" standard under Federal Rule of Evidence 401.  The Court will make relevance determinations in the traditional manner on a witness-by-witness basis during trial.

  II.  Effective Assistance of Counsel and Attorney Withdrawal

   Setting aside the witness issues, Mr. Donziger contends that an adjournment is needed because COVID-19 safety measures, including social distancing, will limit his ability to communicate and pass notes to his attorney, Lauren Regan, at trial.  (Dkt. no. 187 at 14-17.)  This argument is meritless.

   Mr. Donziger's case is not the first to go to trial since the onset of COVID-19.  Indeed, over the past few months, the Southern District of New York has undertaken a massive campaign ensure that its facilities are safe and ready for trial in

COVID-19 conditions.[4]  With safety protocols in place, juries have now been selected in seven cases (six in Manhattan and one in White Plains), and last week, one criminal jury trial ended with a verdict.  See United States v. Collins, 19 Cr. 395 (PKC) (S.D.N.Y.).  To the extent Ms. Regan decides to attend trial in person, "whisper" phones are available in the courtroom so that she can communicate with her client while maintaining social distance.  To the extent Ms. Regan decides not to attend trial, there will be a telephone at the defense table that can also be used in the jury room so that Mr. Donziger can confer with counsel as needed.  The Court will address any other issues as they arise and take adequate steps to ensure that Mr. Donziger can communicate freely with his lawyer at all times.[5]

---

[4]   For instance, the Southern District of New York consulted extensively with multiple experts, including Amira Roess, PhD, MPH, an epidemiologist from George Mason University who has consulted for Federal Defenders, the Eastern District of New York, and the New York State Office of Court Administration; Rainald Lohner, Phd, an expert in fluid dynamics ventilation from George Mason University; and an expert from the Centers for Disease Control and Prevention regarding witness box and attorney podium protocols.  SDNY ran its COVID-19 safety plans by these experts and accepted their input on any changes.

[5]   Mr. Donziger states that if Ms. Regan does not to attend trial in person, he will not receive effective counsel and asks the Court to at least postpone trial until December 7 so that another lawyer, Ronald Kuby, can appear in person.  The Court already rejected Mr. Donziger's request for an adjournment to December 7 on two occasions and adheres to its prior ruling. (Dkt. nos. 158, 176.)  In any event, to the extent Mr. Donziger

(Continued on following page.)

Mr. Donziger also requests that if trial is not adjourned, it be held in the largest available courtroom. (Dkt. no. 187 at 18.) As the Court previously indicated, trial will take place in Courtroom 12A, with Courtroom 15A serving as an overflow room. (Dkt. no. 181.) The Court has inquired about the availability of larger courtrooms, but, unsurprisingly, they are reserved for jury trials, which require more people in the courtroom and more space to accommodate social distancing. The Court will continue to monitor the availability of larger courtrooms and inform the parties if one becomes available.

Finally, Ms. Regan has requested permission to withdraw as Mr. Donziger's counsel, citing professed concerns about

---

(Continued from previous page.)

is not physically joined by counsel in the courtroom, that is the direct consequence of a chain of decisions Mr. Donziger made throughout this proceeding. As noted in prior orders and hearings, Mr. Donziger declined to waive a potential conflict based on the participation of his two former lawyers, Richard Friedman and Zoe Littlepage, in the facts underlying one of the counts in the charging instrument. (See dkt. no. 149.) Mr. Donziger was aware of those facts when he retained Mr. Friedman and Ms. Littlepage, and the potential conflict was called to his attention by the Government and discussed with his prior counsel, Andrew Frisch, back in May. Mr. Donziger has also been aware of the adjourned trial date since September 4, when the Court postponed trial for 70 days -- the presumptive time from indictment to trial -- but he elected not to retain New York counsel or to fill out a financial affidavit for appointment of New York CJA counsel. (See dkt. no 176.) As the Court warned on October 5, Mr. Donziger "will not be permitted to manipulate the proceedings by [his] choice or nonchoice of counsel." (Id.) Mr. Donziger has made his bed and now must lie in it.

10

contracting COVID-19 if she comes to New York for trial and about the quality of her representation if she elects to participate remotely. (Dkt. no. 193.) That request is denied. "Whether to grant a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" Karimian v. Time Equities, Inc., No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (quoting Stair v. Calhoun, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010)). When deciding a withdrawal motion, one of the key factors is "the posture of the case" and whether the withdrawal will "disrupt[]" the proceedings. Id. at *3. Mr. Donziger's trial is set to begin in less than two weeks, and Ms. Regan is his only attorney of record. That said, there is no question that allowing Ms. Regan to withdraw would cause a massive disruption to the case. See Malarkey v. Texaco, Inc., No. 81 Civ. 5224, 1989 WL 88709, at *2 (denying lawyer's motion to withdraw when the case was "on the verge of trial readiness"). Ms. Regan's motion is therefore denied.

   III. Conclusion

   For the foregoing reasons: (i) Mr. Donziger's motion to continue trial until after COVID-19 dissipates (dkt. no. 187) is DENIED; (ii) Ms. Regan's motion to withdraw as counsel (dkt. no. 193) is DENIED; (iii) trial is adjourned to 10:00 a.m. on Monday, November 9; (iv) Mr. Donziger shall submit proposed procedures for remote witness testimony by no later than Monday,

November 2 at 5:00 p.m. EST, and the Government shall respond by Wednesday, November 4 at 5:00 p.m. EST; (v) counsel shall confer and inform the Court by no later than November 2 at 5:00 p.m. EST if they do or do not wish to sit on Veteran's day; and (vi) the Court vacates the portion of its October 22 order (dkt. no. 186) directing Mr. Donziger to disclose the subject matter of his witnesses' video testimony.

SO ORDERED.

Dated:  October 28, 2020
        New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.