# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

RITA GLAVIN
PARTNER
(212) 574-1309
glavin@sewkis.com

901 K STREET, N.W.
WASHINGTON, DC 20005
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

November 4, 2020

**VIA ECF**
Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Donziger*, No. 19 Cr. 561 (LAP); 11 Civ. 691 (LAK)

Dear Judge Preska:

      We write on behalf of the United States pursuant to the Court's October 28, 2020 order directing the defendant to submit proposed procedures for remote defense witness testimony by November 2 and the Government to respond by November 4.[1] *See* Dkt. 196 at 11-12.

      In a November 2 letter, the defendant provided the following "Draft Video Protocols Opposed by Defense" for remote defense witness testimony:

1. To the extent possible, please choose a location that can provide you with the best and most consistent internet access.

2. To the extent possible, please choose a location that can provide you quiet and solitude so that you will not be interrupted or distracted while testifying.

3. If possible, choose a location where you can be alone. If you need an interpreter, that person may be present while you testify.

4. Even though you are not in a courtroom, the Judge is requiring you to testify as if you were in court. You will take an oath to tell the truth, your testimony will be recorded and will become part of the official court record for this case.

---

[1] In the defendant's November 2, 2020 letter, the defense once again: i) seeks an adjournment until COVID-19 dissipates; ii) attacks the integrity and professionalism of the special prosecutors; and iii) accuses the Court of bias and of making decisions based on something other than the facts and the law. Dkt. 197. While we obviously disagree with the defense, we limit our response to the proposed procedures, as directed by this Court's October 28, 2020 Order.

Hon. Loretta A. Preska
November 4, 2020
Page 2

> The private prosecutor may ask you questions, and the defense attorney for Mr. Donziger may ask you questions.
>
> 5. Once you are done testifying, the Judge will thank you and you are free to disconnect and your "court session" will be complete.

Dkt. 197 at 4.

Other than defense proposal number 4, we do not object to the defendant's protocol. With respect to defense proposal number 4, given that this protocol is for a defense remote witness, it will be the defense asking the questions and then the prosecutors may or may not ask questions of the witness.

The Government proposes the following additional procedures for remote defense witness testimony:[2]

1. The defense shall identify for the Court each witness and the specific location from where the named witness will be testifying at least 48 hours before the testimony.

2. To the extent the defense intends to introduce any exhibits during the direct examination, the defense shall identify and provide copies of those exhibits to be used during that examination to the Court and the special prosecutors at least 24 hours before the witness's testimony. The defense will arrange for a copy of those exhibits to be available to the witness at the location where the witness is testifying.

3. Insofar as any witness requires an interpreter, a court-certified interpreter will provide the translation from the courtroom at 500 Pearl Street. Thus, to ensure such services will be available, the defense must provide notification of the need for an interpreter and the language at issue by November 10, 2020.

4. The witness may not consult with anyone other than the Court, the attorney conducting the examination, and, if applicable, the court-certified interpreter while they are testifying. This rule does not apply to consultation during breaks in testimony.

5. Other than the transcription by the official court reporter, the testimony and court proceedings may not be recorded, live-streamed, or otherwise broadcast. The witness and anyone present with the witness during their testimony (such

---

[2] For any subpoenaed defense witnesses in the United States for whom the Court approves the use of remote testimony, our position remains as stated in our October 14, 2020 submission – that such witnesses should testify via two-way videoconference at a federal courthouse closest to their residence, with court personnel present. This parallels the procedure that the Court approved for remote testimony from Government witness David Zelman. Dkt. 179 at 4 (citing Dkt. 152 at 3, 6-7).

Hon. Loretta A. Preska
November 4, 2020
Page 2

    as the witness's attorney) will be informed of that prohibition. Photographs of the testimony are also prohibited.

6. The defense will use the S.D.N.Y. videoconference platform "Jabber" for the witness's remote testimony, and must successfully test that platform at least 72 hours before the testimony. To the extent there is an issue with that platform, the defense will immediately advise the Court. If the defense wants to use another videoconference platform for a witness's remote testimony, the defense must make an application to the Court no later than November 9, 2020.

7. The oath will be administered by the Court's courtroom deputy.

    Respectfully submitted,

    _____/s/_____
    Rita M. Glavin
    Brian P. Maloney
    Sareen K. Armani
    *Special Prosecutors on behalf*
    *of the United States*