**STEVEN R. DONZIGER, ESQ.**

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

*Not presently admitted to practice*

November 4, 2020

**VIA ECF**

Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

RE:   *United States v. Donziger*, Case No. 19 Cr. 561 (LAP)

Dear Judge Preska:

I write to communicate directly about my concern that I will not have a lawyer in court on Nov. 9 if the trial goes forward on that day and that, as a result, my right to counsel and to a fair trial will be violated. My brief summary of that concern and a handful of others follow.

**Right to Counsel -- No Self-Representation**

After this court disqualified my lead lawyers Mr. Friedman and Ms. Littlepage on August 27, I was left with Mr. Garbus and Ms. Regan as counsel of record. Mr. Garbus is 87 and could not attend the trial due to the COVID risk; his withdrawal was granted on Oct. 5. Ms. Regan is sole remaining counsel of record. She has told the court she cannot provide effective assistance of counsel because she cannot get to court from her home in Oregon due to the COVID risk and also because she does not have adequate time to prepare for this complex matter with 125,000 pages of material and six counts relating to an immense civil litigation with roughly 3,000 docket entries, that itself relates to an environmental litigation in Ecuador that lasted several years.

This court and the private prosecutor (who is conflicted given that her firm has Chevron as a client) have suggested I can defend myself. This suggestion is contrary to my Sixth Amendment rights and illustrates the casual disregard that the prosecutors have for my right to a fair trial. In any event, while I consider myself an able human rights lawyer, I want to be clear that I cannot and will not represent myself in this proceeding. I am absolutely not qualified to do so as I have never tried a federal criminal case. Even if I was an experienced federal criminal defense lawyer, I would still not represent myself for the obvious reason that it is never advisable for lawyers to represent themselves in court – particularly in a criminal trial. To suggest I am an adequate substitute for experienced in-person counsel is inappropriate and I fear is part of a pattern of this court to deny me my fair trial rights as protected by the Constitution and the International Covenant On Civil

Hon. Loretta A. Preska
November 4, 20
Page 2 of 4

and Political Rights, cited extensively by the trial monitoring committee co-chaired by U.S. Ambassador Stephen Rapp and the Canadian rights lawyer Catherine Morris (see **DKT 194-2**. I would urge the court to read this report to understand the myriad due process problems that exist in this proceeding and the importance of allowing me the counsel of my choice.

### Increasing Threat from COVID — Danger of Super-Spreader Trial

I also fear for the health of all involved in the trial including me, my witnesses, and court personnel. The COVID-19 pandemic shows no sign of breaking. In fact, on November 2, 2020, Dr. Deborah Birx[1] warned "we are entering the *most concerning and most deadly* phase of the pandemic . . . leading to increased mortality".[2] She predicted close to 100,000 additional fatalities by the end of this calendar year — less than two months from now. Governor Andrew Cuomo credits New York's success so far as a consequence of being "disciplined and smart".[3] Part of being "disciplined and smart" was waiting to carry on with trials in windowless rooms in the courthouse requiring international and interstate travel into New York City from high-COVID jurisdictions. The Governor warns that New York is not immune from the wave of COVID-19 outbreaks across the nation[4] and this trial is an obvious risk for a super-spreader event that could contribute to an influx of new cases. Nobody in the courtroom will know who may have COVID given there is no testing requirement. Personally, I am in a high-risk demographic with a co-morbidity and frankly I am concerned for my health. In the article referenced above, Dr. Birx predicts there will be 100,000 new cases per day this week. New York City needs to be disciplined and smart by avoiding events which could become a super-spreader for the disease. This trial is just such an event; it is reckless to hold the trial under the circumstances, particularly given that the COVID risk prevents my counsel from attending while the court's brutal scheduling regime has excluded my lawyer of choice, who cannot do the trial until Dec. 7 at the earliest.

### Ms. Lauren Regan

Lauren Regan is an incredibly courageous and able lawyer who has informed the court that she will be violating her own ethical duty to provide effective assistance if she represents me on Nov. 9 given her inability to be physically present in court and also to find the time to properly prepare for trial. Her doctor has strongly advised her not to travel to New York while the pandemic rages, saying it would result in a risk to her life. She wishes to withdraw if the trial happens on Nov. 9. Even though the court has denied her motion to withdraw in a mad dash to salvage the trial date, she cannot offer effective assistance counsel for the reasons stated. This puts me in an untenable

