```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -against- | 19-CR-561 (LAP) |
| | 11-CV-691 (LAK) |
| STEVEN DONZIGER, | |
| Defendant. | ORDER |

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

By order dated October 28, 2020, the Court directed Mr. Donziger to propose procedures for taking remote trial testimony of defense witnesses. (Dkt. no. 196.) Mr. Donziger has filed his proposals, and the Government has responded. (Dkt. nos. 197, 198.) Having considered the parties' proposals, the Court approves the following procedures for remote testimony of defense witnesses:

(1) The defense shall identify for the Court each witness and the specific location from which the named witness will be testifying at least 48 hours before the testimony.

(2) To the extent the defense intends to introduce any exhibits during the direct examination, the defense shall identify and provide copies of those exhibits to be used during that examination to the Court and the special prosecutors at least 24 hours before the witness's testimony. The defense will arrange for a copy of those exhibits to be available at the location where the witness is testifying.

(3) Insofar as any witness requires an interpreter, a court-certified interpreter will provide the translation from the courtroom at 500 Pearl Street. Thus, to ensure such services will be available, the defense must provide notification of the need for an interpreter and the language at issue by November 9.

(4)  The witness may not consult with anyone other than the Court, the attorney conducting the examination, and, if applicable, the court-certified interpreter while he or she is testifying.  This rule does not apply to consultation during breaks in testimony.

(5)  Other than the transcription by the official court reporter, the testimony and court proceedings may not be recorded, live-streamed, or otherwise broadcast.  Photographs of the testimony are also prohibited.

(6)  The defense will use the S.D.N.Y. videoconference platform "Jabber" for the witness's remote testimony and must successfully test that platform at least 72 hours before the testimony.  To the extent there is an issue with that platform, the defense will immediately advise the Court.  If the defense wants to use another videoconference platform for a witness's remote testimony, the defense must make an application no later than November 9, 2020.

(7)  The oath will be administered by the Court's courtroom deputy.

(8)  Witnesses providing remote testimony shall be instructed to follow the following guidelines:

   a. To the extent possible, please choose a location that can provide you with the best and most consistent internet access.

   b. To the extent possible, please choose a location that can provide you quiet and solicitude so that you will not be interrupted or distracted while testifying.

   c. To the extent possible, choose a location where you can be alone.  While you are testifying, you may not consult or communicate with anyone other than the Judge, the attorney conducting the examination, and, if applicable, the court-certified language interpreter.

   d. Even though you are not in a courtroom, you shall testify as if you were in court.  You will take an oath to tell the truth, your testimony will be recorded and will become part of the official court record for this case.  Mr. Donziger or his counsel

      will ask you questions, and the prosecutors may or may not ask you questions.

   e. Your testimony and the court proceedings may not be recorded, live-streamed, or otherwise broadcast. Photographs of the testimony are also prohibited.

   f. Once you are finished testifying, the Judge will thank you and you will be free to disconnect and your "court session" will be complete.

<u>SO ORDERED.</u>

Dated:  November 5, 2020
         New York, New York

*[signature: Loretta A. Preska]*

_____
LORETTA A. PRESKA, U.S.D.J.