UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    -against-

STEVEN DONZIGER,

        Defendant.

19-CR-561 (LAP)
11-CV-691 (LAK)

ORDER

---

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

    On November 6, 2020, attorney Martin Garbus sent a letter (attached as Exhibit A to this order) to the Court's e-mail inbox and asked Chambers' staff to docket it for him.  The only wherefore clause in his letter is a single-sentence paragraph stating: "We again request that you either withdraw or allow another federal judge to make the determination of whether you are required to withdraw."  (Ex. A. at 2.) [1]

---

[1]   There are multiple irregularities in Mr. Garbus's letter. For one, while Mr. Garbus has purportedly submitted it on behalf of Steven Donziger, he made an impassioned oral motion to withdraw as defense counsel at a hearing on October 5, 2020, and the Court granted his motion the same day, resulting in Mr. Garbus' termination as counsel in this case.  (See dkt. no. 176 at 24:22-25 ("MR. GARBUS: So I formally withdraw from the case now . . . if there's any lack of clarity."); dkt. no. 175.) Moreover, Mr. Garbus has e-mailed his letter to Chambers despite the Court's explicit instruction, after receiving many similar e-mails from Mr. Garbus in the past, that "substantive communications about this case must be in the form of letters filed on ECF, not e-mails to Chambers."  (Dkt. no. 164 at 1.)

1

In orders dated May 7 and September 16, 2020, the Court previously denied defense motions for the Court's recusal. (Dkt. nos. 68, 172.)  Construing Mr. Garbus' letter as a motion for reconsideration of those prior orders, it is untimely and procedurally and substantively insufficient under Local Criminal Rule 49.1(d).  The motion is untimely because Rule 49.1(d) requires any motion for reconsideration to "be filed and served within fourteen (14) days after the Court's determination of the original motion."  Local. Crim. R. 49.1(d).  The Court's prior orders were entered on May 7 and September 16 -- more than fourteen days ago.  The motion is procedurally and substantively insufficient because Rule 49.1 provides that "[a] memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion."  Id.  Mr. Garbus did not file a memorandum with his motion and nowhere identifies any factual matters or controlling cases that the Court has overlooked.

Accordingly, Mr. Garbus' motion for reconsideration is denied.  The Court again reminds Mr. Garbus that if he intends to represent Mr. Donziger in this case, he must have a notice of appearance on file, and if he intends to make applications to the Court, he must follow the ordinary procedures for attorneys

practicing in the Southern District of New York and file them on the public docket, not e-mail them to Chambers' staff.

SO ORDERED.

Dated:   November 6, 2020
         New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA, U.S.D.J.

# EXHIBIT A



**Martin Garbus, Esq.**
**MGarbus@offitkurman.com**

November 3, 2020

Judge Loretta A. Preska
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Dear Judge Preska,

I am an attorney representing Steve Donziger. I had withdrawn from this case because of COVID-19 and age. I would seek to come back to the case once the threat of COVID-19 diminishes.

I believe Steve Donziger has been singled out in this prosecution as no other American lawyer ever has been.

Judge Lewis Kaplan asked Geoffrey Berman, then the attorney in charge of the Southern District to prosecute Donziger. Mr. Berman refused. Judge Kaplan asked that the criminal lawyers in the Southern District prosecute Donziger. There is a context for this. Mr. Berman was fired by William Barr, the Attorney General of the United States, because he would not protect Trump's friends and would not prosecute Trump's enemies. After Mr. Berman refused to prosecute because Donziger had not committed any crime, Judge Kaplan went further.

Seward and Kissel who previously represented Chevron and maintains contacts with the oil and gas industry was appointed. Chevron has contributed substantial funds to the presidential campaign and inauguration party. The funding for those events is under criminal investigation. William Barr's Department of Justice has thus far paid Seward and Kissel, Chevron's former lawyers over $300,000 to prosecute Steve Donziger for what the law describes as a petty offense. The fees for this prosecution will probably exceed $1,000,000.

Donald Trump's commitment and financial investments in the oil and gas industry is well known. Donald Trump payed back that industry, in part by appointing Rex Tillerson, the head of Exxon, on February 1, 2017, as his first Secretary of State. Tillerson, an engineer, who had never before worked in government and had no experience in foreign affairs, was described as the worst Secretary of State the United States ever had. During Tillerson's time in office he and Trump took Oil and Gas press releases and made them part of government policy.

I believe the facts will show the Donziger prosecution is part of the payback to Chevron. We previously asked for information, to give us the facts to prove or disprove the allegations in the letter. I believe a Democratic Attorney General will not prosecute Donziger and that the



attempted to get this case tried quickly is an attempt to get this conviction before the new President, Joseph Biden, is sworn in.

We again request that you either withdraw or allow another federal judge to make the determination of whether you are required to withdraw.

We will, at the appropriate time, make a Motion to Dismiss because Steve Donziger is being wrongfully, intentionally, and invidiously discriminated against by this prosecution.

                    Respectfully submitted,

                    /s/ Martin Garbus
                    Martin Garbus