

**CLDC**
1430 Willamette St. #359
Eugene, OR 97401
Phone: 541-687-9180  Fax: 541.804.7391
E-Mail: lregan@cldc.org  Web: www.cldc.org

November 6, 2020
**VIA ECF**
Honorable Loretta A. Preska
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **RE:**    *United States v. Steven Donziger*, No. 19-CR-561 (LAP); 11-CIV-691 (LAK)

Dear Judge Preska:

I write to inform the Court that, after doing a test-run of the Jabber platform, I am further convinced that an effective defense, let alone a constitutional one, is utterly impossible. Specifically, the platform combined with the Court's limited video and audio feeds simply does not provide me with an ability to see and hear each aspect of the trial in a manner that is consistent with being there in person, let alone a manner consistent with the 6th Amendment of the United States Constitution.

The Court is only providing two cameras, both of which must use the same single feed to Jabber. This means that my view of the bench, the witness box, and the courtroom is extremely small – so small that I am unable to see any detail, including facial expression. For example, during our run-through today with Courtroom Technology Administrator William Jarrett, I was unable to see Mr. Jarrett's face when he sat in the witness box, due to the distance of the view combined with the glare from the plexiglass. It was only when Mr. Jarett accommodatingly called into Jabber from his office computer, so I could see how my view might change with another camera on the platform did I realize that he has a beard. Importantly, when the witness sits in the witness plexiglass booth, there is a computer screen in front of the witness so that you only see the witnesses head above the monitor. It is impossible to see the witness's hands or body language, and as discussed, you cannot really see any level of detail on the face either. Suffice it to say, missing this level of visual detail on witnesses and the judge is not consistent with a sufficient criminal defense, let alone a constitutional one.

Additionally, either because of the way that the Court's video feeds are set up with Jabber or because of some setting within Jabber itself, when an exhibit is shared on the screen, the rest of the videos become even smaller. Thus, I am not able to see an exhibit *and* my client *and* a witness *and* the prosecutor *and* the judge at the same time. Additionally, there is no way to see the entire exhibit at once; because of the way that Jabber is set up I cannot wholly close the portion of the screen that shows my own video feed, which covers a portion of the exhibit while it is being shared on-screen. Although it is possible to move my own video image around, it is not possible to wholly eliminate it. Therefore, it is impossible to see the entirety of any exhibit at one time. And of course, Jabber does not permit me to present a witness or my client with an exhibit at all.

Throughout our Jabber test, the audio feed from the courtroom was unreliable, cutting in and out randomly. It did not appear to be a problem with one specific microphone; rather, consistently throughout the test, every few words would cut out of the audio stream from the courtroom. This was not an issue from other feeds, for

example my associate's audio remained consistent the entire time, as did Mr. Jarett's audio when he was speaking from his office computer.  However, then my audio and video began faltering. I was unable to hear, the court and my associate could not hear me, apparently my video froze, and I was unable to participate meaningfully at all.  Finally, the entire Jabber platform crashed on my computer and I was eliminated from the "call" and/or court proceeding test.  If I am unable to hear every word that is spoken during a trial I cannot conceivably provide an effective or constitutionally sound defense.

Finally, Mr. Jarett very helpfully told me that, because the view provided by the Court's cameras are so limited and so small, other attorneys have utilized separate laptops so that they could see more clearly their own clients, as well as witnesses. This solves only a small part of the problem of my ability to see all necessary and important parties at once at a level of detail consistent with a constitutional and effective defense; because every new Jabber caller must fit into the same small screen, with every new camera, everything becomes even smaller. Additionally, I would need a separate internet connection for each laptop; because I was not aware of this problem until today, I had not requested that a Southern District of New York contracted vendor make arrangements with the District Executive Office of the Court to provide the defense with internet connectivity.

It is more than evident why Jabber is not used to conduct criminal trials at all. The connectivity is unreliable, the audio was poor at best, and the video-camera angle was so remote that the image was unusable.  Particularly given the fact that due to the Court's refusal to continue the trial, I, as Mr. Donziger's only attorney will have to defend the case, and represent my client for TWO WEEKS on a platform that was never intended for this type of proceeding.

Mr. Donziger does not consent to a Jabber trial during a raging global pandemic.  The only remedy for this travesty is to wait until people can safely travel and attend a public trial without jeopardizing their health.  It is clear that a Jabber trial will only result in the need to constitutionally retry the matter again.

Sincerely,

*/s/ **Lauren C. Regan*** (electronic signature)
Lauren C. Regan, OSB#970878
Attorney at Law
Civil Liberties Defense Center
1430 Willamette St. #359
Eugene, OR 97401
lregan@cldc.org