# LAW OFFICE OF RONALD L. KUBY
ATTORNEYS AT LAW
119 WEST 23RD STREET, SUITE 900
NEW YORK, NEW YORK 10011

RONALD L. KUBY
RHIYA TRIVEDI

OF COUNSEL
GEORGE WACHTEL
LEAH BUSBY

TELEPHONE: (212) 529-0223
FAX: (212) 529-0644
WWW.KUBYLAW.COM

STAFF
SUSAN BAILEY
PROCESS SERVER
LUIS R. AYALA 1952-2012

November 23, 2020

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: United States v. Donziger, 19 Cr. 561 (LAP)

Dear Judge Kaplan:

Please accept this letter as an explanation for my lack of formalism as well as lack of clarity in my letter-motion of 11-16-20 (hereinafter letter-motion). Reference is made to this Court's Order of 11-20-20 (hereinafter Order). I hope that I can do better here.

My "actual intention" in filing the letter-motion was to request 1) this Court revoke its July 31 Order designating Judge Preska as the one of the judges in the newly-created 19-cr-561 (LAP), 2) Refer the matter for random assignment pursuant to Local Rule 16, and 3) recuse this Court from any further involvement in the criminal matter in which I have appeared.

Second, I have appeared for Mr. Donziger only in the criminal matter. I have no intention becoming the forty-fifth lawyer to appear on the ECF notifications in 11-cv-691 (LAK). As far as I am aware, Mr. Donziger is *pro se* in that matter.

Third, my non-compliance with Local R. 7.1 and ECF instruction 13.1 was born of custom, not insouciance. Judge Preska, has graciously agreed to a less formal practice in 19-cr-561 (LAP), the docket number under which I filed the letter-motion. Judge Preska has commendably permitted a wide variety of motions to be filed by letter and without formal notice, motions without formal notice, and letter-Memoranda of Law. *See, e.g.*, Dkts. 22, 26, 30, 36, 39, 118, 134, 179, 172 (motion to recuse). Indeed, full technical compliance with the formalism of the local rules have been the rare exception rather than the rule.

I did not think Judge Preska had the authority to revoke this Court's order in 11-cv-691 (LAK) yet said Order gave rise to her jurisdiction in 19-cr-561(LAP), and I have only appeared in 19-cr-561 (LAP). Thus, I concluded I could employ her practice (as the designated judge) in *this*

case, to address *this* Court in all matters relevant to *this* case without following rules employed by *this* Court in *that* case. I hope that you can see where the confusion came in.

Unfortunately, from your Order, it appears that I cannot get the relief that I am seeking in the case where I am counsel, without filing an appearance in a case where I am not counsel, do not intend to become counsel, and am not qualified to be counsel. This is one of the problems trying to defend a case with two judges, whose division of authority takes place entirely between them, in utter opacity.

Fourth, I request the "written advice" this Court filed with the Assignment Committee prior to its selection of Judge Preska, as required by Local Rule 14, be docketed. If this Court deems said document to confidential, I request that this Court indicate on the docket the date that it was filed.

Finally, to the extent that the "effect of [my] actions" is "unclear," this Court's Order of November 20, 2020 has resolved that, *viz.,* the letter-motion has no effect whatsoever. While this Court had the option of overlooking perceived defects in form to address the merits of the matter, (given the need for urgency if the requested relief was to be granted), this Court chose not to. Although not the only conclusion that could be drawn, one conclusion is that this Court has no intention of granting the requested relief and hence, there is no urgency at all.

As to Mr. Donziger re-filing my letter motion in the form correct in the matter where he is *pro se*, I note the defendant is preparing to defend himself in a criminal trial and is unable to expend the time and the resources to put the letter-motion into a form acceptable to this Court. Moreover, and more important, given this Court's profligate use its criminal contempt power toward Mr. Donziger, I have advised him to avoid taking any action that could conceivably be thought of as disrespectful or challenging to this Court's authority.

Thus, this Court may elect to revisit the letter-motion as filed, or ignore it.

Respectfully submitted,

Ronald L. Kuby