# LAW OFFICE OF RONALD L. KUBY

ATTORNEYS AT LAW
119 WEST 23ᴿᴰ STREET, SUITE 900
NEW YORK, NEW YORK 10011

TELEPHONE: (212) 529-0223
FAX: (212) 529-0644
WWW.KUBYLAW.COM

RONALD L. KUBY
RHIYA TRIVEDI

OF COUNSEL
GEORGE WACHTEL
LEAH BUSBY

STAFF
SUSAN BAILEY

PROCESS SERVER
LUIS R. AYALA 1952-2012

December 10, 2020

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York

Re: United States v. Donziger, No. 19-cr-561 (LAP), 11-civ-691 (LAK)

Dear Judge Preska:

Please accept this letter both in reply to the private, for-profit prosecutor's letter of December 9, 2020, and to address procedural issues in accordance with this Court's Order of 11-7-20. Dkt. 209.

### The Public Purse

On July 22, 2020, this Court issued an Order, based upon its review of past invoices from Seward & Kissel's (hereinafter "the Firm") prior invoices, requiring disclosure of all paid invoices, with appropriate redactions. Dkt. 108. On July 27, 2020, the Firm complied with its obligation. On August 5, 2020, just two weeks after the Order, the Firm dramatically changed its billing practices—submitting an invoice for work done from August 1st thru August 5th; the first time that the firm failed to bill for a full calendar month. It is now December 10, 2020, and the defense has not received any paid invoices for work performed past August 5, 2020.

Instead of providing some explanation for this radical departure from the practice this Court relied upon two weeks earlier when it issued its Order, the prosecution devolves back into its persistent claims of victimization, whining that the defense is "attacking the professionalism and integrity of the special prosecutors." Letter, 12-9-20. This is a predictable maneuver. One of the world's largest fossil fuel corporations (Chevron) is being victimized by Ecuadorian villagers and Steven Donziger; the Dole Fruit Company (also represented by Chevron's law firm in the civil attack against Mr. Donziger over the Ecuador judgment) is being victimized by banana workers on its plantations in Nicaragua; in fact, the entire fossil fuel industry is besieged by environmental activists demanding a sustainable future, and the President of the United States is victimized by, well, everyone. So of course, the Firm, with its active pipeline directly into what appears to be a

1

bottomless public well of dollars, complains it too is being attacked. The grievance culture of the mega-privileged indulged in by the private prosecutor in this instance has been fully normalized.

Again, the prosecutor's abrupt shift in its billing practices, shortly after this Court ordered disclosure, remains unexplained.

This Court has the authority, pursuant to United States v. Suarez, 880 F.2d 626 (2d Cir. 1989), to impose any schedule necessary to guarantee the important public First Amendment right of access. This Court did so based upon the factual record before it. Two weeks later, the Firm changed it practices which have the effect, whatever the intention, of frustrating the rights set forth in Suarez, that this Court relied on in ordering disclosure of the Firm's invoices.

The Firm assures the Court that there is nothing to see here because "there are outstanding invoices…." Dkt. 220. The defense has no doubt that is true *now*. It will be interesting to see whether this was true at the time the motion was made. Obviously, the easiest way to dispel the defense concerns, and to obviate the need for this motion, would have been for the Firm to have provided the defense with the dates said invoices were submitted. The Firm declined to do so.

Finally, on this point, this Court's August 18, 2020 Order did not address the question of what role, if any, Judge Kaplan has in reviewing the invoices. The defense as well as the public has an on-going interest in ascertaining the nature of and extent of the activities of the un-recused Judge Kaplan in this case.

The defendant's motion should be granted, and the Firm compelled to return to its pre-August 5, 2020 practices. Further, the defense requests the *dates* that the earlier-referenced invoices that are pending payment were submitted to the Court for approval. Because said invoices are now in the hands of the Court, we request they be designated in the Court's decision on the defense motion.

Procedural Issues Prior to Trial

The defense is unaware of any procedural issues that need to be brought to the Court's attention at this point. The prosecution and the defense are in on-going discussions about all of the minutiae of trial procedure.

The defense does intend to present an opening statement.

The defense notes that the Court is currently closed for bench and jury trials up to and including January 15, 2021. The defense also notes that the United States has set a record for Covid-19 deaths, and the 7-day rolling average of cases is at an all-time high with no indication of abatement. There certainly is no indication that the spread of the virus which forced the limitations of Court activity until January 15, 2021 will have abated by then. Sadly, the contrary is true. The defense is not requesting an adjournment and Mr. Donziger (now past 16 months of house arrest without trial on a misdemeanor) is insisting his counsel take all reasonable steps to conduct the trial as scheduled assuming that he, his lawyers, and his witnesses can be safe and his fair trial rights properly respected taking into account these extraordinary times. As matters now stand, we

will be ready for trial on January 19, 2020. However, should this Court learn of a further extension of closure requiring a postponement, the defense requests that this Court notify the parties as soon as possible so that we can propose a new trial date upon which we hopefully can agree.

Respectfully submitted,

Ronald L. Kuby

3