# LAW OFFICE OF RONALD L. KUBY

ATTORNEYS AT LAW
119 WEST 23ʳᴰ STREET, SUITE 900
NEW YORK, NEW YORK 10011

TELEPHONE: (212) 529-0223
FAX: (212) 529-0644
WWW.KUBYLAW.COM

RONALD L. KUBY
RHIYA TRIVEDI

OF COUNSEL
GEORGE WACHTEL
LEAH BUSBY

STAFF
SUSAN BAILEY
PROCESS SERVER
LUIS R. AYALA 1952-2012

December 30, 2021

Hon. Loretta A Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY.

Via ECF

Re: United States v. Donziger, 19-cr-561 (LAP), 11-civ-691 (LAK)

Dear Judge Preska:

I write in reply to the private, for-profit prosecutors' answer to the defense motion to remove Mr. Donziger's home confinement.

When incoming defense counsel read this Court's statement on June 3, 2020 that "[t]here is no reason why Mr. Donziger should be treated any differently from any other pretrial defendant," (Dkt. 90 at 2), counsel understood that complete sentence to mean exactly what it said. The prosecution, however, argues that this Court meant only that Mr. Donziger would be treated equally to others that when it came to *enforcement* of home confinement; the *imposition* of home confinement would remain unique to him. It is hard to imagine that this Court's sweeping statement about equality under the law could be reduced to something so petty and mean-spirited; equality granted in the text and taken away in the gloss.

Though dressed up as opposition, the prosecution's bizarre and awkward contortion of the Court's previous statement simply amounts to a brazen concession — a surrender in fact to the notion that Mr. Donziger's pre-trial home confinement is stunningly unique and never before seen in U.S. history for a person charged with a misdemeanor. In this, it is one of many concessions; the private prosecution fails to cite *any case*, from *any federal jurisdiction*, in the entire history of pre-trial release, where a misdemeanor defendant has been held in home confinement for a single day, let alone for sixteen-plus months. It fails to distinguish the numerous cases where attorneys charged with major felonies have been left free to roam in New York's various federal districts, but merely asserts that this Court made "particularized" findings about this defendant and they should not be held up to comparison with other contemnors, indicted attorneys, or other misdemeanants. The prosecution does not, and indeed cannot, explain why Steven Donziger is so different from all other defendants that his case, more than any other in history, justifies such different and punitive treatment.

1

The bulk of the prosecution's response is devoted to a pounding recitation of the prior arguments made by them and the decisions of this Court. In almost Trumpian fashion, the prosecution uses repetition of palpably ridiculous assertions to create an illusion of truth and to evade any meaningful scrutiny.

As the Court noted long ago as to Donziger's prosecution, "we are in a brave new world now." Dkt. 18, at 27-28. The Court's deployment of that particular literary allusion is striking. Neither of the fictional speakers of that phrase -- Miranda (*The Tempest*) or John (*Brave New World*), -- were known for thoughtful analysis, insight, or rigorous search for truths either ephemeral or ultimate. This Court can do better. Be Portia.

Sincerely,

Ronald L. Kuby

2