January 7, 2021

**Via ECF**
Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY

       Re: Reply to Prosecution's Opposition to Motion to Dismiss, *United States v. Donziger*, 19-cr-561

Dear Judge Preska:

    Please accept this letter in lieu of a formal reply to the prosecution's opposition to the defense motion to dismiss filed on January 4, 2021.

    To the defense's amply-supported assertion that there exists a prohibition on charging a civil contemnor seeking appellate review of a discovery order with criminal contempt, there are only two *responsive* legal arguments in opposition: i) that orders to produce are not unique and instead sufficiently analogous to injunctions and orders *ad testificandum* such that the myriad cases arising in those contexts are directly on point, and/or ii) that a civil contemnor can in fact be charged with criminal contempt while on appeal.

    Though the prosecution makes both of these arguments in their point headings, they fail to offer any substance with respect to either.

    With respect to the uniqueness of orders to produce, the prosecution does not cite a single case that indicates, in *dicta* or in holding, that orders to produce are analogous to injunctions or orders to testify. The prosecution does cite case after case that arises in the injunction and *ad testificandum* context. *See, United States v. Crawford*, 329 F.3d 131 (2d. Cir. 2003); *see also, United Mine Works*, 330 U.S. 258 (1947)); *United States v. Cutler, Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*, 591 F.2d 174 (2d Cir. 1979); *United States v. Remini*, 967 F.2d 754, 755-56 (2d Cir. 1992); *In Re Weiss*, 703 F.2d 653, 664 (2d Cir. 1983).[1] But they make no argument, nor do

---

[1] To the contrary, at least one case relied upon by the prosecution itself exalts the unique circumstances and potential consequences confronting parties who wish, despite orders incumbent upon them, to withhold confidential, privileged, or otherwise sensitive information. *See In Re The City of New York*, 607 F.3d 923, 934 (2d. Cir. 2010) (finding that appeal after final judgment is not an "adequate means" to obtain relief

they set forth a single case, that holds or otherwise instructs that these cases are dispositive or instructive in the production context.

Perhaps the closest the prosecution comes is its citation to *Maness v. Myers* for the "the basic proposition that all orders and judgments of courts must be complied with." 419 U.S. 449, 458 (1975). But the prosecution omits the *subsequent* paragraph which explains that orders to produce may present a "different situation", because compliance "could cause irreparable injury" once the information has been released. *Id.* In this production of information context, *Maness* explains, litigants have "an alternative…choice between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of an adjudication of contempt if his claims are rejected on appeal." *Id.* at 460 (quoting *Cobbledick*). The contempt citation in a production order context is effectively, in the words of *Maness*, a legitimate—even "eminently reasonable"—"method of achieving precompliance review." *Id.* at 461.

The prosecution offers no response to the most critical argument in Mr. Donziger's motion to dismiss: to the explicit recognition in the *Alexander-Cobbledick-Maness-Ryan* line that a civil contemnor may refuse and appeal, *such that they be afforded a kind of relief that is undisputedly only available on appeal from civil contempt because of the precisely irreversible nature of disclosure.*[2] *See, e.g.,* 402 U.S. 530, 531 (holding that if the subpoena is unduly burdensome "[the party] may refuse to comply and litigate those questions in the event that contempt or other similar proceedings are brought against him… *before undertaking any burden of compliance with the subpoena*") (*emphasis added*).

Fundamentally, the prosecution's argument that orders to produce are indistinguishable from injunctions or orders to testify amounts to *ipse dixit*. They do not respond to the defense argument that, as the cases clearly contemplate appeal with the *possibility of relief,* they can only contemplate civil contempt. They do not respond to the argument that, if the defense is wrong, *Alexander-Cobbledick-Ryan-Manness* endorse a criminal course of action. They do not offer any investigation of the far-reaching and insidious consequences of their empty assertions that a defendant, while appealing a civil contempt finding derivative of a disputed discovery order, may be charged with criminal contempt in the meantime. They simply cite cases from adjacent contexts — injunctions, and subpoenas *ad testificandum* — and as is so often the case with prosecutors, arrogantly assume those contexts relevant to the unique and unprecedented question at hand.

And with respect to the most obvious rebuttal to the defense argument — that, a defendant can in fact be charged with criminal contempt while seeking appeal of finding of civil contempt derivative of an order to produce — the prosecution does not cite a single case in support. They

---

because the sensitive information will "already have been exposed" and citing *In Re Von Bulow*, 828 F.2d 94, 99 (2d Cir. 1987) and *In Re Sims,* 534 F.3d 117 (2d. Cir. 2008)).

