# LAW OFFICE OF RONALD L. KUBY

ATTORNEYS AT LAW
119 WEST 23RD STREET, SUITE 900
NEW YORK, NEW YORK 10011

TELEPHONE: (212) 529-0223
FAX: (212) 529-0644
WWW.KUBYLAW.COM

RONALD L. KUBY
RHIYA TRIVEDI

OF COUNSEL
GEORGE WACHTEL
LEAH BUSBY

STAFF
SUSAN BAILEY

PROCESS SERVER
LUIS R. AYALA 1952-2012

April 7, 2021

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York
VIA ECF

Re: <u>United States v. Donziger, No. 19-cr-561 (LAP)</u>

Dear Judge Preska:

  On May 15, 2020, substantially prior to our entry into the case, the private, for-profit prosecutors provided notice that they intended to introduce evidence of defendant's alleged disobedience of other court orders in two separate underlying civil cases. Exhibit A. The prosecution did not explain, in the context of this case, why it was that any of this would be admissible, except to recite every possible basis for admission under Rule 404(b) as well as the familiar bases of "context" "same transaction," and "inextricably intertwined." That is, the prosecution cited every basis known to the law as to why these acts *could* be admissible, but offered defense counsel no basis as to why they *would* be admissible in this case.

  We meet the prosecution's boilerplate assertions of admissibility with a similarly thoughtful reply: None of this is admissible and all of it violates every prohibition under Rule 403. We reserve the right to object to the admissibility of this evidence on a question-by-question basis in the actual course of trial, where relevance, admissibility, and enumerated Rule 403 factors are best gauged. This is not the typical 404(b) situation where a bell, once rung for the jury, cannot be unheard.

Sincerely,

Ronald L. Kuby

# EXHIBIT A

# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

RITA M. GLAVIN
(212) 574-1309
glavin@sewkis.com

901 K STREET, N.W.
WASHINGTON, DC 20005
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

May 15, 2020

**VIA EMAIL**
Andrew J. Frisch
Schlam Stone & Dolan LLP
40 Fulton Street,
New York, NY 10038
afrisch@schlamstone.com

    Re:    United States v. Donziger, 19 Cr. 561 (LAP)

Dear Mr. Frisch:

    I write to provide you notice, pursuant to Fed. R. Evid. 404(b), of the following conduct by defendant Steven Donziger, evidence about which the Government may introduce at trial to prove motive, intent, plan, knowledge, absence of mistake, and/or lack of accident:

- In civil case 11 Civ. 691, the defendant's disobedience of court orders directing him to transfer his interest in the Amazonia shares including: Dkt. 1875 (March 4, 2014) and Dkt. 1901 (April 25, 2014).

- In civil case 11 Civ. 691, the defendant's disobedience of court orders directing him to produce all responsive information to the "Money Judgment Discovery" requests and the "Compliance Discovery" requests, including: Dkt. 2009 (May 17, 2018); Dkt. 2020 (June 1, 2018); Dkt. 2056 (July 23, 2018); Dkt. 2108 (October 18, 2018).

- In civil case 10-MC-0002, the defendant's disobedience of an October 20, 2010 court order (Dkt. 86) denying his motion to quash and directing him to produce all responsive documents to subpoenas. See also 11 Civ. 691 Dkt. 2171 at 6-8 (describing Donziger's failure to produce responsive documents in 10-MC-0002).

    Evidence of this conduct is also independently admissible because it arose out of the same transaction or series of transactions as the charged offenses, is inextricably intertwined with the evidence regarding the charged offenses, and/or necessary to complete the story of the charged offenses. See United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000).

Andrew J. Frisch
May 15, 2020
Page 2

If you have any questions, please feel free to call me.

Sincerely,

_____/s/_____

Rita M. Glavin
Special Prosecutor

cc: Richard Friedman Esq.