# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

                    Plaintiff,

        v.                                                    19 Cr. 0561 (LAP)

STEVEN DONZIGER,

                    Defendant.

## DECLARATION OF MARTIN GARBUS

I, Martin Garbus, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.  I am an attorney for Steven Donziger in this case.

2.  I submit this declaration in support of the accompanying motion which seeks:

    a.  Dismissal of the case because the vindictive and selective prosecution of Steven Donziger in violation of the Due Process and Equal Protection guaranteed to him by the Constitution of the United States and the laws of the United States, as well as unconstitutional use and application of Rule 42 of the Federal Rules of Criminal Procedure

    b.  Discovery of further facts related to the dismissal claims, specifically addressing the roles, relationships and actions of Judge Kaplan, the private prosecutor, Chevron and Judge Preska.

3.  I will not set forth the long history of this prosecution, but certain key facts are worth
    repeating:

    a.  Geoffrey Berman, then the United States Attorneys for the Southern District
        refused Judge Kaplan's request to prosecute Steve Donziger on the charges in
        this case. Thereafter, Judge Kaplan appointed Rita Glavin, Brian Maloney,
        and Sareen Armani, from the law firm of Seward & Kissel ("Seward") to act
        as a private prosecutor.

    b.  Rule 42 requires that if a private prosecutor be appointed that the prosecutor
        must be disinterested. No attempt was made to appoint a disinterested
        prosecutor. The prosecutor who  was appointed had many specific interests in
        the prosecution. Seward has strong ties to the oil industry, including, but not
        limited to, having represented Chevron in the recent past, and representing
        companies dependent on business from Chevron.

    c.  A criminal conviction of Mr. Donziger by the Seward firm serves the financial
        and professional interest of Seward.

    d.  The lead private prosecutor was severely criticized for her conduct as an
        Assistant U.S. Attorney that led to the reversal of the conviction of former
        Senator Ted Stevens of Alaska. I have been advised that this prosecutor's
        husband, a lawyer, worked for Exxon during the same time that she was
        prosecuting this case.

    e.  Judge Kaplan, after drafting and filing the criminal charges in this case,
        assigned Judge Preska to preside over the case.

1

    f.   Despite repeated requests, Judge Kaplan and the private prosecutor have refused to reveal their continuing communications with respect to this case or their communications with Judge Preska or Chevron.

    g.   Judge Kaplan has refused to recuse himself from this case. He continues to make rulings that impact the criminal case. Thus, Judge Kaplan is a witness, the prosecutor who drafted and filed the charges, the person who appointed Judge Preska to preside over the criminal trial, and a judge who continues to make rulings impacting the criminal trial. All of this makes Fed R. Crim. P. 42, as applied in this case, unconstitutional, by depriving Steven Donziger of an unbiased judge and unbiased prosecutor.

4.   In short, many of the facts related to the apparent due process and Sixth Amendment violations effectuated by this prosecution are unavailable to the defense, as they are known only to Mr. Berman, Seward, Judge Kaplan and Judge Preska.

5.   Mr. Berman, before he was fired as U.S. Attorney for the Southern District of New York, claimed he had insufficient resources to prosecute Steven Donziger. We do not know if this is true. We understand the cost of the private prosecutor's expenses since Judge Preska's appointment, approved by Judge Preska, exceed $500,000 and a trial has not yet occurred. If there is a trial conviction, and appeal, the total cost to the taxpayers for prosecuting this petty offense will likely exceed $1 million.

6.   I contacted Mr. Berman in an attempt to learn more about the most unusual procedural history and posture of this case. He refused to answer any questions about the case.

7. Mr. Berman was fired as United States Attorney by former President Trump and Attorney General William Barr. Discovery will reveal the reasons why Mr. Berman refused to prosecute, whether his refusal to prosecute was related in any way to his termination, and who was involved in the decision to overrule Mr. Berman's judgment of non-prosecution and pursue prosecution regardless, at taxpayer expense.

8. Mr. Giuliani has a long history of strong ties to the oil and gas industry. In 2005 Giuliani became a partner in Bracewell & Giuliani. In addition to representing Chevon, the New York Times reported that Giuliani's firm was "perhaps the most aggressive lobbyist for coal fired power plants ... one of the highest profile defenders of oil and gas." Giuliani represented Chevron on a host of matters including in a sale of property worth $242 million. Bracewell's partners acknowledged that Giuliani had played a large port in their firms' nomination by the 2020 oil and gas industry as "firm of the year."

9. Chevron has been a Gold Club sponsor of the Federalist Society, donating between $50,000 and $90,000 annually. Gibson Dunn was one of the more substantial funders of a Federal Society Event honoring Judge Loretta Preska, a member of that society. Discovery will elucidate such connections and show, for example, if Judge Preska, Chevron, Gibson Dunn, and the Seward prosecutors are linked by other such civic connections or sit on other boards or committees together.

10. Judge Preska, Judge Kaplan and the other parties mentioned in this Declaration may claim the publicly reported information is inaccurate. We should know that now before this motion is adjudicated. Members of the Federal government and judiciary referred to should set forth the facts that are within their knowledge concerning this prosecution. It may make further discovery unnecessary. It will certainly make the facts clear, both to

the defendants and any future judges, trial and appellate, that are asked to decide any of these motions. Sunlight is sought.

11. If Judge Preska and Judge Kaplan claim that this is not a selective prosecution, then they should show the facts that support that now. This is very different than the more usual selective prosecution motion or recusal motion or a motion attacking the unconstitutional application of a rule or statue.

12. Judge Preska, Judge Kaplan and Seward are not uninvolved, dispassionate third parties. Neither Steve Donziger nor his counsel can possibly be aware of all of the relevant facts on this motion without further discovery and/or an evidentiary hearing.

DATED: April 12, 2021

Respectfully submitted,

     /s
Martin Garbus, Esq.
OFFIT | KURMAN
590 Madison Ave., 6th Floor
New York, NY 10022
Tel. 347.589.8513
mgarbus@offitkurman.com
*Counsel for defendant*