

Martin Garbus, Esq.
590 Madison Ave., 6th Floor
New York, NY 10022
(347) 589-8513
mgarbus@offitkurman.com

April 15, 2021

**VIA ECF**

Honorable Loretta Preska
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

RE: *Chevron v. Donziger*, Case No. 19 Cr. 561 (LAP)

Dear Judge Preska:

In a footnote to your recent decision concerning public access to this trial, you properly note the Covid-era trials that are now being conducted with various restrictions.

That is why, in these exceptional times, the First and Sixth Amendment to the U.S. Constitution require that television cameras be permitted into this federal trial.

I will be very brief. People cannot come to this court for the trial for a number of reasons, Covid fears and travel limitations being the most significant.

Individuals in the United States and overseas have a vital interest in seeing and being informed on what happens here. Mr. Donziger is one of world's most exceptional human rights lawyers and he has been under house arrest for almost two years on a misdemeanor charge — unprecedented in the history of our country.

Traditionally, interested parties who come to court also contribute to the defense. Information is often exchanged on a minute by minute basis and during breaks in the proceedings.

Limitations on foreign visitors to the court stop that. Limitations on American visitors stop that. Not only First Amendment rights are jeopardized, but Mr. Donziger's right to a public proceeding is put at great risk as is the media's right to report on the trial.

The obvious solution is to let the trial be broadcast via Zoom. You have the discretion to order that. The fact you do not during the age of COVID when so few people can attend with undertaking enormous health risks is deeply concerning to us. It also seems to be part of a pattern to limit public scrutiny of a trial where the fact-finder already has imprisoned Mr. Donziger for

Hon. Loretta A. Preska
April 15, 2021
Page 2 of 2

almost two years in his home, prior to hearing any actual evidence, and where the prosecutor works for a private law firm with extensive financial ties to Chevron and the oil and gas industry.

In this case, where the private prosecutor and Chevron enjoy enormous financial and media advantages, the defendant must have full access to the media. The government will continue to spend vast sums to wrongfully and unconstitutional prosecute and punish this man.

This court cannot be so rigid as to ignore these considerations. The broadcast networks are ready to come to Court. They are prepared to endure hardships to give Mr. Donziger and other defendants their Constitutional protections.

The Federal Rules never contemplated this kind of occurrence. The public trial of the man who killed George Floyd is critical to the awareness of all citizens of what this country now needs.

In a very different way, the trial involving issues related to the plunder of Indigenous ancestral lands by the oil industry and the prosecution of an innocent man named Steven Donziger that held an oil company accountable are essential for this country to see.

I ask you to reconsider and allow Cameras in the courtroom. The words of the Supreme Court in the Shepard case are even more relevant to today when the truth is drowned in lies, and when millions of dollars spent on media control attempt to obliterate Constitutional values. Please act and act quickly to ensure that this trial is seen by the world and by the two official international trial monitoring committees. At a minimum, the right to a public trial compels you allow Zoom access to the proceedings consistent with what this court has allowed in all pre-trial proceedings.

I am available for further discussion on agreed terms at your convenience.

Respectfully,

/s

Martin Garbus, Esq.
OFFIT | KURMAN
590 Madison Ave., 6th Floor
New York, NY 10022
Tel. 347.589.8513
mgarbus@offitkurman.com
*Counsel for defendant*