

Martin Garbus, Esq.
590 Madison Ave., 6th Floor
New York, NY 10022
(347) 589-8513
mgarbus@offitkurman.com

April 19, 2021

**VIA ECF**

Honorable Loretta Preska
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    RE:    *Chevron v. Donziger*, Case No. 19 Cr. 561 (LAP)

Dear Judge Preska:

On Friday afternoon, April 16, 2021, you denied the defense request for an open trial. You have also thus far refused to grant the defense request for argument on the motions and requests for discovery presently pending before you. We also have to assume you will not permit cameras or videoconferencing participation in regard to argument on the motions.

These decisions taken together clearly deny Mr. Donziger's right to a full airing of the evidence in public. They also appear to be part of an attempt by the court to prevent scrutiny of its own improper actions in a criminal case being prosecuted by a private Chevron law firm against the human rights lawyer who won a large pollution judgement against Chevron.

This may be a flagrant conflict of interest that this Court has refused to address or act to correct.

This letter is being submitted to again request oral argument on our motion regarding selective prosecution. Your previous refusal to grant us that argument is extremely concerning. We believe this motion raises serious Constitutional issues and for this reason and others should not be decided on submission. Given your personal involvement in the issues in this case that are raised by the motion, the public is entitled to know how this criminal prosecution arose and the details of the unusual roles played by Judge Kaplan in charging Mr. Donziger after the charges were rejected by the U.S. Attorney; the defendant's civil litigation opponent Chevron Corporation, which has been trying to "demonize Donziger" for years; Chevron's lawyers at the Gibson Dunn & Crutcher firm (four of whom are the main witnesses in this case); and the Kaplan-appointed private prosecutor from Seward & Kissel, which has had an attorney-client relationship with Chevron; and Your Honor.

The public is entitled to see how the courts are run and what judges do. The public is entitled to know if justice and fairness is present in our courthouses. Your rulings prevent that from happening.

In this case Judge Kaplan selected you. We believe you made a serious mistake in agreeing to his request.

Judge Kaplan could have chosen a different process. He chose to make his own decision about who should preside. He did not have to proceed this way. He could have referred the case for assignment by lot according to the usual procedure—as was done in the *Cutler* case and many other criminal contempt cases in our nation's history.

It is apparent that Judge Kaplan chose you because believed you would give him the best chance of a conviction. It is not difficult to see why he thought that. And it is not difficult to see his choice of you for him was correct. Your rulings — including the ones denying televised access or even Zoom access to Mr. Donziger's trial, despite the risks from COVID—have been consistent with his expectations.

Nor is it difficult to see why the firm Seward & Kissel was chosen for the prosecution. The number of competent and disinterred lawyers in New York who could have prosecuted this case is very substantial, including any number of former Assistant U.S. Attorneys now in private practice with no links whatsoever to the oil & gas industry. Why Judge Kaplan chose the one firm with such links is revealing. Seward & Kissel has acted as Judge Kaplan expected and wanted.

We assume the Seward private prosecutors have met extensively with Chevron and its lawyers, in particular the Gibson Dunn & Crutcher firm. We assume that Chevron shareholders had paid for Gibson Dunn to support this joint Chevron-Gibson Dunn-Seward prosecution.

We know that taxpayers are footing the bill for the rest of this costly misdemeanor prosecution. We know that the prior U.S. Attorney, Mr. Berman, decided that the matter was not worthy of the expenditure of government funds through his office. Who decided, and precisely how did they decide, that this decision was wrong and that the government did have and should spend the funds to pursue these charges? What was the basis of the new decision? Have any controls been put in place on how much the private prosecutor—who operates independently of a public office without supervision and no transparent and established budget—can spend on this prosecution?

But there are so many other questions. These are just the tip of the iceberg. Why did Seward take this case at reduced fees? Who negotiated this reduction? What was the consideration?

All this information must be transparent to the public as well as the accused. The American people are entitled to learn the answers to these questions and the many that flow from it.

Judge Kaplan, Your Honor, Seward, Gibson Dunn, and Chevron have all refused to answer such basic questions. The public should see that.

Hon. Loretta A. Preska
April 19, 2021
Page 3 of 4

The public should see the answers to all our relevant questions, especially concerning Judge Kaplan's secretive appointments of Your Honor and Seward.

We are long past the time in the United States of America when the judiciary buries it head in the sand and permits courts to refuse to answer questions to protect itself from claims of wrongdoing.

The pending motions request discovery so that the public and the parties will be able to determine what happened behind these firmly-closed doors. The public is entitled to hear both sides on these issues, and to see all evidence of communications among you, Judge Kaplan, and the Seward private prosecutor.

Among the discovery the defense needs would be documents illustrating the conflicts of interest and intense bias circulating amongst Chevron, Gibson Dunn, Seward, and even Your Honor that led inexorably to these charges and the state of this case.

If you deny our discovery and recusal motion, the public should see your reasons for your refusal to permit discovery and your refusal to excuse yourself.

Police officers are now required to wear body cameras so that the public can see if justice is dispensed on the streets. The impact of this accountability is everywhere, including in the ongoing George Floyd trial.

Television cameras in the courtroom are judicial body cameras, allowing the public to see for themselves if the judges dispense justice in the courtrooms or if they serve private interests.

Judge Cahill understood that when he allowed full video access to the Derek Chauvin trial in Minneapolis. You should do the same in New York.

I again urge you to now disqualify yourself from this case. The public is entitled to know why you and Judge Kaplan refuse to answer these many questions and why neither of you will recuse yourselves.

I fear that I am too often using the word inexplicable to characterize your conduct but I know of no other more accurate word to describe that conduct.

This case is in many ways similar to the Dan Ellsberg case where Judge Mathew Byrne was compelled to dismiss the criminal case because of improper contacts between the Government and the Court.

Hon. Loretta A. Preska
April 19, 2021
Page 4 of 4

                                                Respectfully,

                                                /s

                                              Martin Garbus, Esq.
                                              OFFIT | KURMAN
                                              590 Madison Ave., 6th Floor
                                              New York, NY 10022
                                              Tel. 347.589.8513
                                              mgarbus@offitkurman.com
                                              *Counsel for defendant*