# LAW OFFICE OF RONALD L. KUBY

Attorneys at Law
119 West 23ʳᴰ Street, Suite 900
New York, New York 10011

Telephone: (212) 529-0223
Fax: (212) 529-0644
www.kubylaw.com

Ronald L. Kuby
Rhiya Trivedi

Of Counsel
George Wachtel
Leah Busby

Staff
Susan Bailey

Process Server
Luis R. Ayala 1952-2012

April 30, 2021

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York

Re: United States v. Donziger, No. 19-cr-561 (LAP), 11-civ-691 (LAK)

Dear Judge Preska:

Please accept this letter in lieu of a more formal motion to reconsider your decision (Dkt. 68) denying defendant's motion to dismiss Counts IV and V.

In addition, we move to dismiss all of six counts of contempt on the ground that \Judge Kaplan failed to make basic determinations that are a condition precedent to using the criminal contempt power.

### Motion to Dismiss Counts IV and V

The factual bases for this motion as they relate to Counts IV and V are simple and straightforward. Steven Donziger was held in *civil* contempt to compel his transfer of his contingency fee interest in a 2011 retainer agreement (Count IV), and to compel his transfer of a contingency fee interest in a 2017 retainer agreement (Count V). It is undisputed that with respect to each of these civil contempt orders, Mr. Donziger complied and totally purged himself of the contempts prior to Judge Kaplan charging him criminally, based on the same conduct.

Months *after* Mr. Donziger complied and purged these contempts, Judge Kaplan initiated this criminal prosecution. The charging document, with respect to these two counts, charge criminal contempt for Mr. Donziger's alleged failure to comply with the civil contempt orders *a day before he indisputably complied* with them. That is, Judge Kaplan elected to retroactively criminalize Mr. Donziger for his period of alleged non-compliance, even though the civil contempt power achieved exactly what was designed to do.

This excessive exercise of the criminal contempt power by Judge Kaplan violated long-standing warnings and long-standing guidelines, from multiple courts, as to the limitations of

1

criminal contempt that are designed to safeguard against the very abuse that is taking place in this case.

The misuse of the criminal contempt power has long been a cause for concern by the Supreme Court. In Sacher v. United States, 343 U.S. 1 at 12 (1952), Justice Black noted "[t] hat contempt power over counsel, summary or otherwise, is capable of abuse is certain. Men who make their way to the bench sometimes exhibit vanity, irascibility, narrowness, arrogance, and other weaknesses to which human flesh is heir." Thirty-five years later, Justice Scalia wrote, "In light of the broad sweep of modern judicial decrees, which have the binding effect of laws for those to whom they apply, the notion of judges' in effect making the laws, prosecuting their violation, and sitting in judgment of those prosecutions, summons forth much more vividly than [the Supreme Court in Anderson v. Dunn, 19 U.S. 204, 6 Wheat. 204, 5 L. Ed. 242 (1821)] could ever have imagined the prospect of 'the most tyrannical licentiousness'" Young v. United States ex rel. Vuitton Et Fils S. A, 481 U.S. at 822 (1987) (Scalia, J., Concurring). This could not be more relevant to the current situation where Judge Kaplan is effectively acting as the complaining witness, the prosecutor, the person who appointed the prosecutor, a witness, the person who appointed the judge, and also, the judge.

These warnings have not always had the desired effect. Jurists suffering from "vanity, irascibility, narrowness, [and] arrogance" engaged in "the most tyrannical licentiousness" are not deterred by such blazing yellow caution lights. Consequently, courts have set forth some boundaries beyond which criminal contempt may not be charged. One such boundary is that criminal contempt may be used only as a last resort, where civil contempt has failed or is pointless. Again, Judge Kaplan has transgressed this limitation in his charging of Mr. Donziger.

In Vuitton Et Fils S. A., 481 U.S. at 789 (1987), the Court held that the contempt power was to be used criminally *only* as independent means to vindicate a court's authority and that this inherent power of self-protection *only* be used as a *last resort*. This "last resort" test has long been the law in the Second Circuit. In In re Irving, 600 F.2d 1027, 1037 (2nd Cir. 1979) after noting the seriousness of criminal contempt, the Second Circuit held that "[a] judge should resort to criminal contempt only after he determines that holding the contemnor in civil contempt would be *inappropriate or fruitless*. Shillitani v. United States, 384 U.S. at 371 & n. 9, 86 S.Ct. 1531 & n. 9. "(emphasis added). The Fifth Circuit too has long-held that once a civil contemnor achieved "substantial compliance" with the court's orders, no valid reason exists for pursuing criminal contempt. United States v. Barnett, 346 F.2d 99, 100 (5th Cir. 1965). See also, United States v. Leyva, 513 F.2d 774, 779 (5th Circ. 1975)( "judge should resort to criminal sanctions only after he determines, for good reason, that the *civil remedy would be inappropriate"*)(emphasis added). The Ninth Circuit as well has held that "the Supreme Court has consistently held that 'the limits of power to punish for contempt are 'the least possible power adequate to the end proposed'". United States v. Abascal, 509 F.2d 752, 756 (9th Cir. 1975).

In denying the prior motion to dismiss, this Court found that:

From the facts set forth in the parties' papers, however, it appears that Mr. Donziger left Judge Kaplan with no real option other than criminal charges. Mr. Donziger is alleged to have repeatedly defied court orders, openly invited civil contempt, and refused to budge ever when threatened with coercive sanctions. That course of conduct gives "no basis for thinking that more orders, warnings, or threats would have produced improvement."

Dkt. 68, at 22 (citations omitted).

Whatever the deficiencies of the parties' papers that led to this erroneous conclusion, there is no doubt that this Court erred. Mr. Donziger purged himself of the civil contempts with respect to these two counts—*before* he was threatened with coercive sanctions. His request to be put in voluntary civil contempt so that he might appeal the underlying lawfulness of the production orders applied to Counts I and II, not IV and V. Thus, Judge Kaplan had achieved the goals of these two orders long before he elected to try to criminalize Mr. Donziger with these wholly inappropriate criminal charges. Judge Kaplan did not impose the criminal sanction while Mr. Donziger was refusing to "budge." Mr. Donziger had already "budged." Completely.

Hopefully this clarifies the state of the record when Judge Kaplan charged these two counts of criminal contempt and further makes clear that after Mr. Donziger complied with the civil contempt orders on these two counts, it was improper for Judge Kaplan to charge him with criminal contempt. Accordingly, these counts must be dismissed.

## Motion to Dismiss All Counts

As noted above, the Second Circuit, in Irving, held that criminal contempt can be used only when the judge "*determines*, for good reason, that the civil remedy would be inappropriate or fruitless". Irving, 600 F.2d 1027 at 1037. Just as Irving imposed a substantive limitation on the use of criminal contempt, it also imposed a procedural one: there must be a judicial "determination" as to why the civil remedy could not be used. No such determination was made by Judge Kaplan prior to his initiations of any of the charges. Therefore, all six criminal contempt charges must be dismissed.

## Conclusion

The defense is sadly mindful that the continuing presence of Judge Kaplan, as an unrecused judge in these proceedings, hovering over this case, like a poor imitation of Banquo's ghost, has violated Mr. Donziger's rights to fundamental fairness and a fair trial from the beginning. Nonetheless, it is not too late to rectify what has become a dismal situation for Mr. Donziger and a deplorable situation for the integrity of the federal judiciary.

## Wherefore

It is respectfully requested that this Court dismiss Counts IV, and V because they are substantively barred, and all Counts because they are procedurally barred.

Respectfully submitted,

Ronald L. Kuby