USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-30-21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

STEVEN DONZIGER,

                Defendant.

No. 19-CR-561 (LAP)

No. 11-CV-691 (LAK)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of the letter, dated April 13, 2021, from the Donziger Case Monitoring Committee ("the Committee") regarding the public-access measures for Defendant Steven Donziger's upcoming trial. (See dkt. no. 270.) That letter discusses two topics: (1) measures to ensure that those who attend the trial in person can do so safely and (2) remote audio/visual access to the trial proceedings for those who wish to observe them. (See id.)

    As to the first point, the Court reiterates its previous order which indicated that (1) the Court had requested access to a larger courtroom for Mr. Donziger's trial, (2) the Court will provide one or more overflow rooms from which to observe the proceedings, and (3) the Court will allow members of the press to sit, in a distanced manner, in the jury box to ensure that more seats are available to the public. (See dkt. no. 254.) Seating for members of the public will also be properly distanced. Once a courtroom and overflow room(s) are

1

designated, the Court will enter an order to the public docket with the relevant information. (See id.)

As for the second point, the Court again reiterates, (see dkt. no. 254 at 2 n.1; see also dkt. no. 266), that the Federal Rules of Criminal Procedure do not authorize the broadcasting of Mr. Donziger's trial.[1] Moreover, as the Court has already observed, (see dkt. no. 254), although the CARES Act permits the use of remote teleconferencing for some criminal proceedings--including some of the pretrial proceedings in this case--it does not sanction the use of such technology for trial proceedings, leaving operative Rule 53's baseline prohibition.[2] The Committee's letter provides no legal authority to the contrary, and the COVID-19 pandemic does not afford the Court license to ignore the Federal Rules.

Consistent with guidance from the CDC and New York State Department of Health, the Southern District of New York has adopted extensive rules and guidelines to prevent the spread of

---

[1] See FED. R. CRIM. P. 53 ("Except as otherwise provided by a statute or these rules, the court must not permit the taking of photographs in the courtroom during judicial proceedings or the broadcasting of judicial proceedings from the courtroom."). As the Court has recognized, Rule 53's "language is mandatory." (Dkt. no. 266 at 1.)

[2] See Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 15002(b), 134 Stat 281, 528 (2020) (enumerating the proceedings for which using such technology is permitted).

2

COVID-19 in its courthouses and to ensure that any in-person proceedings can be held safely.[3] Subject to the protocols in place at the time of Mr. Donziger's trial, any interested member of the public may attend the trial in person. (See dkt. no. 254 at 2.)

**SO ORDERED.**

Dated:     April 30, 2021
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

---

[3] The Court's most up-to-date protocols are available online at https://nysd.uscourts.gov/covid-19-coronavirus. The Court has already employed those protocols to hold several trials this year. See generally Benjamin Weiser, Reconfiguring the Courts to Meet Health Concerns, N.Y. Times, Apr. 25, 2021, at 4.