# EXHIBIT A

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| Steven R. Donziger | ) Case No. 19 - cr - 561 |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Records Custodian, Gibson Dunn
_(Name of person to whom this subpoena is directed)_

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects: See Exhibit A

| Place: United States Court House, 500 Pearl Street | Date and Time: 5/10/2021 @ 10 AM |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)
OCT 1 5 2020

Date: _____

RUBY J. KRAJICK

CLERK OF COURT

_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ Martin Garbus
347-589-8513, mgarbus@offitkurman.com, who requests this subpoena, are:

---

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Exhibit A**

**DEFINITIONS AND INSTRUCTIONS**

1. These requests incorporate the Uniform Definitions pursuant to SDNY Local Civil Rule 26.3.

2. Chevron Corporation means and includes all domestic and international subsidiaries of Chevron Corporation and all corporations, partnerships, joint ventures, companies, funds, trusts, LLCs, or other incorporated or unincorporated organizations or entities wholly or majority-owned by Chevron Corporation.

3. Except where expressly stated, the relevant time period for these requests is April 15, 2019 to the present.

**REQUESTS**

Private Prosecutors

1. A copy of all electronic documents or communications involving (a) any employee or agent of Gibson Dunn and (b) the Private Prosecutors. "Private Prosecutors" include Rita Glavin, Brian P. Maloney, Sareen K. Armani, or any employee or agent of the Seward & Kissel law firm.

2. A log indicating date and approximate length of all telephone or videoconferencing communications, or in-person meetings, whether professional or personal in nature, scheduled or unscheduled, involving (a) any employee or agent of Gibson Dunn and (b) the Private Prosecutors.

3. All information regarding or reflecting the existence of telephone or videoconferencing communications or in-person meetings involving (a) any employee or agent of Gibson Dunn and (b) the Private Prosecutors.

1

Hon. Loretta A. Preska

4. A copy of all electronic documents or communications involving (a) any employee or agent of Gibson Dunn and (b) Judge Loretta Preska or any agent or family member of Judge Preska, other than those communications filed in the criminal case, no. 19-cr-561.

5. A log indicating date and approximate length of all telephone or videoconferencing communications, or in-person meetings, whether professional or personal in nature, scheduled or unscheduled, involving (a) any employee or agent of Gibson Dunn and (b) Judge Loretta Preska or any agent or family member of Judge Preska.

6. All information regarding or reflecting the existence of telephone or videoconferencing communications or in-person meetings involving (a) any employee or agent of Gibson Dunn and (b) Judge Loretta Preska or any agent or family member of Judge Preska.

Hon. Lewis A. Kaplan

7. A copy of all electronic documents or communications involving (a) any employee or agent of Gibson Dunn and (b) Judge Lewis Kaplan or any agent or family member of Judge Kaplan, other than those communications filed in the civil case, no. 11-cv-691.

8. A log indicating date and approximate length of all telephone or videoconferencing communications, or in-person meetings, whether professional or personal in nature, scheduled or unscheduled, involving (a) any employee or agent of Gibson Dunn and (b) Judge Lewis Kaplan or any agent or family member of Judge Kaplan.

9. All information regarding or reflecting the existence of telephone or videoconferencing communications or in-person meetings involving (a) any employee or agent of Gibson Dunn and (b) Judge Lewis Kaplan or any agent or family member of Judge Kaplan.

Corporate Prosecution

10. A copy of all documents or electronic communications involving any employee or agent of Gibson Dunn, including specifically any private investigators or "corporate solutions" service providers, reflecting the objective to get Steven Donziger disbarred, including specifically (a) any discussion of plans, ideas, methods, tactics, strategies, approaches aimed at furthering said objective; and (b) any communications with any current or former judicial officer or staff, any prosecutorial or disciplinary authority and/or any current or former prosecutor, any law enforcement officer, any private investigator, or any relevant third-party in furtherance of said objective, including specifically any communications involving Richard Supple and/or the law firms Hinshaw & Culbertson LLP and/or Clyde & Co. and any communications involving Michael I. Krauss, concerning Steven Donziger. The relevant time period for this request is September 3, 2016 to the present.

11. A copy of all documents or electronic communications involving any employee or agent of Gibson Dunn, including specifically any private investigators or "corporate solutions" service providers, reflecting the objective to get Steven Donziger charged with criminal contempt or any other criminal offense, including specifically (a) any discussion of plans, ideas, methods, tactics, strategies, approaches aimed at furthering said objective; and (b) any communications with any current or former judicial officer or staff, any prosecutorial authority and/or any current or former prosecutor, including specifically Joon Kim, Geoffrey Berman, Audrey Strauss, Cyrus Vance, Jr., and Rudy Giuliani, or their deputies or assistants, any law enforcement officer, any private investigator, or any relevant third-party in furtherance of said objective. The relevant time period for this request is October 31, 2017, to the present.

Billing

12. All bills and underlying timesheets (a) submitted or (b) prepared for submission but later revised or not submitted by Gibson Dunn to Chevron Corporation for work on any legal or non-legal matter relating in any way to Steven Donziger or the country of Ecuador during the relevant time period.

13. A summary indicating hours and dollar amount on a quarterly basis throughout the relevant time period of all bills submitted by Gibson Dunn to Chevron Corporation for work on any other matter.

Gibson Dunn Marketing and Solicitation

14. A copy of all Marketing and Solicitation Materials that mention Chevron Corporation, Ecuador, or Steven Donziger. "Marketing and Solicitation Materials" include but are not limited to presentations, pamphlets, pitchbooks; summaries or overviews of success or experience at the firm, practice area, or individual-lawyer level; biographic descriptions (bios); letters and pitch materials prepared for potential clients, interest groups, industry associations, private clubs, or other formal or informal regular meetings; letters and pitch materials prepared for any ranking, awards, or certification process, include those managed by The American Lawyer, The New York Law Journal, Law360, Chambers & Partners, The Legal 500, Best Lawyers in America, BTI Consulting Group, The Latin Lawyers, or similar; recommendations or testimonials from clients or other third-parties or entities; and any other materials intended for eventual use in marketing, promotion, or the solicitation or generation of new clients and new business, whether prepared by Gibson Dunn or by any third-party person or entity, and regardless of whether the material was actually used for any marketing purpose.

4

15. A copy of all Professional, Academic, and Media Materials in the firm's possession, custody, or control that (a) is authored by an employee or agent of Gibson Dunn and (b) mentions Chevron Corporation, Ecuador, or Steven Donziger. "Professional, Academic, and Media Materials" include but are not limited to articles intended for law reviews, law journals, newsletters, or professional or practice-area publications; entries for law reports, digests, surveys, treatises, databases, encyclopedias, and similar; Continuing Legal Education materials or similar seminar materials; client alerts; op-eds or any articles intended for general publication in magazines; as well as any of the foregoing types of materials in which an employee or agent of Gibson Dunn are quoted.