**Stephen J. Rapp**
Attorney-at-Law
United States Ambassador-at-Large
for Global Criminal Justice (2009-2015)
Washington, DC, USA

**Catherine Morris**
Member of the Law Society of British
Columbia, Canada (non-practicing)
Executive Director, Lawyers' Rights Watch
Canada
Research Associate, Centre for Asia Pacific
Initiatives, University of Victoria
Victoria, BC, Canada
Email: lrwc@lrwc.org

30 April 2021

Honorable Laura Taylor Swain
Chief U.S. District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Honorable Loretta A. Preska
Judge, U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Application for audio access to the trial scheduled 10 May 2021 in the matter of *United States v. Steven Donziger*, No. 19-CR-561 (SDNY)

Dear Judge Swain and Judge Preska:

We are leading an international panel composed of international human rights lawyers and legal academics to monitor the criminal contempt proceedings against Mr. Steven Donziger in a trial scheduled to begin on 10 May 2021 in Judge Preska's Court in the Southern District of New York. The case of Mr. Donziger has attracted considerable international attention. A number of international human rights issues have been raised by the proceedings.

This is an application for audio or video access to the trial for the purposes of impartial trial monitoring. Our monitors have had audio access to pretrial proceedings to date. In-person or audio access has been critical to our ability to monitor the case. Written transcripts alone are insufficient to assess the tone and demeanour of the participants. Necessary international travel for in-person monitoring is not possible due to the COVID-19 pandemic. Domestic travel in the United States is also limited or impossible for our monitors who do not reside in New York.

We have noted Judge Preska's orders of 6 April 2021 and 30 April 2021 denying audio access to the trial proceedings. The 6 April 2021 order cites Fed. R. Crim. P. 53[1] in support of a

---

[1] *United States Code*, 2006 Edition, Supplement 5, Title 18 - Crimes and Criminal Procedure, Rule 53, available at: https://www.govinfo.gov/content/pkg/USCODE-2011-title18/pdf/USCODE-2011-title18-app-federalru-dup1-rule53.pdf.

prohibition of audio access to the trial. The title of Rule 53 is "Courtroom Photographing and Broadcasting Prohibited." The plain language of Rule 53 indicates that its purpose is to limit the public broadcasting of proceedings through public media, such as radio, so as to prevent members of the media from undertaking activities that would detract from the rights of the parties to a fair trial, unduly distract participants during proceedings, or otherwise interfere with the administration of justice. Rule 53 is not intended for the purpose of constraining public access and scrutiny of judicial proceedings or for the purpose of limiting the defendant's right to a fair and public hearing by an independent and impartial tribunal in accordance with the *International Covenant on Civil and Political Rights*,[2] which at international law is binding at all levels in the United States. Public transparency of criminal proceedings is an essential safeguard to protect both rights of the defendant and the public interest.

We also note that the Order of 6 April 2021 references the CARES Act,[3] which stipulates that certain proceedings may be <u>conducted</u> by video or teleconferencing (rather than in person) during the pandemic. These provisions for online conduct of proceedings ensure the right to a fair and public hearing and the right to counsel in the context of the necessary public health restrictions posed by the COVID-19 pandemic. However, the CARES Act is silent regarding the issue of public broadcasting. Accordingly, it is our submission that the CARES Act provisions are not relevant to the issue of audio access to the trial of Mr. Donziger.

We wish to assure the court that our monitoring group has no intention to publicly broadcast the proceedings; we intend to listen to the proceedings for the sole purpose of assessing compliance with international human rights law and standards applicable to the United States. Please see below for a summary of our monitoring process and standards.

We are unable to discern any valid public policy reason to allow audio access for pre-trial proceedings but not for the trial itself. Therefore, we make this respectful application for audio access to the trial by all members of our monitoring group, and indeed the public around the world.

Our international monitoring panel includes the following persons, whose biographies are attached to this letter:

- Stephen Rapp, United States Ambassador-at-Large (ret.), who headed the Office of Global Criminal Justice in the US State Department (2009-2015), and wishes to monitor a portion of the proceedings in person;
- Catherine Morris, Executive Director, Lawyers' Rights Watch Canada, who wishes to monitor the proceedings by electronic means;
- Etienne Toussaint, Associate Prof of Law, Univ. of DC, who wishes to monitor the proceedings by electronic means.

In addition, we anticipate that there will be several other persons, all lawyers, legal academics, or law students, assisting in the process of monitoring from several locations in different countries.

---

[2] UN General Assembly, *International Covenant on Civil and Political Rights*, 16 December 1966, United Nations, Treaty Series, vol. 999, p. 171, available at: https://www.ohchr.org/en/professionalinterest/pages/ccpr.aspx.

[3] *Coronavirus Aid, Relief, and Economic Security Act*, Pub. L. No. 116-136, § 15002(b), 134 Stat 281, 528 (2020).

