# EXHIBIT A

**13th Annual Energy Litigation Conference**

## Litigation "Strategy" or Criminal Enterprise? A RICO Guide For Energy Litigators

November 6, 2014

Andrea E. Neuman
Gibson, Dunn and Crutcher LLP

# The Problem of Fraudulent Lawsuits



# The Dole Cases



# The Dole Cases



# The Dole Cases



# The Asbestos Cases




# Corruption in the Judiciary Itself



# Corruption in the Judiciary Itself



# Responding to Fraudulent Lawsuits



# Plane Crash "Victim" Litigation



## Cargo plane crashes into Ecuadorian neighborhood

### More than 20 killed

October 23, 1996
Web posted at: 9:15 a.m. EDT (1315 GMT)

QUITO, Ecuador (CNN) -- Rescue teams were searching a heavily populated neighborhood of Manta Wednesday after a Miami-bound cargo plane crashed into that Ecuadorian port city, killing at least 23 people.

The dead included all three crew members, radio reports said. Officials fear the toll will climb higher in Dolorosa, a poor neighborhood of Manta.

Witnesses say the Boeing 707 rained flaming debris over tightly-packed houses after it clipped the bell tower of a church and exploded late Tuesday night. The crash came shortly after takeoff from the airport in Manta, about 290 miles southeast of the capital Quito.

# First Amendment Rights?



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

Plaintiff,

-against-

STEVEN DONZIGER, et al.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11 Civ. 0691 (LAK)

### OPINION

Appearances:

Randy M. Mastro
Andrea E. Neuman
Reed M. Brodsky
William E. Thompson
Anne Champion
GIBSON, DUNN & CRUTCHER, LLP
*Attorneys for Plaintiff*

G. Robert Blakey
William J. and Dorothy K. O'Neill
Professor Emeritus
Notre Dame Law School
*Amicus Curiae*

Richard H. Friedman
FRIEDMAN | RUBIN

Zoe Littlepage
Rainey C. Booth
LITTLEPAGE BOOTH

Steven Donziger

*Attorneys for Defendant Steven Donziger and
Steven R. Donziger & Associates LLP*

Julio C. Gomez
JULIO C. GOMEZ, ATTORNEY AT LAW LLC
*Attorney for Defendants Hugo Gerardo
Camacho Naranjo and Javier Piaguaje
Payaguaje*

"**Justice is not served by inflicting injustice. The ends do not justify the means. There is no 'Robin Hood' defense to illegal and wrongful conduct**.... The wrongful actions of Donziger and his Ecuadorian legal team would be offensive to the laws of any nation that aspires to the rule of law, including Ecuador – and they knew it.... It is time to face the facts."

- Opinion at 4-5

# Judicial Remedies



## The Court's Oral Ruling in *Mejia*

"Plaintiffs' and plaintiffs' attorneys' **misconduct** in this record is so **outrageous** and **pervasive** and **profound** that it far exceeds anything . . . in any of the reported cases."

"**Because plaintiffs' counsel in Nicaragua and here through Mr. Dominguez have so thoroughly coached plaintiffs to lie**, there's no way for this court to purge the plaintiffs' wrongfully-obtained knowledge from their mind, and therefore no power short of termination can fully guard against the conscious or subconscious application of the plaintiffs' fraudulent knowledge from shaping the future course of this litigation and its outcome. **Terminating sanctions are therefore the only possible way to handle this situation.**"

# The Dole Cases



**Juan Carlos Dominguez - #150519**

**Current Status:  Active**

This member is active and may practice law in California.

