UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
UNITED STATES OF AMERICA,                :
                                         :
-against-                                :
                                         :
                                         : Case No. 19 CR 561 (LAP)
STEVEN DONZIGER,                         :           11 CV 691 (LAK)
                                         :
Defendant.                               :
                                         :
                                         :
---------------------------------------------------------x

### NON-PARTIES GIBSON, DUNN & CRUTCHER LLP AND CERTAIN PARTNERS' MOTION TO MODIFY AND/OR CLARIFY ORDER ON MOTION TO QUASH SUBPOENAS SERVED UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 17(C)

Gibson, Dunn & Crutcher LLP and certain of its partners Anne M. Champion, Randy M. Mastro, Andrea E. Neuman, and William E. Thomson (collectively, "Gibson Dunn"), by and through their undersigned counsel, will and hereby do move this Court to modify and/or clarify the Court's May 9, 2021 Order granting in part and denying in part Gibson Dunn's motion to quash Subpoenas issued to them by Defendant Steven Donziger in two respects.

*First*, with respect to the as-modified version of Paragraph 13—which requires Gibson Dunn to provide a summary of hours and dollar amounts on a quarterly basis of all bills submitted by Gibson Dunn to Chevron Corporation ("Chevron") for work on any matter from April 15, 2019 to the present, Order at 26, Gibson Dunn respectfully requests a modification. Gibson Dunn is willing to stipulate that from April 15, 2019 to the present it has (a) represented Chevron in dozens of matters, and (b) billed Chevron millions of dollars for legal services in connection with those matters. In light of this stipulation, production of the detailed, precise numbers requested under Paragraph 13 is unnecessary and unwarranted and Gibson Dunn

1

respectfully requests that the Court modify its Order accordingly to enable Gibson Dunn to stipulate without producing the detailed confidential numbers.

Detailed confidential information regarding Gibson Dunn's precise billings to Chevron is also unnecessary because Donziger is free to question Gibson Dunn witnesses regarding what personal knowledge they have regarding the amount of work Gibson Dunn has performed for Chevron. To the extent any Gibson Dunn witness is purportedly biased against Donziger because of the amount of work Gibson Dunn has performed for Chevron, any such alleged bias would necessarily have to stem from the personal knowledge that the witness has of the amount of work. Requiring Gibson Dunn to provide detailed information regarding its billings to Chevron that is beyond the scope of the personal knowledge of the Gibson Dunn witnesses would therefore not be relevant to or probative of any purported bias.

Moreover, the Gibson Dunn partners can be cross-examined about the fact that they have represented Chevron during the post-judgment proceedings in the civil case, and that they participated as counsel in moving for civil contempt in that civil case. That is all a matter of public record.

If the Court is not inclined to modify Paragraph 13 despite the above, it should at minimum issue a protective order requiring the parties to keep the information responsive to Paragraph 13 confidential and, to the extent introduced at trial, lodged under seal. Detailed information regarding Gibson Dunn's billings to Chevron are confidential, commercially sensitive information that are the sort of propriety business information that courts routinely deem confidential and protected from public disclosure. *See, e.g.*, *In re 650 Fifth Avenue & Related Properties*, No. 08 Civ. 10934 (LAP), 2020 WL 2061440, at *1 n.2 (S.D.N.Y. Apr. 29, 2020) (Preska, J.) (authorizing the filing under seal of "precise figures" relating to rental income

because they were "confidential business information"). And retaining the confidentiality of this information will not impact Donziger's defense in any respect, as the Court will be able to review the information and take it into account in assessing the testimony of any Gibson Dunn witnesses.

