UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES,<br><br>                      Plaintiff,<br><br>     v.<br><br>STEVEN DONZIGER,<br><br>                      Defendant. | 11 Cr. 0691 (LAP) |

**MOTION TO DISMISS**

On Friday, May 7, 2021, the U.S. Department of Justice notified Mr. Donziger that it was declining his request from over a month earlier to exercise supervision over this prosecution in the name of and by the authority of the United States. *See* Ex. A. In the extraordinary context of this case, this lack of supervision appears to present a severe constitutional defect that renders the actions of the private prosecutors unconstitutional and void.

As this Court recently had occasion to observe, the private prosecutors have repeatedly and expressly maintained that "the prosecution does not work for Judge Kaplan." Dkts. 50 at 2; 141 at 2; 150 at 2; 297 at 7. This makes sense because "[p]rivate attorneys appointed to prosecute a criminal contempt action *represent the United States* . . . ." *Young* v. *United States ex rel. Vuitton et fils S. A.,* 481 U. S. 385, 804 (1987) (emphasis added); *see also Robertson v. United States*, 560 U.S. 272 (2010) (Roberts, C.J., dissenting from dismissal as improvidently granted). The case against Mr. Donziger is captioned *United States v. Donziger*, and the private prosecutors typically addresses themselves as "the government." The official court docket entry for the private prosecutor states: "Designation: Assistant United States Attorney." And records produced in

discovery show that the prosecution team has included FBI agents. Furthermore, prosecution, as opposed to the adjudication of a criminal contempt, is an inherently executive function. *See Young v. United States ex rel. Vuitton,* 481 U.S. at 816-17 (1987) (Scalia, J., concurring) ("The judicial power . . . does not include the power to seek out law violators in order to punish them."); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *In re Flynn*, 973 F.3d 74, 94-95 (D.C. Cir. 2020) (Rao, J. dissenting) ("The Article III courts have no power to make prosecutorial decisions. And for good reason. Lacking in political accountability to the people, judges have no mandate to pursue justice by choosing whom to prosecute. If the public disagrees with law enforcement decisions, it may hold the President and his Attorney General accountable.").

It is, however, equally clear that Ms. Glavin and her colleagues do not work for the U.S. Attorney for the Southern District of New York, nor are subject to any supervision by that office—which, of course, expressly refused to prosecute this matter. Given that there is no precedent in this district for a private appointment under Fed. R. Crim. P. 42(a)(2) since *Young*, it has always been unclear where the necessary constitutional groundwork would come from. *See infra.* In in the closest precedent, the *Cutler* case out of the Eastern District, it appears there was agreement that private prosecutor John J. Gallagher was at least subject to the supervision of the U.S. Attorney, as reflected as the counsel caption reflecting that the matter was being litigated by "Mary Jo White, U.S. Atty. by John J. Gallagher," or "Zachary Carter, U.S. Atty. by John J. Gallager," and so on. Ex. B. Critically, in that case there was no divided mandate, as the appointment there did not follow a refusal to prosecute but rather was implemented to avoid a potential conflict of interest. There *is* a distinctly divided mandate here—the private prosecutors are pursuing a prosecution that Southern District prosecutors in exercise of their fundamental constitutional

2

discretion chose not to prosecute. Not coincidentally, the private prosecutors appear never to have claimed to act under any specific authority or supervision of that office, as Mr. Gallagher did, instead presenting themselves as acting simply "on behalf of the United States of America."

The recent confirmation of the lack of any supervision by the Department of Justice appears to leave Ms. Glavin constitutionally adrift. This is because she and her colleagues are clearly not principal officers of the United States who may wield federal executive power subject only to removal by the President, as they have not been appointed by the President with the advice and consent of the Senate.  Rather, their appointment by the district court makes them "inferior officers," who *must* be subject to supervision by higher authority. *See Edmond v. United States*, 520 U.S. 651, 663 (1997) (it is "evident that 'inferior officers' are officers whose work is directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate"); *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 510 (2010). Because Ms. Glavin and her colleagues are inferior officers acting without any acknowledged Executive branch supervisory authority, or any supervisiory or constitutional check whatsoever, their actions are constitutionally *ultra vires* and any actions they take or have taken in this matter are a constitutional nullity.

Accordingly, the defense moves to dismiss.

DATED: May 10, 2021                                      Respectfully submitted,

                                                                               /s/
                                                          Martin Garbus, Esq.
                                                          OFFIT | KURMAN
                                                          590 Madison Ave., 6th Floor
                                                          New York, NY 10022
                                                          Tel. 347.589.8513
                                                          mgarbus@offitkurman.com
                                                          *Counsel for defendant*