UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES,<br><br>                      Plaintiff,<br><br>    v.<br><br>STEVEN DONZIGER,<br><br>                      Defendant. | 19 Cr. 0561 (LAP) |

**DECLARATION OF MARTIN GARBUS
IN SUPPORT AND SUPPLEMENT OF MOTION TO DISMISS**

I, Martin Garbus, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney for Steven Donziger in this case.

2. I filed a motion to dismiss on Monday, May 10, 2021, based on the lack of constitutional authority of the private prosecutor appointed by Judge Kaplan in this case. Reasons and legal argument were set forth in the motion and in an accompanying letter to the Department of Justice at Exhibit A to the motion.

3. I represented in the motion that the Department informed Mr. Donziger on the afternoon of Friday, May 7, 2021, that it would not be exercising the supervision that was requested in the letter as a matter of necessity to cure the constitutional problems identified therein. The single fact of the DOJ's intent not to intervene and not to supervise the private prosecutor, as requested in the letter, was and is the only information needed to complete or reveal the constitutional problem as described in the letter and motion.

4. The Court has refrained from ruling on the motion, directing the government to respond, or taking oral argument on the motion due to its insistence on having a copy of the communication that conveyed the single fact of the DOJ's non-intervention and non-supervision. A true and correct copy of that communication is attached hereto at Exhibit C to this Declaration in Support and Supplement.

5. The motion to dismiss presents a vital constitutional challenge that must be addressed by the Court as a matter of urgency. Notably, it intersects with and revives the defense's prior arguments for the dismissal of the case and disqualification of the private prosecutor pursuant to *Young v. United States ex rel. Vuitton*, 481 U.S. 787 (1987), Dkt. 60, as well as *Vuitton*'s concern for "an appearance of impropriety that diminishes faith in the fairness of the criminal justice system in general." 481 U.S. at 811.

6. As an institutional matter, *Vuitton* was concerned that "[a] prosecutor m[ight] be tempted to bring a tenuously supported prosecution if such a course promises financial or legal rewards for the private client." *Id.* at 806. Appointment of a private prosecutor under Fed. R. Crim. P. 42(a)(2) was nonetheless permitted by the Court—on the basic assumption, however, that any such prosecutor would be an inferior officer whose work, as a constitutional matter, would be "directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate." *Edmond v. United States*, 520 U.S. 651, 663 (1997). The constitutional framework was presumed to provide a floor of political accountability that helped address the Supreme Court's profound concerns about the potential misuse of Rule 42. The private prosecutors here has positioned themselves to fall through a crack in that floor.

7. The fact that the private prosecutors here lack accountability as a constitutional matter accords, frankly, with decision-making that has led to taxpayers footing a bill of likely a $1 million or more to pursue Mr. Donziger on these exceptionally petty misdemeanor charges (not to mention to supervise Mr. Donziger over the course of nearly two years of home detention on misdemeanor charges).

8. A firm constitutional footing in this context is also essential to preserve the integrity of criminal justice system and the federal judiciary itself. As noted, the *Vuitton* court was distinctly concerned that "appointment of an interested prosecutor creates an appearance of impropriety that diminishes faith in the fairness of the criminal justice system in general." 481 U.S. at 811. Appointment of a disinterested and presumably constitutionally accountable prosecutor was deemed necessary to address this concern. *Vuitton* eloquently articulated the depths of legitimate public concern when it comes to potential misuse of the Executive's unique and potent discretion in the exercise of the prosecutorial power:

> Between the private life of the citizen and the public glare of criminal accusation stands the prosecutor. That state official has the power to employ the full machinery of the state in scrutinizing any given individual. Even if a defendant is ultimately acquitted, forced immersion in criminal investigation and adjudication is a wrenching disruption of everyday life. For this reason, ***we must have assurance that those who would wield this power will be guided solely by their sense of public responsibility for the attainment of justice***.

*Id.* at 814.

9. I urge the Court to address the pending motion to dismiss as a matter of priority.

2

DATED: May 12, 2021                    Respectfully submitted,

                                              /s_____

Martin Garbus, Esq.
OFFIT | KURMAN
590 Madison Ave., 6th Floor
New York, NY 10022
Tel. 347.589.8513
mgarbus@offitkurman.com
*Counsel for defendant*

3