# EXHIBIT B

| | |
|---|---|
| **From:** | Scott Glass |
| **To:** | Ronald Kuby; rhiyatrivedi@gmail.com; Garbus, Martin; Rita Glavin; Maloney, Brian P.; Sareen Armani |
| **Subject:** | 19-CR-561 - Order |
| **Date:** | Saturday, May 15, 2021 9:56:46 PM |
| **Attachments:** | 19-CR-561 & 11-CV- 691 - Order re 5-15 Correspondence.pdf |

Dear Counsel,

On behalf of Judge Preska, please see the attached order.

All the best,
Scott

**Scott Glass**

Law Clerk to the Hon. Loretta A. Preska

U.S. District Court for the Southern District of New York

500 Pearl Street, New York, NY 10007

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| UNITED STATES OF AMERICA,<br><br>-against-<br><br>STEVEN DONZIGER,<br><br>                    Defendant. | No. 19-CR-561 (LAP)<br><br>No. 11-CV-691 (LAK)<br><br>ORDER |
|---|---|

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Mr. Kuby's email of May 15, 2021, informing the Court of his understanding that Mr. Donziger plans to waive his right to testify at trial. That email stated, in relevant part:

> To be clear, Mr. Donziger had intended to testify to why he chose to go into voluntary civil contempt to test the validity of the underlying order. He would also attest to his good faith belief that a Second Circuit ruling vindicating this path would vitiate (or require modification of) the many subsequent orders that failed to acknowledge the "interpretation order" of April 25, 2014. This testimony has essentially been rendered irrelevant by this Court's decision on the collateral bar question. Thus, this fraught and difficult decision has been made under the constraints of this Court's ruling on that question, as well as this Court's articulation of the issues it believes to be the only one's before it.

To be clear, nothing the Court did at trial, including but not limited to its rulings on the applicability of the collateral bar rule, addresses or circumscribes in any way or to any extent Mr. Donziger's absolute and unfettered constitutional right to testify at this criminal trial. The decision to do so

is his and his alone, as advised by his counsel.  Any suggestion to the contrary is baseless.

**SO ORDERED.**

Dated:   May 15, 2021
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge