

Martin Garbus, Esq.
590 Madison Ave., 6th Floor
New York, NY 10022
(347) 589-8513
mgarbus@offitkurman.com

July 6, 2021

**VIA ECF**

Honorable Loretta Preska
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

RE: *Chevron v. Donziger*, Case No. 19 Cr. 561 (LAP)

Dear Judge Preska:

I write to request that the Court immediately release human rights attorney Steven Donziger from the onerous conditions of home confinement he has now had to endure for **700 days**—an unprecedented and wildly out-of-proportion deprivation of liberty in a misdemeanor case where the maximum possible sentence if convicted is 180 days. There is no denying that the complexion of this case has changed dramatically in the last few weeks. Trial has revealed the supposed "weight of the evidence" against Mr. Donziger to be a complete sham. The foundations of this corporate-fueled "Chevron prosecution" are simultaneously being revealed and are crumbling. The Court has our pending demands for dismissal or in the alternative our unopposed demand for a hearing on the constitutional invalidity of the appointment of the private prosecutor and the need for further discovery

The injustices of this case have already badly damaged the reputation of the federal courts in the eyes of the closely-watching world. Prominent human rights groups such as Amnesty International and Global Witness, along with an independent team of international trial monitors, have sharply criticized this court for turning its administrative machinery over to Chevron to help it retaliate against Mr. Donziger after he helped his clients win the historic Ecuador pollution case against the oil company.[1] The Court must <u>act now</u> to stanch the bleeding and mitigate the ongoing harm by releasing Mr. Donziger on his own recognizance. Alternatively, the Court should set bail at whatever amount it thinks necessary to address the fanciful "risk of flight" concern that has been used to keep Mr. Donziger imprisoned in his home for the last 700 days. As it is inconceivable that

---

[1] *See, e.g.,* Joint Public Statement: Misuse of the Justice System Against Human Rights Lawyer Who Sued Chevron Must End, AMNESTY INTERNATIONAL, GLOBAL WITNESS, ET AL., May 6, 2021, at https://www.amnesty.org/download/Documents/AMR5140902021ENGLISH.pdf

any fair court would sentence Mr. Donziger to even one day more of home confinement or prison, he should be released forthwith

**The so-called "weight of the evidence"**

The Court has consistently used its preliminary, "back of the envelope" impression of the "weight of the evidence" against Mr. Donziger on the misdemeanor contempt counts in this case as a basis to keep him confined in his home.[2] But at trial, the government's evidence on the misdemeanor contempt charges was shown to be woefully insufficient and/or entirely dependent on the Court's disturbing collateral bar ruling, which essentially barred Mr. Donziger from mounting a defense and is highly vulnerable on appeal. As to Counts I-III, Mr. Donziger's undertaking of civil contempt for purposes of protecting his and his clients 'rights on appeal was ethically-grounded and legally justifiable conduct, and thus entirely incompatible with the purpose of *criminal* contempt. In fact, the private prosecutor has been unable to cite even one other case where a lawyer was charged with criminal contempt for engaging in this entirely appropriate conduct—which might explain why the federal prosecutor declined to take the case. As to Counts IV-V, Mr. Donziger in fact came into compliance within a timely fashion upon final resolution of his obligations under the relevant orders. As to Count VI, it is now clear that the private prosecutor entirely misunderstood the nature of the transaction between Mr. Donziger and Mr. Zelman. See generally Dkts. 326, 328.

While Mr. Donziger fully expects the Court to convict him despite the glaring deficiencies in the government's case, his forthcoming conviction will be highly vulnerable on appeal. The vulnerability comes not only from the lack of factual and legal merit, but from the Court's flagrantly erroneous and unjust use of the collateral bar doctrine to effectively shut down Mr. Donziger's ability to mount a defense. This problem is compounded by the many legal issues preserved by pre-trial motions and the pending challenges discussed below. In addition to countless other reasons Mr. Donziger has to **not** abandon his wife and adolescent child and embark on a life as an international fugitive to avoid misdemeanor liability—always a comically absurd notion—it is now clear that Mr. Donziger has a strong incentive to vigorously challenge any conviction he might receive on appeal. Being a fugitive, by contrast, would forfeit all his appellate rights.

While Mr. Donziger is confident in his ability to reverse this Court's forthcoming conviction, the appellate process could take another year or more. To keep Mr. Donziger imprisoned in his home this entire time would intolerably exacerbate the harm, injustice, and extra-legal punishment already inflicted by this process and further expose the fact he is being subject to a Chevron-orchestrated persecution in retaliation for his leading role in holding the company accountable for the dumping of billions of gallons of cancer-causing oil waste int he Amazon. The loss of liberty, emotional suffering, financial consequences, and other harm endured by Mr. Donziger and his family are already almost incalculable. Especially in light of the strong likelihood

---

[2] *See* Tr. 08/06.2019 at 27 ("The weight of the evidence seems to be very strong.")' Tr. 11/25/2019 at 12-13; Tr. 05/18/2020 at 18.

offitkurman.com

of Mr. Donziger's full vindication on appeal, the Court should take immediate steps to release Mr. Donziger and start mitigating this harm.

