

Martin Garbus, Esq.
590 Madison Ave., 6th Floor
New York, NY 10022
(347) 589-8513
mgarbus@offitkurman.com

July 15, 2021

**VIA ECF**

Honorable Loretta Preska
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    RE:    *Chevron v. Donziger*, Case No. 19 Cr. 561 (LAP)

Dear Judge Preska:

    Yesterday the Court directed the parties to confer and propose a schedule for what the Court assumed would be the private prosecutor's *opposition* to Mr. Donziger's request that he be released after an unprecedented 700 days of home confinement on misdemeanor charges.

    I immediately commenced efforts to confer with the private prosecutor with a different assumption: that the prosecutor could not rationally continue to insist on home detention after Mr. Donziger has already served an effective sentence approaching *10 times* the maximum sentence handed down in this district in anything resembling a similar context, in the *Cutler* case. Moreover, home confinement was *never* warranted for a man who has family and deep community ties in New York, and for whom it would be absurd to incur felony liability by fleeing the Court's authority merely to avoid misdemeanor charges. Dkt. 339.

    I also did not understand how the private prosecutor could oppose Mr. Donziger simple request that the Court set a bail *amount*—unless the private prosecutor were taking the position that no amount, not millions, not billions, would be sufficient to mitigate the fanciful "risk of flight."

    What I received in response was implacability, which I described earlier as the hallmark of impunity: knowing that no matter how obvious the truth is to anyone paying attention, it can just be ignored. Dkt. 335. The private prosecutor stated that yes, she would demand that Mr. Donziger be held longer than 700 days. When I pressed for a reason, I received silence.

    This is precisely the kind of decision that warrants the considered exercise of discretion in the *public* interest by a legitimate *public* official. Instead, we have a *private* prosecutor from a law firm linked to Chevron, working hand-in-glove with Chevron's private lawyers, pursuing Chevron's private interest in "demonizing" Donziger. The public interest—including the financial

interest of the taxpayer, which has been paying the expenses of Mr. Donziger's constant supervision for nearly two years now—is entirely missing from the picture.

When I demanded to know who I could speak to in the capacity of an Executive Branch supervisor of the private prosecutor's seemingly arbitrary and punitive decision to continue insisting on Mr. Donziger's home confinement, I again received only silence.

This is the unhinged power of the "free-floating" inferior officer exercising Executive power without any accountability, as challenged in the recent defense motions.

If Mr. Donziger is not immediately released, the Court should order the appearance of Mr. Michael Wirth, Chief Executive Officer of Chevron, which substantially albeit indirectly funds this case and whose interest is really at stake. Mr. Wirth can come and share directly with the Court the grounds of the behind-the-scenes opinion that really controls this prosecution.

As to the timing of the private prosecutor argument for continued home detention, the private prosecutor initially requested a full two weeks to oppose a simple request for release and straightforward application of the 18 U.S.C. § 3142 factors. I objected, because unlike the other pending motions which address complex issues of fundamental due process and legality that must be elaborated with care, the maintenance of Mr. Donziger in home confinement on an absurd "risk of flight" theory is an open and obvious error of law and fairness that can and should be rectified immediately.

The private prosecutor's best "offer" is to oppose the motion by July 23. This is an excessive amount of time given the simplicity of the issue and the severity of the injury of deprivation of liberty being inflicted on Mr. Donziger—with additional grievous consequences being suffered daily not only by Mr. Donziger but by his wife, his young son, and other family and friends. This unwarranted, punitive order of confinement should not go on for a single day longer.

Accordingly, the defense requests that the Court order the private prosecutor to respond by July 16. The briefing on the *Arthrex* motion to dismiss will close on July 19. The defense can provide a reply in support of the release/bail motion the same day. The Court should then set a hearing on both motions for July 20.

Respectfully,

/s

Martin Garbus, Esq.
OFFIT | KURMAN
590 Madison Ave., 6th Floor
New York, NY 10022
Tel. 347.589.8513
mgarbus@offitkurman.com
*Counsel for defendant*