

Martin Garbus, Esq.
590 Madison Ave., 6th Floor
New York, NY 10022
(347) 589-8513
mgarbus@offitkurman.com

July 19, 2021

**VIA ECF**

Honorable Loretta Preska
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

RE:     *Chevron v. Donziger*, Case No. 19 Cr. 561 (LAP)

Dear Judge Preska:

For months now we have asserted on behalf of human rights attorney Steven Donziger that his unprecedented prosecution is not only the product of a flagrant conflict of interest by a private, Chevron-linked law firms but is also illegal and unconstitutional because it violates the Appointments Clause of the U.S. Constitution. Information now has been disclosed that proves that the private prosecutor in this case, a partner in Chevron law firm Seward & Kissel at the time of her appointment, not only failed to comply with Department of Justice requirements that she be "disinterested" but also has admitted acting on her own with no supervision within the Executive Branch.

This singular fact makes the private prosecutor in this case an inferior officer of the United States wielding Executive power without any accountability to a principal officer appointed by the President and confirmed by the Senate—a blatant violation of essential constitutional safeguards established by the Appointments Clause. The framers understood that supervision of inferior officers was essential to any exercise of Executive power to guard against the threat of abuse—concerns that are being borne out by the abuse in this very case, which includes (as of today) the imprisonment of Mr. Donziger in his home for 713 days on a charge that (even if prosecuted legally) carries a maximum sentence of 180 days. Glavin's lack of supervision and her appointment by Judge Kaplan after the charges were rejected by the U.S. Attorney clearly are contrary to the holding of *Arthrex,* and prior Supreme Court decisions concerning inferior officers.  *United States v. Arthrex, Inc.*, No. 19-1434, 2021 WL 2519433 (U.S. June 21, 2021). For this reason alone, this case must be dismissed immediately.

In light of new information that came to light at Mr. Donziger's recent non-jury trial, this case now stands as a crystal-clear example of the vital importance of the Supreme Court's Appointments Clause jurisprudence. Having staged an end-run around the constitutional constraints on Executive power, private prosecutor Glavin has now expended a massive amount

Hon. Loretta A. Preska
July 19, 2021
Page 2 of 4

of taxpayer funds on a petty offense prosecution that the U.S. Attorney deemed unworthy of federal prosecutorial resources. Misuse of power almost instantly bloomed from the unconstitutional foundations of this prosecution.

The private prosecutor's response argues only that her *appointment* by a Judge Kaplan is valid. Dkt. 338. While there are serious questions about whether the appointment as a stand-alone matter was legal, it remains uncontested that *once appointed* the private prosecutor has proceeded to prosecute a criminal offense on behalf and in the name of the United States—a plainly executive authority under Article II of the Constitution, not the "judicial power" described in Article III.[1] This is clearly impermissible under the Constitution.

Even if Ms. Glavin were validly appointed as an inferior officer (she was not), she still would need to be subject to the supervision of a *principal officer* appointed by the President and confirmed by the Senate.[2] The Deputy Attorney General of the United States (the principal officer generally responsible for criminal prosecutions) declined, in an email provided to the Court, Mr. Donziger's request prior to trial to supervise the private prosecutor. Indeed, the private prosecutor has never claimed, including in her written response to the motion to dismiss on this basis, that she is subject to the supervision of any principal officer in the Executive Branch. Accordingly, she cannot validly act in this matter on behalf and in the name of the United States.[3]

Fed. R. Crim. P. 42(a) permits a federal court to provide notice of criminal contempt charges and to appoint a prosecutor. "The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt." It should be obvious from the text of the Rule itself that the prosecutor appointed exercises executive power, notwithstanding appointment by a judge. The constitutional authority exercised in prosecuting a criminal case does not shift from Article II to Article III when the "attorney for the government"—*i.e.*, the United States Attorney—declines a judicial request to

---

[1] There are no "judicial prosecutors" in our adversary legal system. "The judicial power is the power to decide, in accordance with law, who should prevail in a case or controversy. See Art. III, § 2. That includes the power to serve as a neutral adjudicator in a criminal case, but does not include the power to seek out law violators in order to punish them — which would be quite incompatible with the task of neutral adjudication. It is accordingly well established that the judicial power does not generally include the power to prosecute crimes." *Young v. United States ex rel. Vuitton et fils SA*, 481, U.S. 787, 816 (1987) (Scalia, J., concurring).

