# GLAVIN PLLC
2585 Broadway #211
New York, New York 10025
646-693-5505

August 11, 2021

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    United States v. Steven Donziger, 19 Cr. 561 (LAP); [11 Civ. 691 (LAK)]

Dear Judge Preska:

I write in response to defendant Steven Donziger's August 3, 2021 motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, arguing that "the Special Prosecutor was not subject to the constitutionally required supervision and direction of a principal officer of the Executive Branch at the time the case came before the Court for trial" and contending that a new trial is therefore required in the "interests of justice."  Dkt. 351.

Donziger's motion, seeking a new trial on the six criminal contempt charges against him, does not assert his innocence of the charges, and does not challenge any of the Court's factual findings establishing Donziger's guilt.  Instead, Donziger seeks only to relitigate the argument that the Special Prosecutor's appointment pursuant to Fed. R. Crim. P. 42(a)(2) "exceeded the district court's constitutional authority" under the Appointments Clause of the constitution.  *See* Dkt. 346 at 136 (citing Dkt. 330 at 2).

Donziger's motion for a new trial should be denied.

**A.**    **The Defense Motion**

The latest defense motion makes two new contentions, in response to findings made by the Court in its July 26, 2021 Findings of Fact and Conclusions of Law.

First, the defense contends that Donziger's Appointments Clause challenge to the appointment of the Special Prosecutors was timely and could have been raised at any time during or after trial, citing *Lucia v. SEC*, 138 S. Ct. 2044, 2050 (2018).  *See* Dkt. 351 at 2 ("Lucia first challenged the Administrative Law Judge's authority only after the trial was over, in his appeal to the SEC…[i]f Lucia's challenge was timely, so was Mr. Donziger's.").  Donziger contends that he

did not waive or forfeit his Appointments Clause claim by failing to raise it until the first day of trial, arguing that he was not required to raise the claim at the time that the Special Prosecutors were appointed in July 2019, nor by the February 27, 2020 deadline for pretrial motions set by the Court. Dkt. 351 at 2-3.

Second, the defense argues that "the Court deemed Mr. Carlin's email insufficient to establish the absence of supervision of the Special Prosecutor by a principal officer." Dkt. 351 at 4. The defense appears to take issue with the Court's ruling related to that email (which the defense had mischaracterized as a "letter" and belatedly proffered on the docket) arguing that the email is either "not hearsay" or a supposed "performative declaration" of the Department of Justice's position with respect to this matter and that this should be grounds for a new trial. *See* Dkt. 351 at 5.

II.     Argument

    A.     Applicable Law

On a defendant's motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, the Court may grant the motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "If the case was tried without a jury, the court may take additional testimony and enter a new judgment." *Id.* If the motion is grounded on newly discovered evidence, it must be filed within 3 years after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(1). If grounded on any reason other than newly discovered evidence, the motion must be filed within 14 days after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(2).

In deciding a Rule 33 motion, the Court "must examine the entire case, take into account all facts and circumstances, and make an objective evaluation." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). "The ultimate test . . . is whether letting a guilty verdict stand would be a manifest injustice." *United States v. Aguiar*, 737 F.3d 251, 264 (2d Cir. 2013) (quoting *Ferguson*, 246 F.3d at 134). "To grant the motion, '[t]here must be a real concern that an innocent person may have been convicted.'" *Id.*

    B.     Discussion

Donziger's latest motion, seeking a new trial "in the interests of justice," does not profess his innocence on the criminal contempt charges at issue in this case. Nor does it take issue with any of this Court's factual findings. Donziger asserts **no challenges** to the facts underpinning the Court's verdict of guilty against Donziger on each of the six counts of criminal contempt charged in the Order to Show Cause. And the two arguments that Donziger does raise – challenging this Court's conclusion that his Appointments Clause challenge was untimely, and that "the Court deemed Mr. Carlin's email insufficient to establish the absence of supervision," Dkt. 351 at 4 – are not grounds for a new trial.

First, Donziger's contention that his Appointments Clause challenge was timely is without merit. The Special Prosecutors were appointed by order entered July 31, 2019. Civ. Dkt.

