

Martin Garbus, Esq.
MGarbus@offitkurman.com

August 12, 2021

**VIA ECF**

Honorable Loretta Preska
United States District Judge
Daniel Patrick Moynihan
U.S. Courthouse 500 Pearl Street
New York, New York 10007

RE: *Chevron v. Donziger*, Case No. 19 Cr. 561 (LAP)

Dear Judge Preska:

     I write to request that you order limited discovery made necessary by the Special Prosecutor's response to Mr. Donziger's motion for a new trial. Dkt. 355.

     I recognize that Your Honor has previously denied discovery requests related to whether the Special Prosecutor has been under the supervision and direction of a principal officer in the Executive Branch. Two things have changed. First, the Court has accepted Mr. Donziger's position that the Special Prosecutor is wielding Article II executive authority, not Article III judicial power, and has rejected the Special Prosecutor's position that the constitutional requirement of principal officer supervision and direction is inapplicable to her. Second, the Special Prosecutor's response introduces the question whether the deployment of FBI agents to assist the prosecution is evidence of principal officer supervision and direction. The Special Prosecutor recognizes that the deployment of FBI agents confirms that the Special Prosecutor was acting as an officer in the executive branch. That likely explains why the Special Prosecutor did not refer to the deployment of FBI agents in her earlier argument that *Arthrex* and prior decisions were inapplicable to her as a judicial appointee. However, the Special Prosecutor does not claim in her response to the Rule 33 motion that the deployment of FBI agents was requested of, or was approved by, any principal officer exercising supervision and direction over the Special Prosecutor.

    Mr. Donziger therefore requests that the Court order the Special Prosecutor to respond to the following discovery requests by Monday, August 15, 2021, so that Mr. Donziger can incorporate the information into his reply in support of the new trial motion by the previously-agreed date of August 21.

- To whom did you make the request for the assistance of FBI agents in the prosecution of Mr. Donziger.



- Who authorized the deployment of FBI agents to assist in the prosecution of Mr. Donziger, and by what authority?
- Provide all written communications seeking or authorizing the deployment of FBI agents to the prosecution of Mr. Donziger and all writings memorializing oral communications seeking or authorizing such deployment.
- Provide all reports or writings addressed to a principal officer supervising and directing the prosecution of Mr. Donziger regarding the time commitment, performance or cost of the deployment of FBI agents to this prosecution.

The Court can, of course, treat the Special Prosecutor's response as an admission that the FBI agents were not deployed under the authority of a principal officer exercising supervision and direction over the Special Prosecutor.  If such authority had been exercised, the Special Prosecutor surely would have disclosed such evidence in her response, rather than attempting to eke an inference of supervision and direction from a letter by Mr. Donziger's counsel pointing out that supervision and direction is required but absent. If the Court does not treat the response as an admission, it should order the limited discovery requested.

                                              Respectfully submitted,

                                              _____/s/_____

                                              Martin Garbus