# ADKINS, KELSTON & ZAVEZ, P.C.

TELEPHONE  
617-367-1040

ATTORNEYS AT LAW  
90 Canal Street, Suite 120  
Boston, MA 02114

WEBSITE  
www.akzlaw.com

E-MAIL  
jadkins@akzlaw.com

September 17, 2021

*VIA ECF FILING*

Hon. Loretta A. Preska  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, N.Y. 10007

Re: United States v. Donziger, No. 19-cr-561 (LAP), 11-civ-691 (LAK)

Dear Judge Preska:

It is not generally known that Steven Donziger has contributed to the provision of over one-hundred-thousand hours of free legal services to the poor and underrepresented in the United States annually due to his instrumental role in advocating successfully for expanded pro bono graduation requirements in our nation's law schools. This highly impactful contribution to the legal profession and intent to better society is reflective of who Steven is at his core and what motivates him. I respectfully urge you to give this and Steven's other substantial public interest work great weight in his favor during his sentencing proceedings, and release him for time served following his lengthy pre-trial and post-conviction home confinement.

I write as a lawyer who has practiced law on behalf of consumers in state and federal courts around the country since graduating from Harvard Law School 30 years ago. I am the founder and former executive director of the Center for Insurance Research and afterwards a founding member of this law firm. For the past decade, I have also had the honor of serving as Chairperson of the Board of Public Citizen, a prominent nonprofit organization founded by Ralph Nader that advocates for consumers' rights nationally through litigation, legislation, public policy and grassroots initiatives.

Steven and I were at Harvard Law School together (Class of 1991), during which time he led the effort with me and other law students from around the country to form Law Students for Pro Bono, a national campaign involving organizing students from roughly 100 of 175 law schools with the goal of expanding access to the courts – and lawyer capacity to serve the underrepresented – through enactment of mandatory pro bono requirements at law schools nationwide.[1] The goal was to train the nation's law students in the practical aspects of serving the underrepresented, to instill in them the custom of providing pro bono legal services, and in

---

[1] See, e.g., Granfield, Robert, ed., Mather, Lynn, ed., Private Lawyers and the Public Interest: the Evolving Role of Pro Bono in the Legal Profession, Oxford U. Press (2009) at 39.

## ADKINS, KELSTON & ZAVEZ, P.C.

Hon. Loretta A. Preska
September 15, 2021
Page 2

the process to provide potentially millions of hours of free legal work to the elderly, disabled, minors, poor and other vastly underserved populations.[2]

The year was 1990 when concerns about the gross inequities in accessing courts were ascendant, and the public perception of the legal profession was in decline.[3] Steven had recently met John Kramer, then dean of Tulane Law School, who had boldly adopted the nation's first graduation requirement of 20 hours of law-related public service a few years earlier. See Adcock, C.F. at 569. Steven then proposed the idea that we students advocate for a pro bono requirement at Harvard and so began our campaign to that end, ultimately successful years later.

Over the summer of 1990, we expanded our objectives to national adoption and met with Michael Caudell-Feagan, head of the National Association of Public Interest Law (now Equal Justice Works) who as a result embraced the idea of organizing nationally and devoted resources to achieve the curricular reform. During this time, Steven helped lead a myriad of initiatives, including persuading the ABA Law Student Division to support mandatory pro bono graduation requirements, and later the ABA Young Lawyer's Division to urge the ABA to encourage such requirements at law schools. Steven also edited and co-wrote our student manual for organizing pro bono law school campaigns, which formed the basis for NAPIL and student chapter organizing.

This union of Law Students for Pro Bono and NAPIL accelerated pro bono reforms nationally. Due in no small part to Steven's tireless efforts and creative thinking, at least 35 law schools now require 20 to 60 hours of pro bono service to graduate.[4] Thousands of law students are better for it, as are the thousands of clients they have undertaken to represent pro bono. That is an impressive record for anyone, and merits consideration by this Court in its sentencing deliberations.

Finally, I know this Court will hear from many people who know Steven and can talk about his persistent, lifelong concern for and work on behalf of disadvantaged communities and people and his commitment to the rule of law. Having known Steven for over 30 years, I can affirm these values are at his very core.

---

[2] In service of a long tradition to "improve legal education in the United States, with objectives in the field of practical training and public service." See Adcock, Cynthia F., Beyond Externships and Clinics: Integrating Access to Justice Education into the Curriculum, Journal of Leg. Educ., Vol. 62, No. 4 (May 2013), pp. 566-575, at 567 (quoting John Bradway, dean of Duke University School of Law, in 1939).

[3] See, e.g., Chaifetz, Jill, The Value of Public Service: A Model for Instilling a Pro Bono Ethic in Law School, Stanford Law Rev., 45, No. 6 (July, 1993) at 1697 (citing a study by NAPIL that fewer than 20 percent of poor people's legal needs are adequately met, and under 20 percent of attorneys participate in pro bono programs).

[4] See, e.g., Schwartz, Michael H., Pro Bono Service: How Common are Mandatory Requirements?, https://www.whatgreatlawschoolsdo.com/2018/08/pro-bono-service-common-mandatory-requirements/ (8/14/2018).

