# LAW OFFICE OF RONALD L. KUBY

ATTORNEYS AT LAW
119 WEST 23ᴿᴰ STREET, SUITE 900
NEW YORK, NEW YORK 10011

TELEPHONE: (212) 529-0223
FAX: (212) 529-0644
WWW.KUBYLAW.COM

RONALD L. KUBY
RHIYA TRIVEDI

OF COUNSEL
GEORGE WACHTEL
LEAH BUSBY

STAFF
SUSAN BAILEY

PROCESS SERVER
LUIS R. AYALA 1952-2012

September 30, 2021

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY  10007
Via ECF

Re: United States v. Donziger, No. 19-cr-561 (LAP), 11-civ-691 (LAK)

Dear Judge Preska:

    I write to apprise the Court of a recent legal decision by the United Nations Working Group on Arbitrary Detention (WGAD or Working Group), filed herewith.  The Working Group is a high-level UN body of five respected international jurists and human rights experts appointed by the UN Human Rights Council, a body where the United States government has had representation in the past and is currently seeking a seat via an election process.

    As context, the Working Group is one of the most storied and essential bodies in the UN system designed to protect international human rights norms. It relies on foundational international law documents such as the Universal Declaration of Human Rights and legally-binding treaties such as the International Covenant of Civil and Political Rights (ICCPR), which the United States ratified in 1992. The Working Group has been addressing claims of arbitrary detention around the world for over 30 years. Undersigned counsel understands that a group of international lawyers submitted a petition to the Working Group earlier this year

1

seeking a ruling on the legality of Mr. Donziger's pre-trial home detention in this case.

The Working Group reviewed these proceedings under the standards of international human rights law, including the legally-binding fair trial provisions of the aforementioned ICCPR. After a detailed analysis, the Working Group concluded that this Court's extended pre-trial detention of Mr. Donziger is "arbitrary" under international human rights standards and therefore unlawful. The Working Group found "very serious" violations of articles 2, 9, 10, 11, 14, and 26 of the ICCPR, as well as "appalling" violations of the UN Basic Principles on the Role of Lawyers. The Working Group concluded that the remedy required by international law at this point in time is "to release Mr. Steven Donziger immediately and accord him an enforceable right to compensation and other reparations." The Working Group also requests that the U.S. government "ensure a full and independent investigation of the circumstances surrounding the [case]" and engage in specified follow-up procedures.

Mr. Donziger and a range of other observers have long warned the Court that this deeply problematic, corporate-driven prosecution by a private Chevron law firm and Mr. Donziger's extended unlawful detention present a grave threat to the integrity of the federal court system and the reputation of the United States generally on the world stage.[1] I remind the Court again that no lawyer in U.S. history other than Mr. Donziger ever has been prosecuted by a private law firm with ties to the corporation against which the defendant won a civil judgement; no lawyer other than Mr. Donziger ever has been detained prior to trial for a misdemeanor; and no lawyer ever has been sentenced to even a day in jail for the level of offense in this case.

While much damage already has been done to Mr. Donziger and his family as a result of the violations found by the five international jurists, the human rights situation involving Mr. Donziger will worsen dramatically if at sentencing this Court extends or adds additional punitive measures to what sophisticated international lawyers already recognize as a disturbing abuse of judicial power. We

---

[1] *See, e.g.*, Hons. Nancy Gertner and Mark Bennett, *Criminal Contempt Charges In Donziger Case Are Excessive*, Law360, July 13, 2020, at https://bit.ly/3ur0dA8 (noting concern about "negative international attention to our legal system"); Joint Statement of Amnesty International, Global Witness, et al., *Misuse of the justice system against human rights lawyer who sued Chevron must end*, May 6, 2021, at https://www.amnesty.org/en/documents/amr51/4090/2021/en/.

urge the Court to consider the important guidance of this new decision from the United Nations prior to making its decision regarding sentencing.

Respectfully submitted,

Ronald L. Kuby