# GLAVIN PLLC
2585 Broadway #211
New York, New York 10025
646-693-5505

January 20, 2022

**VIA ECF**
Honorable Loretta A. Preska
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>United States v. Donziger</u>, 19 Cr. 561 (LAP); [11 Civ. 691 (LAK)]

Dear Judge Preska:

    I write in response to the defense counsel's January 19, 2022 letter regarding this Court's July 22, 2020 order (Dkt. 108) directing the special prosecutors to disclose certain information for "each *paid* invoice" in this matter. *Id.* at 3 (emphasis added).

    Contrary to defense counsel's claim, the special prosecutors disclosed to the defense the paid invoices for services performed during the period January 2021 through March 2021. Those invoices were sent to defense counsel (Mr. Kuby, Mr. Garbus, and Ms. Trivedi) via email on June 29, 2021.

    There are two additional paid invoices that we provided to the defense today. Accordingly, pursuant to this Court's December 9, 2020 Order (Dkt. 220) denying a similar defense request made on November 24, 2020, "nothing more is required." We will continue to provide the defense with paid invoices as directed by the Court.

    Finally, I note that the costs of this prosecution were driven much higher due to: Mr. Donziger's repeated requests for trial adjournments, which necessitated the prosecutors having to prep and then re-prep for trial numerous times; and Mr. Donziger's repeated motions for relief that had previously been denied. As the Court observed at Mr. Donziger's sentencing:

> Now a word about the costs incurred litigating this case. In his sentencing submission, Mr. Donziger refers to the taxpayer funds that have been expended relating to this prosecution. The Court observes that those costs were almost surely driven higher by Mr. Donziger's filing repetitive motions, seeking relief that the Court had already denied. For a non-exhaustive list of examples, Mr. Donziger has filed no fewer than five motions to dismiss the charges, three motions to disqualify the special prosecutors, five motions to recuse the Court, five motions seeking vast swaths of

>discovery to which he has no legal entitlement, and six motions seeking the elimination of the conditions of his pretrial release. Repeatedly, and in flagrant contravention of Local Civil Rule 6.3, those motions asserted contentions that the Court had already rejected, many of them more than once. Yet those repetitive motions necessitated responses from the special prosecutors, replies from Mr. Donziger, and the expenditure of court resources.

Oct. 1, 2021 Sentencing Tr. at 43-44.

Respectfully submitted,

_____/s/_____
Rita M. Glavin

*Special Prosecutor on behalf of the United States*