---

[1] Coordinator of the White House Coronavirus Task Force
[2] Lena Sun, Nov, 2, 2020. *Top Trump Adviser Bluntly Contradicts President On Covid-19 Threat, Urging All-Out Response*. WASHINGTONPOST. Available at: https://www.washingtonpost.com/health/2020/11/02/deborah-birx-covid-trump/ [Accessed 5 November 2020].
[3] Governor Andrew M. Cuomo Nov, 3, 2020. *Governor Cuomo Updates New Yorkers On State's Progress During COVID-19 Pandemic*. Available at: <https://www.governor.ny.gov/news/governor-cuomo-updates-new-yorkers-states-progress-during-covid-19-pandemic-58 [Accessed 5 November 2020].
[4] *Id.*

Hon. Loretta A. Preska
November 4, 20
Page 3 of 4

situation given that the trial will not hold consistent with the Constitution -- regardless of what Your Honor tries to claim.

It is undisputed that as a human rights lawyer charged with criminal contempt, I have counsel who says she cannot provide effective assistance of counsel. The court's constant insistence that Ms. Regan take the extraordinary risk of violating her own ethical duties on a misdemeanor case to rush into a first-ever trial where a lawyer appears by computer, rather than with her client in court, is shocking to the conscience. I again urge the court to take the reasonable step and postpone the trial until my counsel and witnesses can appear and not be prejudiced by remote testimony and when I can have the local and lead lawyer of my choice, a right guaranteed to me by the Sixth Amendment to U.S. Constitution and by the ICCPR.

**Mr. Ronald Kuby**

On August 27, this Court disqualified my lead counsel, Richard Friedman, and his colleague Zoe Littlepage after I did not waive my rights during a *Curcio* hearing brought forward by the private prosecutor. Both had extensive institutional knowledge of this case and had prepared extensively for trial. This has caused me severe prejudice. Since that time, this Court has repeatedly accused me of machinations and manipulations, and told me that I have "made my bed and can lie in it." To be clear—the denial of my right to have an in-court lawyer was a choice that this Court made, not me.  After consulting with experts subsequent to the Court's actions, I have learned that the "solution" of disqualification was not the only, or even the least intrusive, option available to the Court in late August.

The gravamen of the possible conflict related to whether either of those counsel had advised me to disobey one or more of the Orders in question.  As this Court has held, had such advice been given, it would not have constituted a defense—merely mitigation of punishment. This Court could have permitted my then counsel of choice to proceed through the trial phase of the case—which could have gone forward on September 9, while disqualifying them from further participation at the sentencing phase—should such a phase be needed.  Alternatively, this Court could have made direct inquiry of both counsel as to whether they were acting as counsel during the relevant time period, as I was proceeding pro se at the time. The fact of representation, obviously, is not privileged. If they were not providing me with legal advice on the matter of compliance with the orders, then the problem would be solved.  Had the private prosecutor not been so dilatory in making her *Curcio* motion, and had this Court been less concerned with attempting to dragoon Mr. Frisch back into the case, there would have been time to discuss and explore these options.

That issue aside, I nevertheless conscientiously and responsibly took steps to facilitate a fair trial by addressing the situation regarding my counsel forthwith even though it was created by the court. On the day last August that the court disqualified my two lawyers, I submitted a sworn affidavit from Mr. Kuby informing the court that he would represent me pro bono on Dec. 7 or on a date thereafter – less than four weeks after the court's current trial date of Nov. 3. Why the court did not wait an additional four weeks to respect my constitutional right to counsel when there are

virtually no trials happening in the federal courts because of COVID is extremely concerning and raises serious questions about the court's apparent animus toward me. Rather than respect my choice of experienced New York-based counsel and schedule the trial when he can appear, this court has thrice scheduled and re-scheduled the trial for dates when it knew Mr. Kuby was not available, and when it knew Ms. Regan would not be able to travel to New York due to the COVID risk.

Today I contacted Mr. Kuby who reiterated his willingness to represent me pro bono on a date that could accommodate his schedule which obviously has changed since late August. Mr. Kuby told me he would happily consult with the court and Ms. Glavin to come up with a trial date mutually agreeable to all parties where I can have a lawyer in court, consistent with my fair trial rights. I again urge the court to consult with Mr. Kuby about a reasonable trial date consistent with its duties to use basic fairness in the administration of justice. To be clear, I am not seeking an "indefinite delay" as the private prosecutor continues to claim.

In sum, I am asking the court to postpone the trial to a date when Mr. Kuby can represent me in court, as he is willing to do; and to consult with Mr. Kuby, Ms. Regan, and Ms. Glavin about a date to do the trial when they can appear and have adequate time to prepare.

                Sincerely,

                / s /
                Steven R. Donziger