[2] The prosecution's only recognition of the lack of available relief in the criminal contempt context (well accepted by the defense) — the proposition that "an order that is set aside on appeal may give rise to a charge of criminal contempt", Opp. at 26 — amounts to a contortion; they seem to be under an impression that this proposition as to what happens *after* an appeal has been decided, bears on whether an appellant may be charged with criminal contempt *while that appeal is pending.*

do not point to a single instance where such a thing has taken place. Nor do they offer any argument for why Mr. Donziger need be the first. It is true that this Court has treated Mr. Donziger differently from every other misdemeanant in the history of federal misdemeanors, on the basis that it was making findings of fact "particular" to Mr. Donziger. Dkt. 237. In the context of this motion, there are no "particulars," however. Rather, there is the common situation of a defendant resisting production orders by going into civil contempt, followed by the unprecedented and improper use of the criminal contempt power.

The prosecution's factual arguments — citing instances where Mr. Donziger, a pro se litigant facing a litigant with unparalleled and limitless resources,[3] should have sought the extraordinary remedy of mandamus, or a sufficient number of stays from District Court and/or from the Second Circuit — deserve a similar fate.

Mr. Donziger appealed in a manner wholly appropriate — he waited until an order holding him in civil contempt and imposing coercive sanctions had been entered, and he requested relief from discovery obligations from the Second Circuit. While he initially sought a stay *of certain coercive sanctions* imposed by the district court, the court largely dissolved those sanctions shortly after Mr. Donziger sought the stay. The prosecution's pretense that Mr. Donziger was required to seek a Second Circuit stay of the production obligation at the heart of the contempt citation is non-sensical. A litigant might seek a stay to *avoid* a contempt citation, but here the citation had been *invited* for the reasons described above. What would be the point? What does the prosecution suggest Mr. Donziger should have done if the Second Circuit denied a stay? Produce, presumably, rendering meaningless the entire course of conduct and Mr. Donziger's legitimate objections to disclosure. The *Alexander-Cobbledick-Maness-Ryan* line of cases describe a method of achieving precompliance *review*, not just the possibility of a precompliance stay.

And had Mr. Donziger sought mandamus prior to district court's issuance of the contempt citation, the Second Circuit would have denied it precisely because another avenue of relief existed — namely, civil contempt and appeal. *See In Re The City of New York*, 607 F.3d 923, 934 (2d. Cir. 2010) (holding that mandamus was appropriate because the City had no other option prior to entry of final judgment); *see also, Int'l Bus. Machines Corp. v. United States*, 493 F.2d 112, 115 n.1 (2d Cir. 1973) ("Where the main case is effectively terminated, the contempt order may no longer be interlocutory.") (internal citations omitted). The defense will happily concede that Mr. Donziger did not do the things that would not have made an iota of difference and instead walked the well-trodden path of civil contempt to obtain appellate review before ringing the bell.

In the end, Mr. Donziger exercised his only option consistent with his ethical duties to his clients, and one that finds ample basis in law. The very relief contemplated by cases specifically addressing unringable bells in the discovery context— orders to produce that which may be privileged or confidential or sensitive — is available to him, now from the Second Circuit Court of Appeals. *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007 (D.C. Cir. 1997) (modifying production order on appeal); *Armstrong v. Guccione*, 470 F.3d 89 (2d Cir. 2006) (same); *In re Sealed Case No. 98-3077*, 151 F.3d 1059 (D.C. Cir. 1998) (same); *In re Sealed Case (Med. Records)*, 381 F.3d 1205 (D.C. Cir. 2004) (same); *Chase*

---

[3] We note that the firm of Gibson, Dunn and Crutcher has billed $3,433,384.50 in the post-judgment discovery dispute. Dkt. 2264.

*Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159 (2d Cir. 1992) (same); *In re Three Grand Jury Subpoenas, Dated Jan. 5, 1988*, 847 F.2d 1024 (2d Cir. 1988) (same); *National Gas Pipeline Co. of America v. Energy Gathering, Inc.,* 2 F.3d 1397 (5th Cir. 1993) (same).

  The prosecution has offered nothing by way of response. The motion to dismiss should be granted.

  Respectfully submitted,


_____/s/_____
Rhidaya "Rhiya" Trivedi
Ronald L. Kuby

*Attorneys for Mr. Donziger*