Our panel is monitoring the proceedings according to the standards set out in the OSCE Trial Monitoring manual[4] and evaluating against standards set out in binding international law, including the *International Covenant on Civil and Political Rights*,[5] ratified by the United States in 1992, applicable customary international law, and other relevant international human rights standards. Please see the report of a pre-trial hearing held on 5 October 2020 (linked in the footnote below).[6]

This is the first matter being monitored as part of a developing initiative to establish international monitoring panels to evaluate trials in the United States. Each panel member is monitoring the proceedings in their personal capacities on a *pro bono* basis and has agreed to perform the work in an independent and impartial manner without instructions from any person, group, or organization.

Respectfully submitted,

*[signature]*

Stephen Rapp
Attorney-at-Law
United States Ambassador-at-Large (ret.)
Office of Global Criminal Justice (2009-2015)

*[signature]*

Catherine Morris
Executive Director
Lawyers' Rights Watch Canada
Email: lrwc@lrwc.org

---

[4] Organization for Security and Co-operation in Europe (OSCE), Trial Monitoring: A Reference Manual for Practitioners, Revised edition. OSCE, 2012, available at:
Date 26 September 2012, available at: https://www.osce.org/odihr/94216
[5] *Supra* note 2.
[6] Report of monitors: *United States v. Steven Donziger*, No. 19-CR-561 (LAP); 11-CIV-691 (LAK), United States Federal Court, South New York Trial Division, available at: https://www.lrwc.org/wp-content/uploads/2020/10/ObserversReport.USvDonziger.Hearing.5October2020.FF_.pdf.

**Biographies**

**Stephen Rapp,** BA (Harvard), JD (Drake), is a Distinguished Fellow at the United States Holocaust Memorial Museum's Center for Prevention of Genocide. He is also a Senior Fellow of Practice at the Center for Law, Ethics and Armed Conflict at Oxford University. He serves as Chair of the Commission for International Justice and Accountability (CIJA) and on the boards of Physicians for Human Rights, the IBA Human Rights Institute, the ABA Rule of Law Initiative, and the Siracusa International Institute for Criminal Justice and Human Rights. From 2009 to 2015, he was Ambassador-at-Large heading the Office of Global Criminal Justice in the US State Department. Rapp was the Prosecutor of the Special Court for Sierra Leone from 2007 to 2009 where he led the prosecution of former Liberian President Charles Taylor. From 2001 to 2007, he served as Senior Trial Attorney and Chief of Prosecutions at the International Criminal Tribunal for Rwanda, where he headed the trial team that achieved the first convictions in history of leaders of the mass media for the crime of direct and public incitement to commit genocide. Before his international service, he was the United States Attorney for the N. District of Iowa from 1993 to 2001. Rapp organized processes for monitoring trials for compliance with international human rights law in Rwanda and Bangladesh, and led a team that monitored a 2019 trial in Turkey for Trial Watch (a Clooney Foundation for Justice Initiative).

**Catherine Morris,** BA (Alberta), JD (Alberta), LLM (UBC), is the Executive Director of Lawyers' Rights Watch Canada (LRWC). She has served as an Adjunct Professor in the Faculty of Law at the University of Victoria (UVic) and is a Research Associate of UVic's Centre for Asia-Pacific Initiatives. She has taught graduate level courses in international human rights, negotiation, and conflict studies at universities in Canada, Southeast Asia and Europe. She has more than two decades of experience in the field of international human rights. She is experienced in impartial fact finding and adjudication. Her publications include works on dispute resolution ethics and international human rights. She is LRWC's Main Representative at the UN Human Rights Council. She is a non-practicing member of the Law Society of British Columbia, Canada, and a member of the Canadian Bar Association.

**Etienne Toussaint,** SB (MIT), MSE (Johns Hopkins), JD (Harvard), LLM (GW), is an Associate Professor of Law at the University of the District of Columbia, David A. Clarke School of Law where he teaches business law courses and serves as Co-Director of the Community Development Law Clinic. He is a current Board Member of the Washington Council of Lawyers, the public-interest bar association for the District of Columbia. Professor Toussaint previously served as Visiting Associate Professor of Clinical Law and Friedman Fellow at The George Washington University Law School. Prior to entering legal academia, Toussaint worked as a Project Finance Associate with international law firm Norton Rose Fulbright, and subsequently as a Law & Policy Fellow with the Poverty & Race Research Action Council in Washington, D.C. Toussaint previously worked as a strategy consultant for Booz Allen Hamilton, focusing on global environmental policy and sustainable development projects. At MIT, he was recognized as a Ronald McNair Scholar and received a Distinguished Collegiate Award. At Harvard Law School Toussaint served as a student advocate with the Ghana Human Rights Clinic, editor of the Environmental Law Review, Vice-President of the Board of Student Advisers, and National Executive Board Member of the National Black Law Students Association. Professor Toussaint's most recent legal article, *Of American Fragility: Public Rituals, Human Rights, and the End of Invisible Man*, published February 2021 in the Columbia Human Rights Law Review.