## RICO

Racketeer Influenced and Corrupt Organizations Act

18 U.S.C. § 1961, *et seq.*

# Racketeer Influenced and Corrupt Organizations Act



# *Chevron v. Donziger*



- RICO violations based on predicate acts including:
  - Hobbs Act (attempted extortion)
  - FCPA (and the Travel Act)
  - Wire Fraud
  - Money Laundering
  - Obstruction
  - Witness Tampering

# Before the RICO Action: § 1782 Discovery



# The Ghostwritten Ecuadorian Judgment



# Witnesses Against Donziger



### Former Co-Counsel





Jeffrey Shinder   John McDermott   Richard Kornfeld

### Former Consultants





Douglas Beltman   Ann Maest   Joshua Lipton

### Former Employees




Andrew Woods   Laura Garr

### Ecuadorian Collaborators




Judge Alberto Guerra   Fernando Reyes

### Stratus's Counsel



Joseph Silver   Martin Beier





Mark Quarles   David Russell   Charles Calmbacher

### Former Funders




Joseph Kohn   Christopher Bogart

## The Elements of RICO

RICO elements:

(1) conduct

(2) of an enterprise

 **Management of an Enterprise**

(3) through a pattern

(4) of racketeering activity

**Pattern of Racketeering**

(5) affecting interstate commerce

# The *Donziger* Enterprise



# Donziger's Management



## Pattern of Racketeering

 • FCPA / Travel Act

 • Wire Fraud

 • Money Laundering

 • Hobbs Act / Attempted Extortion

 • Obstruction of Justice

 • Witness Tampering

# Duration of Pattern



## Open-Ended Pattern



"[We will] execute whatever judgment comes out of Ecuador . . . you could file suits, you could seize assets, seize boats."
- S. Donziger, Nov. 15, 2010

"[Donziger intends] an initial multi-pronged attack on Chevron, its assets, and subsidiaries in multiple jurisdictions outside the United States followed by proceedings here."
- *Donziger*, 974 F. Supp. 2d at 477, March 4, 2014

# 18 U.S.C. § 1961(1) — RICO Predicate Acts

As used in this chapter—

(1) "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891–894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1351 (relating to fraud in foreign labor contracting), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization or citizenship papers), sections 1461–1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations) . . .

## Extortion

Donziger's "Pressure Chart"



DATEACCESSED    =   04/03/2009
TIMEACCESSED    :   19:07:02
FILENAME        :   Chevron Pressure Chart 1.2.XLS
TITLE           :   Chevron Pressure Chart 1.2.XLS
SUBJECT         :
HIDDENCOMM      :

Plaintiff's Exhibit 2413  p. 1 of 1

PLAINTIFF'S EXHIBIT 2413

# Extortion Through Third Parties



**ChevronToxico Press Release:**                                          **May 26, 2011**
**"Annual Meeting Dominated by Issues Relating to Ecuador Environmental Catastrophe"**
"Separately, the private fund Trillium Asset Management has requested that **the Securities and Exchange Commission (SEC) undertake a staff review** to determine whether Chevron 'has appropriately disclosed to its shareholders the scope and magnitude of financial and operational risk' from the Ecuador judgment."

**ChevronToxico Press Release:**                                    **September 13, 2006**
**"New Results in $6 Billion Amazon Pollution Case Suggest Chevron Faces Mounting Liability With SEC Probe, Chevron Management Continues to Hide Huge Liability From Shareholders with Misleading 'Spin' Toxins At Chevron Site Exceed U.S. Law 3,250 Times"**
"The government of Ecuador has charged the company with fraud in U.S. federal court over a botched remediation, and **the SEC has launched an investigation** of Chevron for its failure to disclose its potential Ecuador liability to shareholders."

**ChevronToxico Press Release:**                                        **February 6, 2006**
"Chevron Slammed in New Court Report for Leaving Toxins in Rainforest: After Fraud Complaint to SEC, Chevron Tries to 'Spin' Shareholders with Misleading Press Bulletin"

**ChevronToxico Press Release:**                                      **January 13, 2013**
"Chevron Deceiving SEC and Shareholders Over $19 Billion Ecuador Liability, Says New Report"

## Pressuring Chevron to Settle





"Chevron is hurting. . . . We need to get more press and increase the pressure . . . to get the price up."

PX 931



"[T]he stated goal [is] pushing ChevronTexaco to settle the lawsuit in the near future."