**Second**, while Gibson Dunn is prepared to fully comply with Paragraph 1 of the Subpoenas, as modified by the Court's Order, at the time a Gibson Dunn partner is called as a witness,[1] it seeks clarification and/or modification of the Court's Order with respect to Paragraphs 2 and 3. As the Court has acknowledged, "Paragraphs 1 to 3 are currently drafted in broad terms such that they could easily sweep in a variety of responsive documents and communications that have no bearing whatsoever on this case," and the Court modified Paragraph 1 specifically "[t]o address the overbreadth" of these requests. Order at 24. The Order, however, is unclear as to whether the Court intended the as-modified version of Paragraph 1 to supplant the requests in Paragraphs 2 and 3, or instead intended Gibson Dunn to still comply with Paragraphs 2 and 3.

If the Court intended Gibson Dunn to comply with Paragraphs 2 and 3, Gibson Dunn respectfully requests that the Court modify its Order to quash or substantially modify those extremely broad and burdensome requests or, at minimum, provide Gibson Dunn additional time to comply. With respect to Paragraph 2, while Gibson Dunn can prepare a log of videoconferences and meetings with the prosecutors, a complete log of all telephone calls with the prosecutors will require obtaining and reviewing detailed cell phone records that Gibson Dunn does not currently have and cannot obtain within the few hours left for compliance under

---

[1] Gibson Dunn understands that the Government plans to call a Gibson Dunn partner as a witness on the morning of May 10, the first day of trial, which means Gibson Dunn will have had less than 24 hours to comply with the Subpoenas after issuance of the Court's Order.

3

the terms of the Court's Order.  Given the lack of complete records, and the time period covered by the Subpoenas, it is not possible for Gibson Dunn to create a complete log of all telephone calls with the prosecutors in the few hours left before a Gibson Dunn partner will likely be called to testify.[2]

With respect to Paragraph 3—which broadly seeks "[a]ll information in your possession, custody, or control regarding or reflecting the existence of telephone or videoconferencing communications or in-person meetings involving (a) any employee or agent of Gibson Dunn and (b) the Private Prosecutors," Dkt. 283-2, Ex. A, ¶ 3—Gibson Dunn would need significant additional time to gather, review, and log for privilege electronic documents falling within this extremely broad request, given that most, if not all, of such documents would likely be attorney-client privileged communications and/or attorney work product.  This is because Paragraph 3, unlike Paragraph 1, is not limited to communications between Gibson Dunn and the prosecutors, but instead would potentially sweep within its scope internal communications among Gibson Dunn lawyers (including counsel for potential witnesses), attorney work product of Gibson Dunn lawyers, and client communications.

Paragraphs 2 and 3, as drafted by Donziger, are "[b]lanket requests" that "violate the specificity requirement set forth in" *United States v. Nixon*, 418 U.S. 683 (1974).  Order at 18 (citation omitted).  While Gibson Dunn can provide a log of all videoconferences and meetings with the prosecutors, in addition to all of the documents falling with the scope of Paragraph 1 (as modified by the Court), the breadth of Paragraphs 2 and 3 would require Gibson Dunn to engage

---

[2]   The undersigned and his colleague at Gibson Dunn have been working since yesterday on a log based on the records they currently have in their possession, but they need the assistance of administrators to access and/or obtain all the necessary telephone records and thus the log is incomplete.

in an impossible undertaking that we cannot complete within the few hours left before the time it is likely that a Gibson Dunn partner will be called to testify.  Gibson Dunn therefore respectfully requests that the Court either clarify that it intended to quash Paragraphs 2 and 3, or modify the Order to quash and/or substantially limit Paragraphs 2 and 3.  In the alternative, Gibson Dunn respectfully asks the Court to provide it until May 17, 2021 to comply with Paragraphs 2 and 3.

Dated:  May 10, 2021
New York, New York

Respectfully submitted,

/s/ Reed Brodsky
Reed Brodsky
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166
Telephone: 212.351.4000
Facsimile: 212.351.4035
E-mail: rbrodsky@gibsondunn.com

*Attorney for Gibson, Dunn & Crutcher LLP, Anne M. Champion, Randy M. Mastro, Andrea E. Neuman, and William E. Thomson*

5