### The crumbling foundations of the private prosecution

Trial also revealed this case to be a functional "Chevron prosecution," funded by the "contribution" of hundreds of hours of engagement by Chevron's long-time counsel in the related civil case, the Gibson Dunn & Crutcher firm. Gibson Dunn is an active participant in what Chevron has called its "[long-term] strategy to demonize Donziger," *see* Tr. at 444, has spearheaded secretive efforts going back over a decade to stimulate a criminal prosecution of Mr. Donziger, *see, e.g.* Dkt. 294 at 2, and has its own discrete financial interest in Mr. Donziger's conviction in this case, *see id.*

Although the Court has refused to require Gibson Dunn or the private prosecutor to produce the vast majority of the information that would be necessary to truly understand the nature of the relationship and the obvious conflicts of interest (starting with the fact the private prosecutor worked for a Chevron law firm when she was appointed), even the smidgen of information that Gibson Dunn did produce reveals a steady flow of communication and "hand-in-glove" style cooperation. This new information cemented earlier defense objections to the constitutionality of this proceeding under the principles of *Young v. United States ex rel. Vuitton*, 481 U.S. 787 (1987).

Information produced at trial already exacerbated concerns about the appointment of the private prosecutor by Judge Kaplan in the first place in light of Vuitton and other core requirements of the Appointments Clause of the U.S. Constitution. *See* Dkt. 330. The Court has before it a motion to dismiss and a demand in the alternative for much-needed discovery. *Id.* Although the private prosecutor has yet to respond, her prior responses on the issue have amounted to little more than avoidance. The private prosecutor has relied on the Court's own circular rulings on the issue—an "insufficient evidence" approach which is inadequate to meet the constitutional gravity of the issue, as explained in the pending motion.

Similar to the merits and legal challenges discussed above, these profound issues of constitutional due process and conflict-of-interest add to Mr. Donziger's likelihood of success on appeal. They increase his incentive to preserve his appellate rights and decrease the already fanciful notion that he is a flight risk. Again, for all the reasons already mentioned, the Court should mitigate the ongoing harm and release Mr. Donziger from home confinement.

### Alternative: Set a concrete bail amount

Every day that Mr. Donziger remains on effective house arrest is an injustice and worsens the stain this case has already placed on the federal judiciary, especially in the eyes of the global human rights, environmental, and Indigenous rights communities who are all closely watching these alarming developments.[3] Once again, the Court should release Mr. Donziger.

---

[3] *See* Press Release: 68 Nobel Laureates Demand Biden Administration Review Chevron-Tainted Prosecution of U.S. Human Rights Lawyer Steven Donziger, FRENTE DE DEFENSA DE LA AMAZONÍA, May 4, 2021, at

Hon. Loretta A. Preska
July 6, 2021
Page 4 of 4

However, it the Court refuses to do so, it must at least give Mr. Donziger *some opportunity* to secure his own release by posting whatever amount of bail the Court finds is reasonable and adequate to address to supposed risk of flight presented by his situation. While the existing bond of $800,000—a hugely excessive amount in relation to misdemeanor liability—has already been secured, that bond was tailored in relation to the unjust conditions of ongoing home confinement and imposed at time before basic information about the unconstitutionality of this unprecedented private prosecution could be disclosed.

If the Court refuses to simply release Mr. Donziger on his own recognizance—as it has with regard to every other misdemeanor defendant ever to come before it—Mr. Donziger hereby formally requests that the Court set a bail figure sufficient to address its purported risk of flight concern. While Mr. Donziger cannot say whether he would possibly be able to post the prescribed amount, he deserves the opportunity to know what the amount is and to take any steps he can to secure his release after 700 days of entirely unwarranted home confinement.

Respectfully,

/s

Martin Garbus, Esq.
OFFIT | KURMAN
590 Madison Ave., 6th Floor
New York, NY 10022
Tel. 347.589.8513
mgarbus@offitkurman.com
*Counsel for defendant*

---

https://www.makechevroncleanup.com/press-releases/2021/5/4/68-nobel-laureates-demand-biden-administration-review-chevron-tainted-prosecution-of-us-human-rights-lawyer-steven-donziger; "Over 475 lawyers, legal organizations and human rights defenders support lawyer Steven Donziger," INTERNATIONAL ASSOCIATION OF DEMOCRATIC LAWYERS, May 18, 2020, at https://iadllaw.org/2020/05/over-475-lawyers-legal-organizations-and-human-rights-defenders-support-lawyer-steven-donziger/ (signatures from countries including Ecuador, Canada, Mexico, Paraguay, Turkey, India, Germany, France, Portugal, Italy, Greece, Palestine, Brazil, Ireland, Cuba, Japan, Pakistan, Bangladesh, South Africa, and the UK, and individuals such as the President of the Paris Bar, the Secretary General of the European Association of Lawyers for Democracy and Human Rights, the forthcoming President of the European Federation of Bars, and many more).