[2] *See, e.g., Edmond v. United States*, 520 U.S. 651, 663 (1997); *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 510 (2010).

[3] We note for the record that the private prosecutor has a history of engaging in ethical questionable behavior as a prosecutor. In the botched prosecution of former Senator Ted Stevens, which the private prosecutor supervised for the Department of Justice, she and several of her colleagues were found to have engaged in the "systematic concealment" of exculpatory information she was obligated to turn over to defense counsel. Defense counsel in that case called the extent of the corruption by the prosecutors "shocking". *See* https://www.npr.org/2012/03/15/148687717/report-prosecutors-hid-evidence-in-ted-stevens-case

Hon. Loretta A. Preska
July 19, 2021
Page 3 of 4

prosecute. The fact of judicial appointment does not determine the *nature* of appointment, much less the power subsequently exercised. For example, 28 U.S.C. § 546(d) authorizes the district court to appoint an interim United States Attorney, but surely no one would claim that such a judicially appointed United States Attorney was not part of the executive branch subject to the supervision requirements reiterated in *Arthrex*.[4]

In *Morrison v. Olson*, the Supreme Court extensively discussed the propriety of what it referred to as "'interbranch appointments, 'in which an officer of one branch is appointed by officers of another branch." 487 U.S. 654, 673 (1988). That decision upheld the old independent counsel statute. Critically, the Court upheld the statute by first determining that, despite her judicial appointment, the independent counsel was an "inferior officer" who *was* sufficiently subject to the authority of a principal officer because the statute specifically made the independent counsel subject to removal by the Attorney General. *Id.* at 671. Moreover, the independent counsel had no "authority to formulate policy for the Government or the Executive Branch, nor does it give [the independent counsel] any administrative duties outside of those necessary to operate her office. The Act specifically provides that in policy matters appellant is to comply to the extent possible with the policies of the Department. § 594(f)." *Id.* at 671-72.

*Morrison* addressed "interbranch appointments" precisely because the independent counsel was part of the executive branch, although judicially appointed. *See id. at* 692 (emphasis added) ("This is not a case in which the power to remove an *executive official* [i.e., the independent counsel] has been completely stripped from the President, thus providing no means for the President to ensure the 'faithful execution' of the laws. Rather, because the independent counsel may be terminated for 'good cause,' the Executive, through the Attorney General, retains ample authority to assure that the counsel is competently performing his or her statutory responsibilities in a manner that comports with the provisions of the Act."); *id.* at 696 (describing executive control "sufficient * * * to ensure that the President is able to perform his constitutionally assigned duties."). The same principle applies to prosecutors appointed pursuant to Fed. R. Crim. P. 42. The Court referred explicitly to the appointment of "private attorneys to act as prosecutor for judicial contempt judgments" as precedent for the interbranch appointment of an executive branch prosecutor. *Id.* at 676. *Morrison* confirms that judicial appointment has no bearing on whether an officer prosecuting a criminal case on behalf and in the name of the United States belongs to the executive branch.

Although we also dispute the validity of the private prosecutor's appointment for reasons already in the record, that argument is independent of the question of whether, once appointed, the private prosecutor may wield the authority of the executive branch without oversight by a principal officer. *Arthrex* shows that she may not. A judicial appointment, even if it were valid, cannot

---

[4]   *See also* 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.").

endow a special prosecutor with the authority to wield executive power on behalf of and in the name of the United States and yet be accountable to no one.

Respectfully,

_____/s_____
Martin Garbus, Esq.
OFFIT | KURMAN
590 Madison Ave., 6th Floor
New York, NY 10022
Tel. 347.589.8513
mgarbus@offitkurman.com
*Counsel for defendant*