Hon. Loretta A. Preska
August 11, 2021
Page 3

2277.  The deadline for pre-trial motions subsequently set by the Court, as extended at the request of Donziger's counsel, was February 27, 2020.  *See* Dkt. 59 (Feb. 25, 2020 Memo Endorsement).  But it was not until trial had commenced that Donziger saw fit to assert his Appointments Clause argument.  *See* Dkt. 302.  As such, in line with prevailing Second Circuit authority, Donziger's challenge was indeed untimely under the Federal Rules of Criminal Procedure.  *United States v. O'Brien*, 926 F.3d 57, 83 (2d Cir. 2019) ("If a motion falling within Rule 12(b)(3) is not made before trial (or before such pretrial deadline as may be set by the court for such motions), it is 'untimely.'").  Donziger's attempt to rely on *Lucia*, which presents the question of exhaustion of administrative remedies and an appeal to the administrative agency that could review the propriety of the appointment of an adjudicator, is unavailing in this context because that matter was not subject to the Federal Rules of Criminal Procedure, and the Special Prosecutors did not "adjudicate" Donziger's case.  *See* 138 S. Ct. 2044, 2048 ("'[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer *who adjudicates his case*' is entitled to relief'") (emphasis added) (citing *Ryder v. United States*, 515 U.S. 177, 182 (1995)).  Nor does Donziger's citation to *Ryder v. United States* provide support to his timeliness argument, because that case again involved a challenge to the composition of the Coast Guard Court of Military Review (CGCMR).  *See* 515 U.S. 177, 182.  Here, Donziger is not challenging the appointment of an adjudicator in an administrative process but the appointment of Special Prosecutors.  Such challenge could have been made at any time following the Special Prosecutors' appointment, on review to the Court, but Donziger strategically chose not to do so until the first day of trial.

Donziger's challenge to the Court's ruling at trial is likewise meritless.  The slender reed on which Donziger bases his claim is an out-of-court statement in a May 7, 2021 email from John P. Carlin to an attorney for Donziger, William Taylor, which was then forwarded from Mr. Taylor to Donziger, and then from Donziger to his counsel in this case (with a subject line reading "DOJ declination to intervene").  The email from Carlin to Taylor states "The Department has received your letters in the Donziger matter.  Having reviewed the letters, the Department declines to intervene in the federal-court initiated contempt proceedings."  *See* Dkt. 303-1.  Judge Preska noted the "'double hearsay' problem" with the email and found, "[c]ontrary to Mr. Donziger's counsel's representation, that email <u>does not state</u> that the DOJ refused to exercise any authority over the Special Prosecutors or that it could not do so."  Dkt. 346 at 133 (emphasis in original).  Indeed, the Court found "it evident that the Special Prosecutors can be supervised, in the constitutional sense, by the Attorney General." *Id.* at 142; *see also id.* at 148 ("In the Appointments Clause context, the standard is "cannot," not "did not."  As set forth above, Rule 42 does not, in any way, limit the Attorney General's discretion to review the Special Prosecutors' decisions or remove them from their posts.").  As such, the Court's decision refutes the defense contention – regardless of the hearsay nature of the email – by explaining that the communication does not establish as a factual matter that DOJ would be unable to supervise the Special Prosecutors.  *See id.*

As the defense well knows, the Special Prosecutors have worked closely with DOJ personnel in this matter, i.e., agents from the Federal Bureau of Investigation ("FBI").  FBI agents participated in witness interviews and assisted with investigative steps.  The interview materials generated by the agents were provided to the defense as 3500 material.  Tellingly, Donziger's own attorney, William Taylor, well understood that the FBI was working with the

Hon. Loretta A. Preska
August 11, 2021
Page 4

Special Prosecutors, using that fact as a basis to request DOJ intervention into the prosecution. *See* Ex. 1 (April 19, 2021 Letter from W. Taylor to J. Carlin) ("[T]he court-appointed special prosecutor has been deploying Department of Justice personnel, specifically Federal Bureau of Investigation agents, to investigate the criminal contempt charges and support the prosecution team.").[1]  When Mr. Taylor wrote to John Carlin to supplement his April 2, 2021 letter, Mr. Taylor specifically cited to the fact that the FBI was working with the Special Prosecutors.

      Nothing in Donziger's latest motion casts the slightest doubt on the Court's factual findings or responds to the core purpose of a Rule 33 motion, whether there is any "real concern that an innocent person may have been convicted."  *United States v. Aguiar*, 737 F.3d 251, 264 (2d Cir. 2013) (quoting *Ferguson*, 246 F.3d at 134).  There are no such concerns here.  Donziger's motion should be denied.

                                    Sincerely,

                                      *s/Rita M. Glavin*
                                      Rita M. Glavin

                                      *Special Prosecutor on behalf*
                                      *of the United States*

---

[1] Although Mr. Taylor's second letter was mentioned in the defense motion for a new trial (*see* Dkt. 351 at 3), the April 19, 2021 letter was not included as part of that motion or Donziger's May 10, 2021 motion to dismiss.  The May 7, 2021 email from Mr. Carlin states that DOJ declined to intervene after "[h]aving reviewed your *letters*." *See* Dkt. 303-1 (emphasis added).