## ADKINS, KELSTON & ZAVEZ, P.C.

Hon. Loretta A. Preska
September 15, 2021
Page 3

    The last two years of home detention have been extremely difficult for Steven and his family, whom I know well. All things considered, I beseech the court to recognize that a sentence of time served is merited and is just in this case.

    Thank you for your consideration.

Respectfully submitted,

/s/ *Jason B. Adkins*

Jason B. Adkins

**Frank M. Conner III**
412 Prince Street
Alexandria, Virginia  22314

September 14, 2021

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: United States v. Donziger, No. 19-cr-561 (LAP), 11-civ-691 (LAK)

Dear Judge Preska:

    I write in connection with the pending sentencing of Steven R. Donziger. My motivation in writing stems from my personal friendship with him and my deep interest in seeing that justice and fairness are achieved in this case.

    I have been a practicing lawyer for 40 years, most all of which have been with major law firms in Washington, D.C., have served on the boards of numerous legal and community organizations dedicated to achieving justice and fairness, have served as chairman of the board of one the great public universities in this country, and serve on the board of the largest democracy organization in the world dedicated to promoting democracy in the 65 countries in which we work. I share this solely for the purpose of demonstrating my genuine concern about ensuring fairness in treatment and opportunity in our country and beyond.  And that begins with ensuring that the rule of law is applied consistently and appropriately.

    I have known Steven and his family for well over 30 years. I know his passion, his concern for others, his kindness, his integrity, his perseverance when others would have surrendered, his effectiveness for advocating for those who cannot advocate for themselves, and his commitment to the rule of law and it's fair application and availability for all. I know Steven. And I know that we need many more like him in our world and in the legal community.

    For years I have followed Steven's effort to defend the interests of the indigenous people of Ecuador. And I am generally familiar with the many twists and turns of that litigation. And I am also intimately familiar with the historically unprecedented incarceration of Steven for over 750 days in a small New York apartment on the basis that he is a flight risk. Even acknowledging that reasonable people can differ there are so many aspects of his journey in this litigation that seem so far beyond the pale of fairness. But sentencing him to additional days in prison would not at all be consistent with upholding the rule of law that all of us as officers of the court pledge upon acceptance to this profession. Indeed, it would be a travesty for what the judiciary is designed to promote. I hope and urge you to sentence Steven for time already served.

    Thank you for your consideration.

                                                           Sincerely,

                                                           Frank M. Conner III



Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Scott S. Markowitz, Partner
Email: smarkowitz@tarterkrinsky.com
Phone: (212) 216-8005

September 14, 2021

**-VIA ECF-**

Honorable Loretta A. Preska
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Donziger*, No. 19-cr- 561 (LAP)

Dear Judge Preska:

I am an attorney practicing in Manhattan since 1989. I am a partner in the law firm of Tarter Krinsky & Drogin LLP and the chairman of our firm's bankruptcy group. I have attended various bankruptcy functions where you have spoken including a toast you made to Chief Bankruptcy Judge Morris. I am writing to you concerning the upcoming sentencing of Steven Donziger.

I have known Steven for over forty years as we both grew up in the Jewish community in Jacksonville, Florida. By happenstance, we both ended up in New York City. Steven grew up in a socially active family environment. His mother was always involved in numerous civil rights causes in Jacksonville. As a teenager, Steven was already fighting for the rights of the less fortunate and the underrepresented. I have always known Steven to be of the utmost integrity and his word is his bond. I do not pretend to know all the intricacies of Steven's current predicament. I only know Steven is an honorable person and is anxious to move on with his life and attempt to support his family who have suffered greatly from Steven's ordeal.

September 14, 2021
Honorable Loretta A. Preska
Page 2 of 2

    I have personally witnessed Steven's strength and continued commitment to representing the less privileged and the underrepresented. I am hopeful and confident he will continue to assist the less fortunate as all lawyers have that obligation, but some take it more seriously than others. He has handled his home confinement (which I understand is unprecedented) with grace and dignity. I am hopeful that Your Honor will consider all of Steven's positive attributes and sentence him to time-served.

    Thank you for your consideration.

Respectfully submitted,

/s/ Scott S. Markowitz

Scott S. Markowitz

SSM/js

{Client/086421/1/02483965.DOCX;1 }

LAW OFFICES
**KEKER VAN NEST & PETERS**
LLP

633 BATTERY STREET
SAN FRANCISCO, CA. 94111-1809
TELEPHONE (415) 391-5400
FAX (415) 397-7188

JOHN W. KEKER
jkeker@kvn.com

September 16, 2021

Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   Steven Donziger

Dear Judge Preska:

I am writing in support of Steven Donziger, whom I understand faces sentencing in your Court on October 1. I understand that by October 1 Mr. Donziger will have spent over two years on home confinement in connection with a misdemeanor contempt charge. I write to urge that Mr. Donziger be sentenced to time served.