PX1034

October 29, 2007

April 28, 2008

# Pursuing Criminal Charges to Pressure Chevron



Q. So the question is, is one of the purposes of the strategy to seek criminal investigation of Mr. Veiga and Mr. Pallares, was one of the purposes to get Chevron to settle the civil case for a large amount of money? Yes or no.

**A. It was one of the purposes, yes.**

Q. And one of the reasons that you wanted publicity of the criminal investigation of Mr. Veiga and Mr. Pallares was to create pressure on Chevron to settle the civil case, correct? That was one of the reasons, right?

**A. Yes.**



Source: S. Donziger 12/1/2010 Dep. Tr. 568:23-569:4; 570:5-6; 578:18-23, 579:8



"The objects of all of Donziger's media and outside pressure efforts, including his attempt to have Chevron lawyers prosecuted criminally in Ecuador, prominently included increasing the pressure on Chevron to make it more willing to compromise, and at a higher amount, than otherwise would have been the case."

- Opinion at 297-98

# Wire Fraud



"**Donziger** . . . engaged … in a number of **deceitful scheme**s, each of which was intended to play its part in achieving that end and **each of which was furthered by use of the wires**. These included, but were not limited to: (1) the **ghostwriting of the Cabrera Report** …; (2) the **false portrayal of Cabrera as neutral and impartial**; (3) the concealment of the true relationship among Cabrera, Stratus, and the LAPs, including concealment of the **secret payments to Cabrera**; (4) the ghostwriting by Stratus of the response to Chevron's objections to the Cabrera Report, which too were passed off as Cabrera's work; (5) the attempts to **deceive Chevron and courts** in the Section 1782 proceedings concerning what actually had transpired among Cabrera, Stratus, and the LAPs; (6) the **ghostwriting of all or much of the Judgment** and Zambrano's false claim of authorship; and (7) the false statements to the media and to public officials that were made to **increase the pressure on Chevron**."

- Opinion at 381

# Wire Fraud

From: Doug Beltman <dbeltman@stratus consulting.com>
Sent: Wednesday, February 27, 2008 5:13 PM
To: Steven Donziger (sdonziger@gmail.com)
Subject: Start on report text; human tox annex
Attach: Annex3.1 27Feb08 djb.doc; PG report v1.doc

CONFIDENTIAL ATTORNEY/CONSULTANT WORK PRODUCT
Steven:
Attached is my rough start of the Peritaje Global report. It isn't formatted, doesn't have the tables or figures yet, and doesn't have references. Would you let me know if you think I'm on track in terms of tone, language level, and content? If you have specific edits, great - but I haven't really read through it myself. It's more about tone, pace, and feel.

Also attached is our draft of the annex on the toxicity of CVX contaminants to humans. Taken mostly from the Clapp report, with some additions/subtractions and rewriting.
Cheers
Doug
=========================
Douglas Beltman
Executive Vice President
Stratus Consulting
303.381.8000
303.381.8200 (fax)

"Steven: Attached is my **rough start of the Peritaje Global report**…. Would you let me know if you think I'm on track in terms of tone, language level, and content?"

---

DRAFT – CONFIDENTIAL                    Peritaje Global Summary Report – 2.26.08

Front matter: TOC, list of annexes

## 1.  Declaration of Findings

## 2.  Introduction

This report was written by Richard Cabrera, ING (??) to provide expert technical assistance to the Court in the legal case of ?? (the Demandantes) vs. ChevronTexaco (case number, official names). The purpose of this report is to provide answers and assistance to the Court in addressing certain specific technical questions that are important in this case. Specifically, the Court requested that I (Richard Cabrera) address the following questions:

a) Evaluarán, de existir alguno, el daño ambiental sufrido por los recursos primarios: el
    elementos del

"This report was written by Richard Cabrera"

b) ...ma cronológico;

c) ...ambiente y amenaza para su

d) Especificarán las obras, actividades y medidas de orden técnico que deberían llevarse a la practica para sanear el ambiente, en primer lugar, y restaurarlo, en la medida de lo técnicamente posible, al estado que tuvo antes de sufrir el daño;

e) Determinarán los parámetros metodológicos de la restauración y los estándares o metas ambientales a conseguirse, en función de las características de cada ambiente.