By way of background, I am a 1965 graduate of Princeton University. I served as a U.S. Marine Corps Platoon leader in Vietnam. After graduating from from Yale Law School in 1970 I served as a law clerk to Chief Justice Earl Warren. I started my career as a federal public defender, and in 1978 founded the law firm of Keker & Brockett, now known as Keker, Van Nest & Peters LLP, a 100 lawyer litigation firm in San Francisco that handles complex civil, intellectual property, and criminal cases. I also served as a federal prosecutor for the Office of Independent Counsel and led the investigation and 1989 trial of former National Security Council Officer Oliver North.

I met Steven Donziger ten years ago, in early 2011, when he hired my firm to represent him in a civil RICO action that Chevron brought against him in the Southern District of New York. I worked closely with Steven over the ensuing two years, defending him against a blistering legal attack by Chevron. It was truly "scorched earth" litigation. Chevron had over 100 lawyers at Gibson Dunn plus lawyers at 60 other firms working on the case against Steven. During the time I was representing Steven, Chevron served more than 10,000 pages of pleadings per month, and filed four massive summary judgment motions. The trial judge, Judge Kaplan, was biased against Steven from the start, and entered rulings against him that made it effectively impossible for him to defend himself. In my 50 years of trial work I have never seen such an effort to crush an individual's career, finances, reputation, and soul.

Throughout this relentless, exhausting, and in my opinion unfair litigation, as I worked with Steven he always conducted himself ethically and professionally, and with dignity. In his

Hon. Loretta A. Preska
September 16, 2021
Page 2

dealings with me he has always been honest and respectful. I have also been impressed with his continued support of the Ecuadoran natives whose cause he has championed for years—even as he has had to endure litigation and professional attacks against him.

As this Court considers what sentence is "sufficient, but not greater than necessary" in this matter, I urge the Court to conclude that the over two years of home confinement already served by Mr. Donziger is punishment enough.

Very truly yours,

JOHN W. KEKER

JWK:jnl

1747921.v1



**SMYSER KAPLAN & VESELKA, L.L.P.**
717 TEXAS AVENUE · SUITE 2800 · HOUSTON, TEXAS 77002-2761
TELEPHONE 713.221.2300 · WWW.SKV.COM

Direct Dial Number:
(713) 221-2330

Author's E-mail Address:
csmyser@skv.com

September 16, 2021

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re;    Steve Donziger

Dear Judge Preska,

I write as a lawyer who worked with Steven on the Ecuador case and has known him for the better part of a decade. For more than two years beginning in 2011, my law firm, Smyser Kaplan Veselka, LLP, represented the indigenous indian populations who were Defendants in the lawsuit brought against them by Chevron in the United States District Court for the Southern District of New York and who Steven represented as Plaintiffs in the lawsuit brought in Ecuador against Chevron. I am a former partner of Vinson & Elkins and member of the American Law Institute. I currently serve as chair of the Attorney Admissions Committee for the United States District Court for the Southern District of Texas and have served on the State Bar of Texas District Disciplinary Committee.

During my time on the case, Steven worked tirelessly to advance the interests of my and his clients. On many occasions every year, he journeyed to Lago Agrio – sour lake, so named after the Sour Lake oilfield in Southeast Texas, famous location of the Spindletop gusher and known as the birthplace of the former Texaco oil company which was Chevron's predecessor driller in the Lago Agrio area – in Ecuador to meet with the clients and their leaders where they lived. Through these interactions and interactions with the indigenous people's lawyers, it was apparent that Steven did not control the decisions made in the case, that my clients and their Ecuadorian lawyers were at least equal partners in determining how the case would proceed. Indeed, a significant part of Steven's role in the case came from his efforts to raise money to enable my clients to pay their Ecuadorian lawyers and U.S. lawyers like my law firm and to journey to New York City to testify and observe the

1137979.1

Honorable Loretta A. Preska
September 16, 2021
Page 2

proceedings. Indeed, those fund-raising activities on behalf of his clients made it possible to bring their plight to the attention of the larger world. Ironically, it appears that those same efforts hardened the stance of an implacable foe.

Regardless, during my time working on the case, Steven only exhibited the commendable zeal of an advocate dedicated to his clients. No matter how dim the prospects seemed, he did not give up his efforts, a dedication my clients valued and cheered. Now Steven has been convicted of a misdemeanor criminal contempt for, among other things, failing to turn over electronic devices as ordered, and faces sentencing for that conviction.

Although I am naturally saddened and disappointed in his conviction, I write not to address his conviction but to ask that you limit his sentence to his time served – nearly two years -- under house arrest. On one occasion when I and my son, who was then clerking on the U.S. Court of Appeals for the Second Circuit in New York City, sought to meet Steven for a drink, a custom we had observed over the years after my firm left the case, we learned we could not as he was confined to his apartment. Steven is and was devoted to his wife and son. Having eaten dinner and visited with them on several occasions, I have witnessed their interactions in a way that convince me that incarcerating Steven will not only penalize him beyond time already served but also injure his family – innocent bystanders. Having lost his license to practice law in New York, he has been punished enough. Let him resume his already greatly reduced life in peace.

Thank you for your consideration of this plea on behalf of my friend, Steven Donziger.

Sincerely,

Craig Smyser

CS:ea

1137979.1