There has been much information prepared and submitted by both the Demandantes and ChevronTexaco during the trial for this case. I focused my efforts on the technical data on the contamination of soil, groundwater, surface water, and air from Texaco's oil exploration and production activities, on the effects of the contamination on people and on the environment, and on actions that may be necessary to remove the contamination to acceptable and safe levels.

I considered the information presented during the trial by both sides carefully and cautiously. Much has been written and said in the media about this case by both sides. I relied on the data and basic information that is part of the trial rather than focusing on what has been said and

---

PLAINTIFF'S
EXHIBIT
978#
11 Civ. 0661 (LAK)

STRATUS-NATIVE069906

Plaintiff's Exhibit 978# p. 1 of 26

# Wire Fraud



"Donziger and the LAPs' U.S. counsel submitted **the deliberately misleading Fajardo declaration** ... to many other courts throughout the country, including this one.... **Donziger's conduct with respect to the Fajardo Declaration was obstruction of justice, plain and simple**.... He knew that it was false or misleading.  His conduct was **intended to 'impede...the due administration of justice**,' and it fell squarely within the federal obstruction of justice statute."

- Opinion at 390

# Obstruction of Justice & Witness Tampering

> **From:** Andrew Wilson [awilson@ecbalaw.com]
> **Sent:** Tuesday, June 15, 2010 5:43 AM
> **To:** Rockwell, Jason
> **Cc:** Jonathan S. Abady; Westenberger, Eric; <sdonziger@gmail.com>; Ilann M. Maazel; Andrew G. Celli; Tyrrell, James; Daleo, Eric; Yennock, Edward; <imoll@motleyrice.com>; <bnarwold@motleyrice.com>
> **Subject:** Re: Final Proposed Draft
>
> Shall we talk this through on a call?
>
> I agree with most of what Jason says here - especially the second paragraph - but I wonder whether we do better by explaining that we authored the report - rather than letting Chevron tell that story like Nancy Drew.

**"I wonder if we do better by explaining that we authored the report – rather than letting Chevron tell that story like Nancy Drew."**

> Maazel <imaazel@ecbalaw.com>; Andrew Wilson <awilson@ecbalaw.com>; Andrew G. Celli <acelli@ecbalaw.com>; Tyrrell, James; Daleo, Eric; Yennock, Edward; imoll@motleyrice.com <imoll@motleyrice.com>; bnarwold@motleyrice.com <bnarwold@motleyrice.com>
> **Sent:** Tue Jun 15 08:12:45 2010
> **Subject:** Re: Final Proposed Draft
>
> Which is why we're not admitting everything -- only what we have to.
>
> **From:** Westenberger, Eric
> **To:** Jonathan S. Abady; Rockwell, Jason ; sdonziger@gmail.com ; Ilann M. Maazel; Andrew Wilson; Andrew G. Celli; Tyrrell, James ; Daleo, Eric ; Yennock, Edward ; imoll@motleyrice.com ; bnarwold@motleyrice.com
> **Sent:** Tue Jun 15 08:05:16 2010
> **Subject:** Re: Final Proposed Draft
>
> But we don't know everything there is to admit.
> --------------------------------
> Sent from my BlackBerry Wireless Device

# Obstruction of Justice & Witness Tampering

**From:** sdonziger [sdonziger@gmail.com]
**Sent:** Thursday, May 27, 2010 11:47 PM
**To:** Westenberger; imaazel; awilson; Tyrrell, James; sdonziger; Daleo, Eric; Yennock, Edward; jabady; mjasinski; imoll; bnarwold; jbrickell; lgarr; awoods
**Subject:** Re: Mini-revelation

Like this approach. Ilann?

Sent via BlackBerry by AT&T

From: "Westenberger, Eric" <ewestenberger@pattonboggs.com>
Date: Thu, 27 May 2010 23:43:04 -0400
To: <imaazel@ecbalaw.com>; <sdonziger@gmail.com>; <awilson@ecbalaw.com>; Tyrrell,
James<JTyrrell@PattonBoggs.com>; csdonziger@donzigerandassociates.com>; Daleo,

"What about the following?  Appeal; move for stay; if we win with [Judge] kane great; **if we lose, we produce whatever we want (narrow read)**; [Gibson Dunn] complains and then we move for clarification. If we lose again, we think about another appeal."

Here's what I think is going to happen within the next week:

1. Our motion for a protective order in CO was denied.  We will make a motion for clarification tomorrow, hopefully (after conferring) in the aft. to delay this a bit.  The magistrate will act quickly.

2. However the judge clarifies his ruling, he will at a minimum require immediate production of all Stratus materials given to Cabrera.

DEPOSITION EXHIBIT
**Beier 3420**

PLAINTIFF'S EXHIBIT
**1363**

DONZ00031337 Page 1 of 2

---

**From:** Steven Donziger [sdonziger@donzigerandassociates.com]
**Sent:** Monday, May 17, 2010 12:21 PM
**To:** Andrew Wilson
**Cc:** Ilann M. Maazel; Jonathan S. Abady; Westenberger, Eric; jhorowitz; Daleo, Eric; Yennock, Edward
**Subject:** Re: Colorado Disclosures

Should we talk about this?

Seems we have a tension b/w the strategy as outlined by Jim (fight hard on all fronts all the time and concede nothing, buy as much time as possible) and Hegerty's expectation as outlined by Jay in his email of last night that something should be turned over.

It just makes my skin crawl to give them anything... particularly in light of Jay's Rule 60 motion which as I understand is not in fact dead, at least not yet.

How to resolve this issue?

On Mon, May 17, 2010 at 12:00 PM, Andrew Wilson <awilson@ecbalaw.com> wrote:

    We need to decide now whether we are going to object to the disclosure of public documents that are responsive to the Stratus subpoenas.  I am inclined to allow those to be produced - but if others disagree, we need to write around this issue in the reply brief.

"the strategy as outlined by Jim [Tyrrell] (**fight hard on all fronts all the time and concede nothing, buy as much time as possible**) …. It just makes my skin crawl to give them anything."

23164, at *14 (E.D. La. March 5, 2007) (citing Shields v. Sturm, Ruger & Co., 864 F.2d 379, 382 (5th Cir. 1989)); see also In re Trasylol Products Liability Litigation, MDL No. 08-1928, 2009 U.S. Dist. LEXIS 85553, at *87 (S.D. Fla. Aug. 12, 2009).  In Vioxx, due to public criticism and shareholder demands, Merck established a committee to investigate the conduct of its senior management in the creation of the drug Vioxx. Id. at *3.  The committee's investigation culminated in the public release of an investigative report. Id. at *3-4. Plaintiffs in the product liability suit ultimately sought discovery of all underlying

DEPOSITION EXHIBIT
**Donziger 870**

PLAINTIFF'S EXHIBIT
**1348**



DONZ00031315 Page 1 of 2

39

# Obstruction of Justice & Witness Tampering

**Patton Boggs email**
**July 1, 2010**

"Wanted to advise you that **tomorrow's production to Chevron will be the leanest to date at 37 documents, 202 pages** (our first production was ~500 pages, our second at ~700 pages) . . . **If you think this is unacceptably low, we can produce some documents we were trying to hold off producing that are non-privileged but potentially damaging**."



## Fajardo Declaration Filed in 17 U.S. Proceedings



"Donziger and the LAPs' U.S. counsel submitted **the deliberately misleading Fajardo declaration** … to many other courts throughout the country, including this one…. **Donziger's conduct with respect to the Fajardo Declaration was obstruction of justice, plain and simple**…. He knew that it was false or misleading.  His conduct was **intended to 'impede…the due administration of justice**,' and it fell squarely within the federal obstruction of justice statute."

- Opinion at 390

# Racketeer Influenced and Corrupt Organizations Act



## Donziger Uses Code Names and Secret Accounts



### Code Names

**"Cook" "Waiter" "Restaurant" "Wao" "Puppet" "Puppeteer"**



### Secret Email Accounts

Examen_pericial@hotmail.com

gringograndote@gmail.com



### Secret Bank Accounts

"Secret Account" at
Banco Pichincha

Source: PX 1017; PX 874; PX 870; PX 845; PX 917; PX 1953

## "Go to Jail"





**Julio Prieto**

"[T]he effects are potentially devastating in Ecuador (apart from destroying the proceeding, **all of us, your attorneys, might go to jail**)."

Email from Julio Prieto, one of the Ecuadorian lawyers, to Ecuadorian Plaintiffs' team

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                Plaintiff,

       -against-                        11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## OPINION

Appearances:

Randy M. Mastro
Andrea E. Neuman
Reed M. Brodsky
William E. Thompson
Anne Champion
GIBSON, DUNN & CRUTCHER, LLP
*Attorneys for Plaintiff*

G. Robert Blakey
William J. and Dorothy K. O'Neill
Professor Emeritus
Notre Dame Law School
*Amicus Curiae*

Richard H. Friedman
FRIEDMAN | RUBIN

Zoe Littlepage
Rainey C. Booth
LITTLEPAGE BOOTH

Steven Donziger

*Attorneys for Defendant Steven Donziger and
Steven R. Donziger & Associates LLP*

Julio C. Gomez
JULIO C. GOMEZ, ATTORNEY AT LAW LLC
*Attorney for Defendants Hugo Gerardo
Camacho Naranjo and Javier Piaguaje
Payaguaje*

"[The 'go-to-jail' email was] one of those blinding rays of candor that can occur even in clouds of lies[.]"

- Opinion at 140

# Covering Up Their Collusion

## *Crude*: Netflix Version



She is saying that bananas don't grow well, and when you plant yucca it grows, but it dries out quickly.

## *Crude*: DVD Version



She is saying that bananas don't grow well, and when you plant yucca it grows, but it dries out quickly.





"[I]f that is kept [the way it is] the entire case will simply fall apart on us. I'm referring to the scenes where the Spaniards Carlos Berisntain [sic] and Adolfo Maldonado appear."

-Pablo Fajardo

## Covering Up Their Misconduct



"Facts do not exist.  Facts are created."

-PX 47A (3/4/2007)

"If you repeat a lie a thousand times it becomes the truth."

-PX 1059 (8/13/2008)

"I could have been a propagandist."

-PX 3364A (1/22/2006)

# Changing the Narrative

Case 1:11-cv-00691-LAK-JCF Document 1874 Filed 03/04/14 Page 1 of 497

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

Plaintiff,

-against-

11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OPINION**

Appearances:

Randy M. Mastro
Andrea E. Neuman
Reed M. Brodsky
William E. Thompson
Anne Champion
GIBSON, DUNN & CRUTCHER, LLP
*Attorneys for Plaintiff*

G. Robert Blakey
William J. and Dorothy K. O'Neill
Professor Emeritus
Notre Dame Law School
*Amicus Curiae*

Richard H. Friedman
FRIEDMAN | RUBIN

Zoe Littlepage
Rainey C. Booth
LITTLEPAGE BOOTH

Steven Donziger

*Attorneys for Defendant Steven Donziger and
Steven R. Donziger & Associates LLP*

Julio C. Gomez
JULIO C. GOMEZ, ATTORNEY AT LAW LLC
*Attorney for Defendants Hugo Gerardo
Camacho Naranjo and Javier Piaguaje
Payaguaje*

"The wrongful actions of Donziger and his Ecuadorian legal team **would be offensive to the laws of any nation that aspires to the rule of law**, including Ecuador – and they knew it…. It is time to face the facts."

- Opinion at 4-5

# The Court of Public Opinion



# Changing the Narrative



# 13th Annual Energy Litigation Conference

## Litigation "Strategy" or Criminal Enterprise?
## A RICO Guide For Energy Litigators

November 6, 2014

Andrea E. Neuman
Gibson, Dunn and Crutcher LLP